IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL | : |
| Plaintiff, | : |
| v. | : C.A. No: |
| LYDIA ADAIR MCFADDEN | : Jury Trial Demanded |
| and | : |
| CHRISTIANA CARE HEALTH SERVICES, INC., | : |
| Defendants. | : |

## COMPLAINT

This is a personal injury action brought by Kimbra Criswell against Defendants Lydia McFadden and Chrisitiana Care Health Services as a result of the negligence of the Defendants on May 23, 2002.

### PARTIES

1. Plaintiff, Kimbra Criswell, (hereinafter "Plaintiff") is an adult individual, residing at 2109 East Whalla Lane, Phoenix, Arizona 85024.

2. Defendant Lydia Adair McFadden (hereinafter "McFadden"), is an adult individual residing at 33 Cobblestone Court, in Northeast, Maryland.

3. Defendant Christiana Care Health Services, Inc. (hereinafter "Christiana"), is a corporation of the State of Delaware, with its principal place of business in New Castle County Delaware. Its registered agent for service of process is The Medical Center of Delaware, Inc., 501 West 14th Street, Wilmington, DE 19899.

4. At all times relevant and material hereto, the Plaintiff was employed by

Aureus Medical (hereinafter "Aureus"), working as an x-ray technician at Defendant Christiana.

5. At all times relevant and material hereto, Defendant McFadden was an employee, servant, workman, representative and/ or agent of Defendant Christiana, and was acting within the scope and course of said employment and/ or agency.

6. At all times material and relevant hereto, Defendant Christiana, was acting through their agents, servants, employees, workmen, and/ or representatives, said agents, servants, employees, workmen and representatives acting within the course and scope of their employment and/ or agency.

## JURISDICTION AND VENUE

7. This court has jurisdiction of this case pursuant to 28 U.S.C. §1332, because this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the accident giving rise to the claim occurred in this jurisdiction.

## THE FACTS

9. On or about May 23, 2002, at or around 9:30 am, the Plaintiff was present in the hallway of the operating room, on the second floor of Defendant Christiana when, suddenly and without warning, Defendant McFadden, negligently, recklessly, carelessly and improperly caused certain portable X-ray machine (hereinafter "Machine") to be moved forward, causing said machine to come into contact with the Plaintiff's body, thereby causing the Plaintiff to suffer sever and grievous injuries.

10. At all times relevant and material hereto, said Machine was owned, operated, maintained, leased and/ or controlled by Defendant Christiana.

11. This accident resulted solely from the negligence and carelessness of the Defendants, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

12. As a direct and proximate result of this accident, the Plaintiff, suffered injuries to her left leg and foot, which may be or are serious and permanent, including, but not limited to left Achilles tendon rupture, Achilles tendonitis, Achilles tendonosis, and abnormal gate, requiring hospitalization.

13. As a direct, proximate and foreseeable result of said injuries, the Plaintiff has developed various medical conditions, including but not limited to ostopenia and permanent reflex sympathetic dystrophy (hereinafter "RSD"), which resulted in softening and demineralization of bones in the Plaintiff's left foot, thereby making said bones easily breakable.

14. In November of 2002, the Plaintiff made a step from a normal-size curb which resulted in injuries, which may be or are serious and permanent, including, but not limited to a fracture in the fourth metatarsal of the Plaintiffs' left foot, requiring hospitalization.

15. Said fracture was a direct, proximate and foreseeable result of said RSD condition and RSD-related softening and demineralization of bones and said fracture could not have occurred but for said RSD condition and RSD-related softening and demineralization of bones.

16. Said achilles tendon rupture, RSD and fracture did not result from any intervening or superceding causes and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

17. At all times relevant and material hereto, the Plaintiff timely obtained

adequate medical assistance and fully complied with all prescribed medical treatments.

18. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has incurred expenses for the treatment of her injuries, has been disabled and not able to perform her usual functions, and has been caused great pain and suffering, to her great loss and damage.

19. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care.

20. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has suffered injuries, which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

21. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has or may suffer severe loss and impairment of her earning capacity and power.

22. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has been unable to attend to her daily chores, duties and occupations.

23. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has incurred other financial expenses or losses, which she may otherwise be entitled to recover.

24. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation and inconveniences, and loss of life's pleasures and she may continue to suffer the same for an indefinite period of time in the future.

## COUNT I
## PLAINTIFF v. DEFENDANT MCFADDEN

25.     The Plaintiff incorporates by reference thereto, paragraphs 1-24, inclusive, as though same were set forth herein at length.

26.     The negligence, carelessness and recklessness of Defendant McFadden, consisted of the following acts and omissions:

(a)     failure to properly move said Machine;

(b)     moving said Machine without proper lookout;

(c)     violation and/ or failure to comply with the appropriate procedures for moving of said Machine;

(d)     causing said Machine to come into contact with the Plaintiff's body;

(e)     failure to properly operate, control and move said Machine;

(f)     failure to act reasonably under the circumstances;

(g)     failure to act with the reasonable prudence and care of a reasonable person in the same or like circumstances;

(h)     operating, controlling and moving said Machine without due regard to the presence and safety of the Plaintiff;

(g)     violation and/ or failing to comply with laws, guidelines, codes, statutes, laws, regulations, standards, policies and ordinances that are applicable and in effect; and

(h)     being otherwise negligent and careless as may be determined through discovery and/ or trial of this case.

27. As a direct and proximate result of the negligence and carelessness of Defendant McFadden, the Plaintiff sustained serious and permanent injuries and other damages as described more fully above.

## COUNT II
## PLAINTIFF v. DEFENDANT CHRISTIANA

28. The Plaintiff incorporates by reference thereto, paragraphs 1-27, inclusive, as though same were set forth herein at length.

29. The negligence, carelessness and recklessness of Defendant Christiana, consisted of the following acts and omissions:

(a) negligently entrusting said Machine to Defendant, McFadden;

(b) failing to properly and adequately hire, supervise, train, instruct, and/ or regulate its agents, servants and employees, in particular, Defendant, McFadden;

(c) permitting an inexperienced and incompetent person to operate said Machine;

(d) failing to act with due care and regard for the position and safety of others, in particular, the Plaintiff;

(e) failing to control the acts and conduct of Defendant McFadden, its employee and/ or agent, and instead, acquiescing in said Defendant's negligence and carelessness;

(f) failing to provide a safe work environment;

(g) failing to properly and adequately maintain said Machine; and

(h) such other negligence acts and/or failures to act as may be discovered during the course of discovery in this action;

30.     As a direct and proximate result of the negligence and carelessness of Defendant Christiana, the Plaintiff sustained serious and permanent injuries and other damages as described more fully above.

## COUNT III
## PLAINTIFF v. DEFENDANT CHRISTIANA

31.     The Plaintiff incorporates by reference thereto, paragraphs 1-30, inclusive, as though same were set forth herein at length.

32.     The negligence and/or carelessness of Defendant Christiana's, agents, servants, workmen, drivers, employees, representatives, managers and/ or independent contractors, in particular, Defendant McFadden, which occurred within the course and scope of employment and/or agency with Defendant Christiana, is imputed to said Defendant and said Defendant is liable for same.

33.     As a direct and proximate result of the negligence and carelessness of Defendant Christiana, the Plaintiff sustained serious and permanent injuries and other damages as described more fully above.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and that she be awarded damages against Defendants, jointly and severally, including but not limited to compensatory damages, punitive damages, lost wages, medical bills for past and future treatment, attorneys' fees, costs and expenses, and such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted,

**RICHARD R. WIER, JR., P.A.**

_____
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
Rwier@Wierlaw.com

Of Counsel:
Michael T. van der Veen, Esq.
Nelson Levin, Esq.
Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 17044
(215)396-9001