# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KIMBRA CRISWELL,          )
        )
    Plaintiff,       )
   v.          )    C.A. No.  05-CV-00321 GMS
        )
LYDIA ADAIR MCFADDEN and CHRISTIANA )
CARE HEALTH SERVICES, INC.,   )    JURY TRIAL DEMANDED
        )
    Defendants.    )
        )

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS

Respectfully submitted,

**WHITE AND WILLIAMS  LLP**

*Natalie L. Palladino*

JOHN D. BALAGUER (#2537)
NATALIE L. PALLADINO (#3878)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 654-0424
*Attorneys for Defendants,*
*Lydia Adair McFadden and*
*Christiana Care Health Services, Inc.*

Dated:  August 12, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................... ii, iii, iv

STATEMENT OF NATURE AND STAGE OF PROCEEDING............................... 1

SUMMARY OF ARGUMENTS............................................................... 2

STATEMENT OF FACTS..................................................................... 3

ARGUMENTS................................................................................. 6

    I.      Standard of Review................................................................ 6

    II.    Plaintiff's Claims are Barred by the Applicable Statute of Limitations...... 7

    III.   Delaware's Savings Statute Does Not Apply Under the
            Circumstances of This Case ..............................................................8

          a.    Plaintiff Did Not "Duly Commence" the First Action Prior to
               Running of the Statute of Limitations.......................................9

          b.    Plaintiff's First Action Was Neither Abated Nor Dismissed for
               a Matter of Form... .......................................................11

          c.    Plaintiff's First Action Was Not Abated Nor Dismissed Through
               No Fault of Her Own.......................................................13

          d.    Plaintiff's First Action Was Not Abated Nor Dismissed Because of
               Excusable Oversight of Counsel............................................15

          e.    Application of the Savings Statute Will Result in Prejudice to the
               Defendants...................................................................18

CONCLUSION.................................................................................19

## TABLE OF AUTHORITIES

### CASES

Ayers v. Jacobs & Crumplar, P.A., 1996 WL 769331 (Del. Super Ct.)...............................14

Bennett v. Andree, 252 A.2d 100, 103 (Del. 1969)...................................................................9

Bros v. Wilkins, 134 A.2d 636, 638 (Del. Super. Ct. 1957)......................................................14

Conley v. Gibson, 355 U.S. 41, 45 (1957).............................................................................6

David B. Lilly Co., Inc. v. Fisher, 799 F.Supp. 1562, 1568 (D. Del. 1992)...........................7

Ellis v. Davis, 1998 WL 281053 (Del. Super Ct.)...............................................................9, 10

Empire Financial Services, Inc., 2001 WL 755936 (Del. Super Ct.).........................9, 17, 18

Erie Railroad Co. v. Tompkins, 304 U.S. 64,  58 S.Ct. 817, 82 L.Ed. 1188 (1938).................7

Gaspero v. Douglas, 1981 WL 10228 (Del. Super Ct.)........................................................9, 17

Gifford v. Spehr, 266 N.E.2d 657 (Mass. 1971)..................................................................12

Giles v. Rodolico, 140 A.2d 263 (Del. 1958)..............................................................8, 14, 15, 16

Gosnell v. Whetsel, 198 A.2d 924, 926-927 (Del. 1964)....................................................8, 11, 15

Heritage v. Bd. of Ed., DeLaWarr School Dist.,
   447 F.Supp. 1240, 1241, n. 2 (D. Del. 1978)..................................................................7, 12

Howmet Corp. v. City of Wilmington, 285 A.2d at 423, 427 (Del. Super Ct. 1971)...............11

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d. Cir. 1993)...............................................6

Leavy v. Saunders, 319 A.2d 44 (Del. Super Ct. 1974)........................................13, 15

Lockwood v. Levinson, 1988 WL 46615 (Del. Super Ct.)............................14, 15, 16, 17

Lum v. Bank of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004).......................................6

Middlebrook v. State, 802 A.2d 268, 277 (Del. 2002)..................................................18

See Mosley v. State, 582 A.2d 936 (Del. 1990)..........................................................8

Moyer v. Markel, 1989 WL 147472 (Del. Super Ct.)...................................................17

Neitzke v. Williams, 490 U.S. 319, 326 (1989)............................................................6

O'Donnell v. Nixon Uniform Service, Inc., 2003 WL 21203291 (Del. Super Ct.)...........8, 15

Osman v. Draskovich, 314 F.Supp. 1115 (D.C. Wis. 1970)............................................12

Pacific Ins. Co. v. Higgins, 1993 WL 133181 (Del. Ch. Ct.).........................................17

Pennsylvania ex. rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179 (3d. Cir. 1988)...........7

Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d. Cir. 1994).......................................6

Purnell v. Dodman, 311 A.2d 877, 879 (Del. Super. Ct. 1964)....................................8, 12

Quillen v. Knight, 1999 WL 33116503 (Del. Super Ct.)......................................8, 10, 14, 17

Radzewicz v. Neuberger, 490 A.2d, 588, 591 (Del. Super Ct. 1985)................................17

Russell v. Olmedo, 275 A.2d 249, 250 (Del. 1971)........................................................9

DOCS_DE 114651v1

Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,

181 F.3d 410, 426-27 (3d Cir. 1999)...................................................................6

Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc.,

140 F.3d 478, 483 (3d Cir. 1998)........................................................................6

Twyman v. Rice, 1988 WL 32002 (Del. Super Ct.)..............................................17

Vari v. Food Fair Stores, 205 A.2d 529, 530-31 (Del. 1964)...............................9

Williams v. West, 479 A.2d 1253, 1255 (Del. 1984)............................................9

Wilt v. Slack, 147 F.Supp. 700 (E.D.Pa. 1975)...................................................12

## STATUTES

10 Del. C. § 8119...............................................................................5, 7, 12

10 Del. C. § 8118...............................................................................5, 8, 12

## STATEMENT OF NATURE AND STAGE OF PROCEEDING

Plaintiff, Kimbra Criswell, filed this personal injury action on May 23, 2005.   In response, defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that all of plaintiff's claims against them are barred by the applicable statute of limitations. This is the Defendants' Opening Brief in Support of their Motion to Dismiss.

DOCS_DE 114651v1

## <u>SUMMARY OF ARGUMENTS</u>

1.     Plaintiff commenced this personal injury action three years from the date of her alleged injury.  Therefore, Delaware's two year statute of limitations for personal injury actions, 10 <u>Del. C</u>. §8119, bars all of plaintiff's claims against the defendants, and plaintiff's Complaint should be dismissed with prejudice.

2.     Delaware's Savings Statute, 10 <u>Del. C</u>. § 8118, is inapplicable under the circumstances of this case and should not be applied to extend the two year statute of limitations.

2

**STATEMENT OF FACTS**

On May 19, 2004, plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, alleging that defendant McFadden, an x-ray technician, and her employer, Christiana Hospital, negligently caused personal injury to plaintiff when a portable x-ray machine came into contact with her left leg and foot in the hallway of Christiana Hospital in Newark, Delaware. See First Complaint at ¶¶ 8 and 11 (Appendix Tab A1-A11). On June 11, 2004, in response to plaintiff's Complaint, defendants, McFadden and Christiana Care Health Services, Inc. ("CCHS"), the owner of Christiana Hospital, filed Preliminary Objections to Improper Personal Jurisdiction and Venue. See Preliminary Objections (Appendix Tab A12-A47).

Defendants filed the Preliminary Objections on the basis that Pennsylvania's "long-arm" statute, 42 Pa.C.S.A. § 5322, did not confer personal jurisdiction over the defendants because CCHS does not transact any business in the Commonwealth of Pennsylvania or have minimum contacts with Pennsylvania. Id. Further, there was no basis for jurisdiction over McFadden because she was not a resident of Pennsylvania, none of the conduct attributed to her in the Complaint occurred in Pennsylvania and her employment relationship/agency with CCHS could not be a basis for personal jurisdiction over her in Pennsylvania, since her employer, CCHS, was not subject to jurisdiction in Pennsylvania. Id. Defendants also argued that venue was not proper under Pa.R.C.P. 2179(a) because CCHS does not have a registered office in Philadelphia County, CCHS does not regularly conduct business in Philadelphia County, and the cause of action did not arise from events occurring in Philadelphia County. Id. With respect to McFadden, defendants argued that venue was improper under Pa.R.C.P. 1006(a) because

3

McFadden resides in Maryland and the cause of action against her arose from events that occurred in Newark, Delaware. Id.

On July 1, 2004, plaintiff filed a response to defendants' Preliminary Objections, indicating that discovery was needed to determine the nature of several legal entities that may have been associated with CCHS (Christiana Care Health System/Jefferson Health Alliance, LLC and Mid-Atlantic Health Plan) and that may have been conducting business in Philadelphia County at the time of plaintiff's alleged injuries. See Plaintiff's Response to Preliminary Objections (Appendix Tab A48-A91).

After allowing limited discovery and argument to the Court on these issues, on October 13, 2004, Judge Arnold L. New of the Court of Common Pleas, Philadelphia County, entered an Order granting defendants' Preliminary Objections and dismissing the case with prejudice. See Order (Appendix Tab A92). Pursuant to Pa.R.App.Proc. 903, plaintiff had thirty (30) days, until November 13, 2004, in which to appeal the Court of Common Pleas' Order to Superior Court. However, plaintiff chose not to appeal the Order. Plaintiff did not notify defendants, at any time following dismissal of the first action, of her intention to re-file the action in another forum.

On May 23, 2005, approximtately six months later, plaintiff re-filed an almost identical Complaint against defendants McFadden and CCHS in this Court. See Second Complaint [D.I. 1] (Appendix Tab A93-A100). Plaintiff's second Complaint alleges that defendant McFadden was negligent, careless and reckless in the manner in which she moved the x-ray machine (Count I); that CCHS was negligent, careless and reckless in hiring and training Ms. McFadden and in entrusting the x-ray machine to McFadden (Count II); and that CCHS is liable for the negligence of McFadden (Count III). Id. As a result of defendants' alleged negligence, plaintiff is claiming that she sustained personal injuries to her leg and foot. Id.

4

Since plaintiff initiated this personal injury action on May 23, 2005, exactly three years from the date of her alleged injury on May 23, 2002, plaintiff's claims are barred by Delaware's two year statute of limitations for personal injury actions, set forth in 10 <u>Del. C</u>. § 8119.  Further, Delaware's Savings Statute, 10 <u>Del. C</u>. § 8118, should not be applied to extend the statute of limitations under the circumstances of this case.

## ARGUMENTS

### I.    STANDARD OF REVIEW

The Court should grant a defendant's motion to dismiss if "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). In addition to considering the facts alleged in the complaint, the court may consider exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Lum v. Bank of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Previous court filings may be considered in a motion to dismiss, either as matters of public record or as materials integral to the allegations in the complaint. See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999).

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d. Cir. 1993). Therefore, when considering a motion to dismiss, the Court must accept as true all allegations in the complaint and must draw all reasonable inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d. Cir. 1994). However, the Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 1983. Dismissal of a complaint is appropriate when "it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). When the facts pleaded and the reasonable inferences drawn therefrom are

legally insufficient to support the relief sought, the Court may dismiss the complaint.  See Pennsylvania ex. rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179 (3d. Cir. 1988).


II.    **PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

A federal court sitting in diversity, must look to the law of the state in which is it is sitting to determine the applicable statute of limitations.  See David B. Lilly Co., Inc. v. Fisher, 799 F.Supp. 1562, 1568 (D. Del. 1992) (citations omitted); see also, Erie Railroad Co. v. Tompkins, 304 U.S. 64,  58 S.Ct. 817, 82 L.Ed. 1188 (1938).   Therefore, this Court must look to the law of Delaware.

The Delaware statute of limitations scheme is based upon the type of injury suffered rather than the type of action instituted.  Heritage v. Bd. of Ed., DeLaWarr School Dist., 447 F.Supp. 1240, 1241, n. 2 (D. Del. 1978).  In this case, plaintiff is alleging that she suffered personal injury to her left foot and ankle as a result of an accident at Christiana Hospital on May 23, 2002.  See Second Complaint [D.I. 1] at ¶12 (Appendix Tab A93-100).   Therefore, the applicable statute is 10 Del. C. § 8119[1], which establishes a two year statute of limitations for claims involving personal injuries.  Since plaintiff did not file this action until May 23, 2005, exactly three years after the alleged injuries, 10 Del. C. §8119 bars all of plaintiff's claims against the defendants, and plaintiff's Complaint should be dismissed with prejudice.

---

[1] 10 Del. C. § 8119 states: "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provision of § 8127 of this title."

7

## III.    DELAWARE'S SAVINGS STATUTE DOES NOT APPLY UNDER THE CIRCUMSTANCES OF THIS CASE

It is anticipated that plaintiff will rely on Delaware's Savings Statute, 10 Del. C. § 8118[2], as grounds for filing this action beyond the applicable two-year statute of limitations. However, for several reasons, discussed below, the Savings Statute does not apply under the facts of this case.

The Savings Statute allows a plaintiff one year to file a second cause of action following a final judgment adverse to plaintiff's position in the first action, so long as the conditions of the statute are met. Gosnell v. Whetsel, 198 A.2d 924, 926-927 (Del. 1964); see also, O'Donnell v. Nixon Uniform Service, Inc., 2003 WL 21203291 at *3 (Del. Super. Ct.) (Appendix Tab A101-A107). The purpose of the Savings Statute is to mitigate against the harshness of the defense of the statute of limitations raised against a plaintiff who, through no fault of his own, finds his cause technically barred by the lapse of time. Quillen v. Knight, 1999 WL 33116503 at * 2 (Del. Super. Ct.) (Appendix Tab A108-A110) (citing Giles v. Rodolico, 140 A.2d 263 (Del. 1958)). The statute is remedial in nature and should be liberally construed. Purnell v. Dodman, 311 A.2d 877, 879 (Del. Super. Ct. 1964). However, although the Savings Statute is entitled to a liberal construction, the Court cannot engraft new terms into the statute in order to prevent injustice. It is for the legislature, not the Court, to add additional terms to the statute. See Mosley v. State,

---

[2] Delaware's Saving Statute reads as follows:

(a) If in any action duly commenced within the time limited therefore in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.
(b) If in the original action, the benefit of this chapter is pleaded, and a verdict upon such defense is found for the plaintiff, such verdict shall be conclusive evidence that the original action was commenced within the time limited therefore.

8

582 A.2d 936 (Del. 1990) (indicating that the Court cannot unilaterally engraft new elements into statutes); <u>Williams v. West</u>, 479 A.2d 1253, 1255 (Del. 1984) (stating that if a statute causes or leads to an inequitable result, it is for the legislature, not the court, to correct the inequity); <u>Vari v. Food Fair Stores</u>, 205 A.2d 529, 530-31 (Del. 1964) (discussing the Savings Statute and stating that the Court cannot, under the guise of construction, create additions to or exceptions from the statute); <u>Bennett v. Andree</u>, 252 A.2d 100, 103 (Del. 1969) (same).

     a.     <u>**Plaintiff Did Not "Duly Commence" the First Action Prior to Running of the Statute of Limitations**</u>

The first requirement for a plaintiff seeking relief under the Savings Statute is that she must have duly commenced an action before the statute of limitations barred the action. <u>See Empire Financial Services, Inc.</u>, 2001 WL 755936 at * 1 (Del. Super Ct.) (Appendix Tab A111-A113) (citing <u>Gaspero v. Douglas</u>, 1981 WL 10228 at * 3 (Del. Super. Ct.)) (Appendix Tab A114-A116).  This Court has interpreted "duly" to mean "properly" or "upon a proper foundation, as distinguished from mere form." <u>Id.</u> (citing <u>Ellis v. Davis</u>, 1998 WL 281053 (Del. Super. Ct.)) (Appendix Tab A117-A121).

In <u>Ellis v. Davis</u>, for example, the Delaware Superior Court held that plaintiff had not "duly commenced" an action, for purposes of taking advantage of the savings statue, when he filed a lawsuit against a deceased person. <u>Ellis</u> at *3. The Court noted that although plaintiff's counsel may not have known that the potential defendant had died, discussions with defendant's insurer prior to filing of the suit should have, at a minimum, created a substantial likelihood in his mind that the potential defendant was deceased. <u>Id.</u> at *5. Therefore, plaintiff's counsel had a duty to confirm or dispel that strong suspicion prior to filing suit. <u>Id.</u>

9

Further, in order for the action to be "duly commenced" the plaintiff must diligently seek to bring the defendant into court and subject him to its jurisdiction. See Russell v. Olmedo, 275 A.2d 249, 250 (Del. 1971); see also, Quillen, 1999 WL 33116503. In Quillen, the Court held that the action was not "duly commenced" as required by the Savings Statute, where it was through plaintiff's negligence that the cause of action was improperly brought in the wrong state and service was never perfected. Quillen at *3. Plaintiff's initial action, filed in the United States District Court for the District of Massachusetts, was dismissed for lack of personal jurisdiction, insufficient service of process and improper venue, but the Court subsequently vacated its Order and transferred it to this Court. Id. at *1. Plaintiff never made any attempt to serve the defendant after the transfer. Id. at *2. Therefore, this Court held that the negligence was not excusable and because plaintiff did not diligently seek to bring the defendant before the bar of justice, the second action was not "duly commenced" as required by § 8118. Id.

For the same reasons that the plaintiff's failed to duly commence the actions in Ellis and Quillen, the plaintiff in the instant case did not duly commence her first action in Pennsylvania. First, plaintiff's counsel had a duty to investigate the relationship of defendants McFadden and CCHS to the forum in which plaintiff was intending to file the suit. If plaintiff's counsel had done so, he could have discovered that CCHS did not transact any business in the Commonwealth of Pennsylvania or have minimum contacts with Pennsylvania at the time of plaintiff's alleged injuries. Second, this failure to investigate demonstrates that plaintiff did not diligently seek to bring the defendants before the bar of justice. Therefore, plaintiff did not "duly commence" an action prior to running of the two year statute of limitations and she has not met the first requirement for application of the Delaware Savings Statute.

10

**b.** **Plaintiff's First Action Was Neither Abated Nor Dismissed For a Matter of Form**

If plaintiff can demonstrate that she duly commenced the first action in Pennsylvania, there are two instances under which § 8118(a) could apply in this case. First, if the writ in the duly commenced action was "abated." Second, if the writ in the duly commenced action was avoided or otherwise defeated for a matter of form. See Howmet Corp. v. City of Wilmington, 285 A.2d at 423, 427 (Del. Super Ct. 1971). As the Delaware Superior Court stated in Howmet, "[a]s a general rule, any informality, irregularity, or defect in the terms, form or structure of a writ or summons, or in the service or return of process, which is sufficient to render it invalid, is ground for abating the writ." Howmet, 285 A.2d at 426. Thus, a writ is "abated" within the meaning of the Savings Statute when it is effectively destroyed due to a fatal defect or irregularity in the terms, form or structure of the writ or by a defect in service or return of process. Id. The language "for any matter of form" in § 8118(a) qualifies the phrase "or the action otherwise avoided or defeated" and does not qualify or limit the language referring to abatement of the action. Gosnell at 927.

In this case, the first action was dismissed because the Court of Common Pleas of Philadelphia County did not have personal jurisdiction over the defendants and venue was improper. For purposes of the Savings Statute, when a suit is dismissed for lack of jurisdiction or venue, the writ is not "abated" within the meaning of the statute. Howmet at 426-427. Therefore, this Court must determine whether the first action in Pennsylvania was otherwise "avoided or defeated ....for [a] matter of form."

11

The Delaware courts have determined that actions dismissed for lack of jurisdiction or venue *may* fall within the meaning of the statute, as actions that were "avoided or defeated for any matter of form", thus, affording plaintiffs the statute's restorative effect.  See Howmet, 285 A.2d at 427; see also, Wilt v. Slack, 147 F.Supp. 700 (E.D.Pa. 1975) (interpreting Delaware's Savings Statute).  The Delaware courts have acknowledged that there is a split of authority, however, regarding whether cases that were dismissed for lack of jurisdiction may be renewed by a savings statute, especially with respect to cases involving improper personal jurisdiction. See Purnell v. Dodman, 311 A.2d 877, 879 (Del. Super. Ct. 1973) (citing 6 ALR 3rd 1043); see also, Gifford v. Spehr, 266 N.E.2d 657 (Mass. 1971) (plaintiff was denied the benefit of the Massachusetts renewal statute, which is identical to Delaware's statute, when the court held that compliance with the notice elements of its non-resident motorist statute was not a "matter of form"); Osman v. Draskovich, 314 F.Supp. 1115 (D.C. Wis. 1970) (denying benefit of renewal statute where plaintiff filed initial suit in Illinois, despite the fact that defendant lived in Wisconsin and accident occurred in Wisconsin, so that there was a "total lack of personal jurisdiction" of the Illinois court).  Further, while one of the purposes of the Savings Statute is to avoid penalizing a plaintiff who mistakenly brings suit in the wrong court because she thought that tribunal had the power to bring her justice, the plaintiff has a duty to attempt her suit in the most likely forum.  Howmet at 423 (citing B.U.L.Rev. 900, 903).

In the instant case, plaintiff's counsel chose to initiate the first action in the Court of Common Pleas for Philadelphia County despite the fact that he knew defendant McFadden lived in Maryland, defendant Christiana Hospital (CCHS) was a Delaware business or corporation, and the alleged accident took place at Christiana Hospital in Newark, Delaware.  See First Complaint (Appendix Tab A1-A11).  While plaintiff's counsel suspected that CCHS may have done

12

business in Philadelphia County, plaintiff should have recognized that the most appropriate forum under the circumstances was Delaware. Further, if there was any question regarding jurisdiction or venue, plaintiff could have filed concurrent actions in Pennsylvania and Delaware to preserve the statute of limitations.

The instant case is clearly distinguishable from cases where the plaintiff was mistaken about a fact critical to the determination of the appropriate jurisdiction, for example, where plaintiff thought that an accident on I-95 occurred in Pennsylvania rather than Delaware. See Leavy v. Saunders, 319 A.2d 44 (Del. Super Ct. 1974) (granting plaintiff relief under the Savings Statue). Plaintiff voluntarily and knowingly brought this suit in Pennsylvania, most likely on the basis that it would be a favorable or convenient forum for the plaintiff, who lived in Pennsylvania. Thus, she should not now be heard to complain, with hindsight, that she made a poor strategic or tactical decision regarding her chosen forum.

Plaintiff's inability to obtain personal jurisdiction over the defendants in Pennsylvania did not "abate" the action within the meaning of § 8118 because her writ was not destroyed due to a fatal defect or irregularity in the terms, form or structure of the writ, or by a defect in service or return of process. Nor was plaintiff's first action dismissed for a matter of form. Rather, plaintiff failed to file suit in the most appropriate forum, despite the fact that she was *not* mistaken about any of the facts material to choosing the appropriate forum, namely the state of residence of defendant McFadden, the state of incorporation and principal place of business of defendant CCHS, and the location where the alleged accident occurred. Under these circumstances, plaintiff should not be afforded protection under Delaware's Savings Statute.

**c.**       **Plaintiff's First Action Was Neither Abated Nor Dismissed Through No Fault of Her Own**

13

The main purpose of the Savings Statute is to mitigate against the harshness of the defense of the statute of limitations raised against a plaintiff who, *through no fault of his own*, finds his cause technically barred by the lapse of time. Quillen, 1999 WL 33116503 at * 2. (citing Giles, 140 A.2d at 263) (emphasis added). Section 8118 generally applies to defects caused by unavoidable accident or by the default or the negligence of some third party, usually the officer to whom service is entrusted. Ayers v. Jacob & Crumplar, P.A., 1996 WL 769331 at *5 (Del. Super. Ct.) (Appendix Tab A122-A125) (citing Giles, at 267; Bros v. Wilkins, 134 A.2d 636, 638 (Del. Super. Ct. 1957). For example, in Ayers, the Court held that the Savings Clause did not operate to save plaintiff's claims where the Court Clerk notified plaintiff that there was a defect in service and she failed to take any steps to correct the problem. Ayers at *6. The Court noted that the ineffective service was not the fault of anyone other than the plaintiff. Id. See also, Lockwood v. Levinson, 1988 WL 46615 at * 2 (Del.) (Appendix Tab A126-A127) (holding that Savings Statute did not apply where plaintiff's counsel failed to file an alias writ within the time specified under Superior Court Civil Rule 4(a)); cf. Giles, 140 A.2d 263, (holding that Savings Statute applied where plaintiff's counsel failed to file an alias praecipe at the appropriate time, but noting that the Court did not intend to make the Savings Statute a refuge for careless and negligent counsel).

In the instant case, the dismissal of plaintiff's first action was not caused by an unavoidable accident or the fault of a third party. Plaintiff, with the assistance of her counsel, filed the first action in a forum of their choosing, despite known facts that indicated it was not the most appropriate forum. Plaintiff should not be afforded the benefit of Delaware's Savings Statute when dismissal of the first action was due to "fault of her own" rather than "no fault of her own."

**d.**    **Plaintiff's First Action Was Neither Abated Nor Dismissed Because of Excusable Oversight of Counsel**

As stated above, Plaintiffs' counsel's decision to file the first suit in Pennsylvania does not fall within the terms of § 8118.  Plaintiff's writ in the Pennsylvania action did not "abate" under § 8118 because it was not effectively destroyed due to a fatal irregularity in the terms, form or structure of the writ, or by a defect in service or return of process.  Moreover, the Pennsylvania action was not avoided or defeated for a matter of form.  There is no allegation that plaintiff's counsel's failure to follow any procedural rules lead to the dismissal of the Pennsylvania action.   The court, therefore, does not need to balance plaintiff's counsel's carelessness against any potential prejudice to the defendants.  However, if the Court chooses to do so, it is defendants' contention that there was no "careless oversight" on the part of plaintiff's counsel in this case that would justify application of the Savings Statute.

Defendants acknowledge that one objective of the Savings Statute is to mitigate against the harshness of the statute of limitations defense when a party finds his cause of action barred because of "careless oversight" of counsel that would otherwise cause the party to be denied his day in Court.  Leavy, 319 A.2d at 47 (citing Giles and Gosnell).   However, the Delaware Supreme Court has stated that the Savings Statute was not intended to be "a refuge for careless and negligent counsel."  Giles, 140 A.2d at 267; see also, O'Donnell at * 4 ("[S]tatutes that permit the bringing of a new action after the limitations period…should not be used to insulate a plaintiff from …laches, negligence, or other similar faults.") (quoting 51 Am.Jur.2d Limitations of Actions § 274 (2000)).  The Court cannot engraft new terms into the statute in order to prevent injustice.

15

Further, based upon the conflicting opinions in <u>Giles</u> and <u>Lockwood</u>, it is unclear whether the Savings Statute even permits the Court to balance an attorney's negligence against the prejudice to the defendants. In <u>Giles</u>, the Delaware Supreme Court held that the first suit lapsed based upon the plaintiff's attorney's failure to issue an alias or pluries writ within 20 days after the return day of the preceding writ. The Court, however, enlarging the Savings Statute to provide an equitable result,[3] held that the Savings Statute applied to the attorney's failure to perfect service even though the original suit had lapsed and, thus, was not duly commenced. The Court felt that this result was necessary in order to avoid a miscarriage of justice. <u>Giles</u>, 140 A.2d at 267. When an equitable reading of the statute applies, however, i.e., when going beyond the terms of the statute itself, courts should not grant the plaintiff relief under the Savings Statute unless the plaintiff establishes that the defendant will not be prejudiced by the court's permitting the second suit to go forward. <u>Id.</u> The Delaware Supreme Court's decision in <u>Lockwood</u> is directly contradictory to the decision in <u>Giles</u>. Therefore, to the extent that the Court is inclined to read equitable terms into the Savings Statute, it must first reconcile <u>Lockwood</u> with <u>Giles</u>.

In <u>Lockwood</u>, the plaintiff's attorney, like the attorney in <u>Giles</u>, failed to perfect service under an alias writ within the time required and, therefore, the suit lapsed. <u>Lockwood</u>, 542 A.2d at 357. Thus, the suit was not duly commenced. The Court, therefore, held that the original action, despite the attorney's negligence, could not be revived under the savings statute. <u>Id.</u>

Although the Court did not directly address the issue of attorney negligence, it is clear that the Court in <u>Lockwood</u> was aware that the suit was dismissed because of attorney neglect. It is equally clear that the Court did not believe that attorney neglect, in and of itself, was a basis

---

[3] With all due respect to the Court's decision in <u>Giles</u>, defendants contend that the Court's interpretation of the Savings Statute in <u>Giles</u> impermissibly enlarged the terms of the Savings Statute. The flaw in the Court's reading of the statute in <u>Giles</u> is highlighted by the Court's later decision in <u>Lockwood v. Levinson</u>, 542 A.2d 357 (Del. 1988), which addressed the same issue but found that the Savings Statute was not applicable.

for invoking the Savings Statute. It is also important to note that the Court in <u>Lockwood</u> did not

attempt to go beyond the terms of the statute to create additional grounds for invoking the

Savings Statute. The <u>Lockwood</u> approach is the proper one.

Nonetheless, there have been cases where courts have applied the Savings Statute to

situations involving attorney negligence. However, the attorney negligence at issue arose from

failing to perfect service after filing the Complaint, which resulted in the cases being abated, not

from plaintiff's counsel decision to file the suit in a particular forum.[4] Thus, the point to garner

from these decisions is that the initial causes of actions "abated" due to technical problems

during service of process, not that they involved attorney negligence. The attorneys' negligence

was irrelevant. In this case, the Court of Common Pleas of Philadelphia County dismissed the

first action against defendants on the basis of improper jurisdiction and venue, not a technical

problem with service of process, therefore, plaintiff's counsel's negligence, if any, is irrelevant.

Finally, the Savings Statute clearly does not apply to situations where a lawsuit was

dismissed based upon an attorney's negligence, unless the negligence is excusable *and* it results

in one of enumerated conditions in the savings statute. <u>See</u> <u>Quillen</u> at *2. In this case, plaintiff's

counsel's negligence in selecting an inappropriate forum, despite the fact that a more likely

forum was apparent based upon the known facts, was not excusable. <u>See</u> <u>Radzewicz v.</u>

<u>Neuberger</u>, 490 A.2d, 588, 591 (Del. Super Ct. 1985) (on the issue of attorney negligence, the

Delaware Superior Court has held that ignorance of court rules or cases decided by the State's

---

[4] <u>Empire Financial Services, Inc.,</u> 2001 WL 755936 at *2 (holding that the first cause of action abated when the service of process failed because of an improper caption); <u>Moyer v. Markel,</u> 1989 WL 147472 at *2 (Del. Super Ct.) (Appendix Tab A128-A129) (holding that the Savings Statute applied to a situation where the plaintiff's attorney failed to effectuate service under the long arm statute because the writ had abated); <u>Twyman v. Rice,</u> 1988 WL 32002 at *1-2 (Del. Super Ct.) (Appendix Tab A130-A131) (ruling that the Savings Statute applied to a situation where the plaintiff's attorney failed to properly effectuate service under the long arm statute); <u>Gaspero,</u> at *2-3, (dismissing the first suit because of the attorney's failure to perfect service under Delaware's motor vehicle Long Arm Statute). *But see,* <u>Pacific Ins. Co. v. Higgins,</u> 1993 WL 133181 at *6 (Del. Ch.) (Appendix Tab A132-A136) (holding that § 8118 is not directed to an attorney's negligent efforts to effectuate service).

17

highest court does not amount to excusable neglect).  Further, as discussed in great detail above, plaintiff's counsel's decision did not "abate" the first suit nor did it cause dismissal as a matter of form.  Therefore, plaintiff cannot demonstrate excusable neglect that resulted in a condition enumerated in the statute.  The Savings Statute is not applicable under these circumstances.

      e.      **Application of the Savings Statute Will Result in Prejudice to the Defendants**

Even if the Court were to engage in a balancing test, balancing plaintiff's counsel's negligence against the prejudice to defendants, the balance of the equities falls in favor of the defendants.

Plaintiff is not entitled to relief under 10 Del. C. § 8118(a), unless the Court determines that the defendants have not been prejudiced by events following filing of the initial suit.  Empire Financial Service, Inc. at *2.  In the instant case, there was as approximate six month lapse of time between dismissal of plaintiff's first action and filing of the current action.  Even if plaintiff had an undisclosed plan to re-file her case, her plan to do so was clearly not a certainty and defendants were not notified of any such intention.  Therefore, defendants were not put on notice of their need to continue to defend against a lawsuit arising from the alleged May 23, 2002, injury to plaintiff.  Over three years has passed since the date of plaintiff's alleged injury and the delays caused by plaintiff have prejudiced the defendants' ability to defend this case.  See Middlebrook v. State, 802 A.2d 268, 277 (Del. 2002) (where there is a lengthy delay, there is a presumption that memories have faded).  As such, even if the Savings Statute otherwise applies to this case, the plaintiff should not be permitted to invoke it.

## CONCLUSION

Plaintiff commenced this personal injury action three years after her alleged injury. Therefore, Delaware's two year statute of limitations for personal injury actions, 10 Del.C § 8119, bars all of plaintiff's claims against the defendants, and plaintiff's Complaint should be dismissed with prejudice.

Further, plaintiff should not be afforded the restorative effect of Delaware's Savings Statute, 10 Del.C § 8118, because she cannot meet the enumerated requirements of the statute. Plaintiff cannot demonstrate that her first action was "duly commenced"; that dismissal of the first action for improper personal jurisdiction and venue was an abatement of her writ; or that the action was avoided or defeated for a matter of form. Further, plaintiff cannot demonstrate that dismissal of the first action resulted from excusable negligence or that defendants will not be prejudiced by the Court's permitting the second suit to go forward.

For all of the forgoing reasons, defendants respectfully submit that plaintiff's claims against defendants should be dismissed, with prejudice.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*Natalie L. Palladino*

JOHN D. BALAGUER (#2537)
NATALIE L. PALLADINO (#3878)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 654-0424
*Attorneys for Defendants,*
*Lydia Adair McFadden and*
*Christiana Care Health Services, Inc.*

Dated:  August 12, 2005

19

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.  05-CV-00321 GMS |
| | ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) | |
| CARE HEALTH SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Natalie L. Palladino, Esquire do hereby certify that on this 12th day of August, 2005,

two copies of the foregoing **MOTION TO DISMISS AND DEFENDANT'S OPENING**

**BRIEF IN SUPPORT OF MOTION TO DISMISS** were served upon the following via E-file

and U.S. Mail, postage pre-paid:

Richard R. Wier, Jr.
Daniel W. Scialpi
1220 Market Street, Suite 600
Wilmington, DE 19801

**WHITE and WILLIAMS LLP**

*Natalie L. Palladino*

JOHN D. BALAGUER (#2537)
NATALIE L. PALLADINO (#3878)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 654-0424
*Attorneys for Defendants,*
Lydia Adair McFadden and
Christiana Care Health Services, Inc.

1