IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.  05-CV-00321 GMS |
| | ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) | |
| CARE HEALTH SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## APPENDIX TO DEFENDANT'S OPENING BRIEF

Respectfully submitted,

**WHITE AND WILLIAMS  LLP**

*Natalie L. Palladino*

JOHN D. BALAGUER (#2537)
NATALIE L. PALLADINO (#3878)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 654-0424
*Attorneys for Defendants,*
*Lydia Adair McFadden and*
*Christiana Care Health Services, Inc*

Date:  August 12, 2005

## TABLE OF CONTENTS FOR APPENDIX

**PAGES**

### PLEADINGS

First Complaint filed in the Court of Common Pleas,
Philadelphia County, on May 19, 2004 ................................................................ A1-A11

Defendants' Preliminary Objections to Improper Personal Jurisdiction and Venue,
filed June 11, 2004 ...................................................................................... A12-A47

Plaintiff, Kimbra Criswell's Response to Defendants Preliminary Objections
to Improper Personal Jurisdiction and Venue .............................................. A48-A91

Order of Judge Arnold L. New, Court of Common Pleas,
Philadelphia County, dated October 13, 2004 ........................................................ A92

Second Complaint filed in United States District Court
for the District of Delaware [D.I. 1] ............................................................ A93-A100

### UNREPORTED CASES

O'Donnell v. Nixon Uniform Service, Inc., 2003 WL 21203291 (Del. Super Ct.)......A101-A107

Quillen v. Knight, 1999 WL 33116503 (Del. Super Ct.)....................................A108-A110

Empire Financial Services, Inc., 2001 WL 755936 (Del. Super Ct.).....................A111-A113

Gaspero v. Douglas, 1981 WL 10228 (Del. Super Ct.)......................................A114-A116

Ellis v. Davis, 1998 WL 281053 (Del. Super Ct.).............................................A117-A121

Ayers v. Jacobs & Crumplar, P.A., 1996 WL 769331 (Del. Super Ct.)...............A122-A125

Lockwood v. Levinson, 1988 WL 46615 (Del. Super Ct.)................................A126-A127

Moyer v. Markel, 1989 WL 147472 (Del. Super Ct.)......................................A128-A129

Twyman v. Rice, 1988 WL 32002 (Del. Super Ct.).........................................A131-A131

Pacific Ins. Co. v. Higgins, 1993 WL 133181 (Del. Ch. Ct.)............................A132-A136

DOCS_DE 114691v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-CV-00321 GMS |
| | ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) | |
| CARE HEALTH SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Natalie L. Palladino, Esquire do hereby certify that on this 12th day of August, 2005,

two copies of the foregoing **APPENDIX TO DEFENDANT'S OPENING BRIEF** were served

upon the following via E-file and U.S. Mail, postage pre-paid:

Richard R. Wier, Jr.
Daniel W. Scialpi
1220 Market Street, Suite 600
Wilmington, DE 19801

                              **WHITE and WILLIAMS  LLP**

                              *Natalie L. Palladino*

                              _____
                              JOHN D. BALAGUER (#2537)
                              NATALIE L. PALLADINO (#3878)
                              824 North Market Street, Suite 902
                              P.O. Box 709
                              Wilmington, DE  19899-0709
                              (302) 654-0424
                              *Attorneys for Defendants,*
                              Lydia Adair McFadden and
                              Christiana Care Health Services, Inc.

05/24/2004   15:14   LEGAL RISK MANAGEMENT → 812155796076                    NO.281   0003

JURY FEE PAID

This NOT an Arbitration Matter
JURY TRIAL IS DEMANDED

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**     JURY FEE PAID
**MICHAEL T. VAN DER VEEN, ESQUIRE**
Identification No. 75616
**NELSON LEVIN, ESQUIRE**                        ATTEST
Identification No. 49761
25 Bustleton Pike                                MAY 1 9 2004
Feasterville, PA 19053                           S. WULKO
(215) 396-9001                                   PRO. PROTHY   Attorney for Plaintiff

| | |
|---|---|
| **KIMBRA CRISWELL** : | **COURT OF COMMON PLEAS** |
| 105 Shaw Avenue, Apt. A : | **PHILADELPHIA COUNTY** |
| Lewistown, Pennsylvania 17044 : | |
| Plaintiff, : | **MAY TERM, 2004** |
| : | **002750** |
| vs. : | Docket No. _____ |
| : | |
| **LYDIA ADAIR MCFADDEN** : | |
| 33 Cobblestone Court : | |
| Northeast, Maryland 21901 : | |
| and : | |
| **CHRISTIANA HOSPITAL** : | |
| 4755 Ogletown-Stanton Road : | |
| Newark, Delaware 19718 : | |
| Defendants. : | **CIVIL ACTION – LAW** |
| : | |

Complaint Civil Action: 20 – Other Personal Injury

NOTICE TO PLEAD

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

AVISO

Le han demandado a usted en la corte. Si usted quiera defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-1701

A1

05/24/2004    15:14    LEGAL RISK MANAGEMENT → 812155796076    NO.281    0004

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

MAY 2004    002250

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Kimbra Criswell | Lydia Adair McFadden |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 105 Shaw Ave.  #A<br>Lewistown, PA  17044 | 33 Cobblestone Court<br>Northeast, MD  21901 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | Christiana Hospital |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 4755 Ogletown-Stanton Rd.<br>Newark, DE  19718 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☑ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☑ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

20

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|
|  | Yes    No<br>☐    ☒<br>☐    ☐<br>☐    ☐ |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Michael T. van der Veen | 25 Bustleton Pike<br>Feasterville, PA  19053 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)396-9001 | (215)396-8388 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 75616 |  |

| SIGNATURE | DATE |
|---|---|
|  | 5/19/04 |

A2

This **NOT** an Arbitration Matter
**JURY TRIAL IS DEMANDED**

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**
**MICHAEL T. VAN DER VEEN, ESQUIRE**
Identification No. 75616
**NELSON LEVIN, ESQUIRE**
Identification No. 49761
25 Bustleton Pike
Feasterville, PA 19053
(215) 396-9001                                            Attorney for Plaintiff

| | |
|---|---|
| **KIMBRA CRISWELL** | **COURT OF COMMON PLEAS** |
| 105 Shaw Avenue, Apt. A | **PHILADELPHIA COUNTY** |
| Lewistown, Pennsylvania 17044 | |
| Plaintiff, | **MAY TERM, 2004** |
| vs. | |
| | Docket No. _____ |
| **LYDIA ADAIR MCFADDEN** | |
| 33 Cobblestone Court | |
| Northeast, Maryland 21901 | |
| and | |
| **CHRISTIANA HOSPITAL** | |
| 4755 Ogletown-Stanton Road | |
| Newark, Delaware 19718 | |
| Defendants. | **CIVIL ACTION – LAW** |

<u>**Complaint Civil Action: 2O – Other Personal Injury**</u>

1.    Plaintiff, Kimbra Criswell, (hereinafter "Plaintiff")is an adult individual,

residing at 105 Shaw Avenue, Apt. A, in Lewistown, Pennsylvania.

2.    Defendant, Lydia Adair McFadden (hereinafter "McFadden"), is an adult

individual residing at 33 Cobblestone Court, in Northeast, Maryland.

3.    Defendant, Christian Hospital (hereinafter "Christiana"), is a business,

company, entity, partnership, franchise, fictitious name, organization, hospital, medical

facility and/ or corporation existing and/or qualifying under the laws of the State of

A3

Delaware, with a registered office for the acceptance of service or a principal place of business at 4755 Ogletown-Stanton Road, in Newark, Delaware.

4.    At all times relevant and material hereto, the Plaintiff was employed by Aureus Medical (hereinafter "Aureus"), working as an x-ray technician at Defendant Christiana Hospital.

5.    At all times relevant and material hereto, Defendant, McFadden, was an employee, servant, workman, representative and/ or agent of Defendant, Christiana, and was acting within the scope and course of said employment and/ or agency.

6.    At all times material and relevant hereto, Defendant, Christiana, was acting through their agents, servants, employees, workmen, and/ or representatives, said agents, servants, employees, workmen and representatives acting within the course and scope of their employment and/ or agency.

7.    At all times material and relevant hereto, Defendant, Christiana, was a member, partner and/ or participant of Jefferson Health System, a primary care network, which at all times hereinafter mentioned, did regular, continuous and systematic business within the County of Philadelphia and Commonwealth of Pennsylvania.

8.    On or about May 23, 2002, at or around 9:30 am, the Plaintiff was present in the hallway of the operating room, on the second floor of Defendant, Christiana, when suddenly and without warning, Defendant, McFadden, negligently, recklessly, carelessly and improperly caused certain portable X-ray machine (hereinafter "Machine") to be moved forward, causing said machine to come into contact with the Plaintiff's body, thereby causing the Plaintiff to suffer sever and grievous injuries.

9.    At all times relevant and material hereto, said Machine was owned, operated, maintained, leased and/ or controlled by Defendant, Christiana.

A4

10.    This accident resulted solely from the negligence and carelessness of the Defendants, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

11.    As a direct and proximate result of this accident, the Plaintiff, suffered injuries to her left leg and foot, which may be or are serious and permanent, including, but not limited to left Achilles tendon rupture, Achilles tendonitis, Achilles tendonosis, and abnormal gate, requiring hospitalization.

12.    As a direct, proximate and foreseeable result of said injuries, the Plaintiff has developed various medical conditions, including but not limited to ostopenia and permanent reflex sympathetic dystrophy (hereinafter "RSD"), which resulted in softening and demineralization of bones in the Plaintiff's left foot, thereby making said bones easily breakable.

13.    In November of 2002, the Plaintiff made a step from a normal-size curb which resulted in injuries, which may be or are serious and permanent, including, but not limited to a fracture in the fourth metatarsal of the Plaintiffs' left foot, requiring hospitalization.

14.    Said fracture was a direct, proximate and foreseeable result of said RSD condition and RSD-related softening and demineralization of bones and said fracture could not have occurred but for said RSD condition and RSD-related softening and demineralization of bones.

15.    Said achilles tendon rupture, RSD and fracture did not result from any intervening or superceding causes and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

A5

16.    At all times relevant and material hereto, the Plaintiff timely obtained adequate medical assistance and fully complied with all prescribed medical treatments.

17.    As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has incurred expenses for the treatment of her injuries, has been disabled and not able to perform her usual functions, and has been caused great pain and suffering, to her great loss and damage.

18.    As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care.

19.    As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has suffered injuries, which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

20.    As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has or may suffer severe loss and impairment of her earning capacity and power.

21.    As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has been unable to attend to her daily chores, duties and occupations.

22.    As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has incurred other financial expenses or losses which she may otherwise be entitled to recover.

23.    As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation and inconveniences, and loss of life's pleasures and she may continue to suffer the same for an indefinite period of time in the future.

A6

## COUNT I
## PLAINTIFF v. DEFENDANT MCFADDEN

24.    The Plaintiff incorporates by reference thereto, paragraphs 1-23, inclusive, as though same were set forth herein at length.

25.    The negligence, carelessness and recklessness of Defendant, McFadden, consisted of the following acts and omissions:

(a)    failure to properly move said Machine;

(b)    moving said Machine without proper lookout;

(c)    violation and/or failure to comply with the appropriate procedures for moving of said Machine;

(d)    causing said Machine to come into contact with the Plaintiff's body;

(e)    failure to properly operate, control and move said Machine;

(f)    failure to act reasonably under the circumstances;

(g)    failure to act with the reasonable prudence and care of a reasonable person in the same or like circumstances;

(h)    operating, controlling and moving said Machine without due regard to the presence and safety of the Plaintiff,

(g)    violation and/or failing to comply with laws, guidelines, codes, statutes, laws, regulations, standards, policies and ordinances that are applicable and in effect; and

(h)    being otherwise negligent and careless as may be determined through discovery and/or trial of this case.

A7

## VERIFICATION

I, Nelson Levin, hereby state that I am the attorney for the plaintiff herein, that I am acquainted with the facts set forth in the foregoing Complaint and that the same are true and correct to the best of my knowledge, information and belief and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Michael T. van der Veen, Esquire
Nelson Levin, Esquire
Attorneys for Plaintiff

A8

26.    As a direct and proximate result of the negligence and carelessness of Defendant, McFadden, the Plaintiff sustained serious and permanent injuries and other damages as described more fully above. .

**WHEREFORE**, the Plaintiff demands damages of Defendant, McFadden, in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

**COUNT II**
**PLAINTIFF v. DEFENDANT CHRISTIANA**

27.    The Plaintiff incorporates by reference thereto, paragraphs 1-26, inclusive, as though same were set forth herein at length.

28.    The negligence, carelessness and recklessness of Defendant, Christiana, consisted of the following acts and omissions:

    (a)    negligently entrusting said Machine to Defendant, McFadden;

    (b)    failing to properly and adequately hire, supervise, train, instruct, and/ or regulate its agents, servants and employees, in particular, Defendant, McFadden;

    (c)    permitting an inexperienced and incompetent person to operate said Machine;

    (d)    failing to act with due care and regard for the position and safety of others, in particular, the Plaintiff;

    (e)    failing to control the acts and conduct of Defendant, McFadden, its employee and/ or agent, and instead, acquiescing in said Defendant's negligence and carelessness;

    (f)    failing to provide a safe work environment;

    (g)    failing to properly and adequately maintain said Machine; and

A9

(h)    such other negligence acts and/or failures to act as may be discovered

during the course of discovery in this action;

29.    As a direct and proximate result of the negligence and carelessness of

Defendant, Christiana, the Plaintiff sustained serious and permanent injuries and other

damages as described more fully above.

WHEREFORE, the Plaintiff demands damages of Defendant, Christiana, in a

sum in excess of $50,000.00, plus interest, costs and attorney's fees.

## COUNT III
## PLAINTIFF v. DEFENDANT CHRISTIANA

30.    The Plaintiff incorporates by reference thereto, paragraphs 1-32, inclusive,

as though same were set forth herein at length.

31.    The negligence and/or carelessness of Defendant, Christiana's, agents,

servants, workmen, drivers, employees, representatives, managers and/ or independent

contractors, in particular, Defendant, McFadden, which occurred within the course and

scope of employment and/or agency with Defendant, Christiana, is imputed to said

Defendant and said Defendant is liable for same.

32.    As a direct and proximate result of the negligence and carelessness of

Defendant, Christiana, the Plaintiff sustained serious and permanent injuries and other

damages as described more fully above.

A10

WHEREFORE, the Plaintiff demands damages of Defendant, Christiana, in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

KATS, JAMISON, VAN DER VEEN & ASSOCIATES

Dated: 5/19/04                 By: _____
                                   Michael T. van der Veen, Esquire
                                   Nelson Levin, Esquire
                                   Attorneys for Plaintiff

A11

PHILADELPHIA COURT OF COMMON PLEAS
# MOTION COURT COVER SHEET

| FOR COURT USE ONLY **FILED** | Control Number: |
|---|---|

**ACTION ASSIGNED TO JUDGE:**   JUN 1 1 2004

Civil Administration

*Do not telephone Judge for status.*
*Do not send Judge courtesy copies.*

Control Number:

**061091**

*(Responding parties must include this number on all filings)*

**MAY Term, 2004**

**No. 002750**

**KIMBRA CRISWELL**

vs.

**LYDIA ADAIR McFADDEN and CHRISTIANA HOSPITAL**

Name of Filing Party:

*(Check One)*   ☐ Plaintiff   ☒ Defendant

*(Check One)*   ☒ Movant   ☐ Respondent

---

Type of Motion: **Defendants Lydia Adair McFadden and Christiana Care Health Services, Inc.'s (Incorrectly Identified As Christiana Hospital) Preliminary Objections to Improper and Personal Jurisdiction and Venue**

Response due: **JULY 1, 2004**
*OR*
Response to:

| | Yes | No |
|---|---|---|
| Has another motion been decided in this case? | ☐ | ☒ |
| Is another motion pending? | ☐ | ☒ |

*If the answer to any of the above questions is yes, you must identify the judge, and the relationship of the motion(s) to the present motion, including the status of the motion(s).*

Please attach a separate sheet with your statement.

**CASE STATUS** *(answer all questions)*

I.   **Is this case:**

A.   **COMMERCE PROGRAM**
Name of Judicial Team Leader:
Applicable Motion Deadline
Has deadline been previously extended by the Court?
☐ Yes   ☐ No

B.   **DAY FORWARD/MAJOR JURY** *(Jury Demand & Fee Paid)*
Name of Judicial Team Leader: **Mary Doyle**
Applicable Motion Deadline: **June 14, 2004**
Has deadline been previously extended by the Court?
☐ Yes   ☒ No

C.   **NON JURY**
Date Listed:

D.   **ARBITRATION**
Arbitration Date:

E.   **ARBITRATION APPEAL**
Listed on:

F.   **OTHER:**
Date Listed:

II.          **OTHER PARTIES**
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

Nelson Levin, Esquire
Kats, Jamison, Van Der Veen & Associates
25 Bustleton Pike
Feasterville, PA  19053

*(If needed, use separate sheet to answer)*

---

By filing this document and signing below, the moving party certifies that this motion/petition, along with all documents filed in the Motions Program, will be immediately served upon all counsel unrepresented parties, in accordance with Phila. Civil Rule *206.1(C). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

| *(Attorney Signature/Unrepresented Party)* | *Gregory F. Brown, Esquire*     90239 |
|---|---|
| | *(Print Name)*     *(Attorney I.D. No.)* |

**This Motion will be forwarded to the Court after the Response Date.  No extension of the Response Date will be granted even if the parties so stipulate.**

**WHITE AND WILLIAMS LLP**
BY:  John D. Balaguer
     Gregory F. Brown
Identification No. 45108/90239
1800 One Liberty Place
Philadelphia, PA 19103-7395
215.864.7000/7150

Attorneys for Defendants,
Lydia Adair McFadden and
Christiana Care Health Services,
Inc. (Incorrectly identified as
Christiana Hospital)

| | |
|---|---|
| KIMBRA CRISWELL | :    PHILADELPHIA COUNTY |
|                Plaintiff, | :    COURT OF COMMON PLEAS |
|     v. | : |
| | :    MAY TERM, 2004 |
| LYDIA ADAIR McFADDEN | : |
|       and | :    NO. 002750 |
| CHRISTIANA HOSPITAL | : |
|              Defendants. | : |

### ORDER

     AND NOW, this \_\_\_\_\_ day of _____, 2004, upon consideration of

Defendants Lydia Adair McFadden and Christiana Care Health Services, Inc. (Incorrectly

identified as Christiana Hospital)'s Preliminary Objections to Improper Jurisdiction and

Venue, and any response thereto, it is hereby **ORDERED** and **DECREED** that said

Preliminary Objections are **GRANTED**, and that this matter is **DISMISSED WITH**

**PREJUDICE.**

                            BY THE COURT:

                            _____ J.

**WHITE AND WILLIAMS LLP**
BY:  John D. Balaguer
         Gregory F. Brown
Identification No. 45108/90239
1800 One Liberty Place
Philadelphia, PA 19103-7395
215.864.7000/7150

Attorneys for Defendants,
Lydia Adair McFadden and
Christiana Care Health Services,
Inc. (Incorrectly identified as
Christiana Hospital)

| | |
|---|---|
| KIMBRA CRISWELL<br><br>                              Plaintiff,<br><br>          v.<br><br>LYDIA ADAIR McFADDEN<br><br>          and<br><br>CHRISTIANA HOSPITAL<br><br>                              Defendants. | :  PHILADELPHIA COUNTY<br>:<br>:  COURT OF COMMON PLEAS<br>:<br>:<br>:  MAY TERM, 2004<br>:<br>:  NO. 002750<br>:<br>:<br>:<br>:<br>:<br>: |

ATTEST

JUN 1 1 2004

D. VOGLER
PRO. PROTHY

### DEFENDANTS LYDIA ADAIR MCFADDEN AND CHRISTIANA CARE HEALTH SERVICES, INC.'S (INCORRECTLY IDENTIFIED AS CHRISTIANA HOSPITAL) PRELIMINARY OBJECTIONS TO IMPROPER PERSONAL JURISDICTION AND VENUE

Defendants Lydia Adair McFadden and Christiana Care Health Services, Inc., (Incorrectly identified as Christiana Hospital, and referred to herein as "Defendant Christiana Care Health Services, Inc."), by and through their attorneys, White and Williams LLP, hereby submit the instant Preliminary Objections to Improper Jurisdiction and Venue, and in support thereof aver as follows:

1.      Plaintiff commenced this personal injury action on or about May 19, 2004, by filing a Complaint in the Court of Common Pleas of Philadelphia County.  See Complaint (Exhibit "A").

2.      The Complaint was served by U.S. Mail on the Defendant on May 24, 2004.

DOCS_PH 1594747v1

A14

3.     The Complaint includes allegations of negligence on the part of Lydia Adair McFadden, an x-ray technician, and her employer, Christiana Care Health Services, Inc. Id. at ¶¶ 2, 3, 6, and 24-29.

4.     The Complaint alleges that the Defendants were negligent in allowing a portable x-ray machine to come into contact with Plaintiff's foot while she was on the second floor of Christiana Hospital in Newark, Delaware, on May 23, 2002. Id. at ¶ 8.

5.     The Complaint alleges that said contact caused Plaintiff to suffer injuries to her left leg and foot. Id. at ¶ 11-15.

6.     The Complaint alleges that Christiana Care Health Services, Inc., is a member of the Jefferson Health System.  Specifically, Paragraph seven of the Complaint alleges: "At all times material and relevant hereto, Defendant, Christiana, was a member, partner, and/or participant of Jefferson Health System, a primary care network, which at all times hereinafter mentioned, did regular, continuous, and systematic business within the County of Philadelphia and the Commonwealth of Pennsylvania." Id. at ¶ 7.

7.     In fact, Christiana Hospital is not a corporation.  Christiana Hospital is a building owned by Christiana Care Health Services, Inc., a Delaware Corporation.  See Affidavit of Buddy Elmore, Senior Vice President of Finance and Managed Care of Christiana Care Health Services, Inc. (Exhibit "B").

8.     Furthermore, Christiana Care Health Services, Inc. is not incorporated in the Commonwealth of Pennsylvania, does not engage in regular, continuous, and

2

systematic business in the Commonwealth of Pennsylvania, and is not associated with any Pennsylvania individuals or organizations. Id.

9.    Finally, Christiana Care Health Services, Inc. is **not** a member of the Jefferson Health System. Id.

10.    The Complaint further alleges that Defendant Lydia Adair McFadden was an "employee, servant, workman, representative and/or agent of Defendant, Christiana," and that she resided at 33 Cobblestone Court, Northeast, Maryland. Id. at ¶¶ 2, 5.

11.    The Complaint does not allege that any of the actions attributable to Defendant McFadden occurred in Philadelphia County.

12.    Thus, the apparent basis of Plaintiff's assertion that Pennsylvania has personal jurisdiction over Defendant McFadden, and that Philadelphia County is the proper venue for the claims against her, is her status as an employee of Christiana Care Health Services, Inc.

I.    **Preliminary Objection Pursuant to Rule 1028(a)(1) Based Upon Improper Personal Jurisdiction Over Moving Defendants.**

13.    Pennsylvania Rule of Civil Procedure 1028(a)(1) provides that preliminary objections may be filed if a court lacks jurisdiction over the person of the defendant. See Pa.R.C.P. 1028(a)(1).

14.    Pennsylvania's "long arm" statute, 42 Pa.C.S.A. § 5322, describes the bases of a Pennsylvania court's personal jurisdiction over persons outside of the Commonwealth of Pennsylvania. See 42 Pa.C.S.A. § 5322.

3

15.    The long-arm statute provides that a Pennsylvania tribunal may exercise personal jurisdiction over any person "who acts directly or by an agent, as to a cause of action or other matter arising from such person . . . transacting any business in this Commonwealth." Id.

16.    The long-arm statute defines the following activities as "transacting business" for purposes of the rule:

> (1) the doing by any person in the Commonwealth of a series of similar acts for the purpose of realizing pecuniary benefit;
>
> (2) the doing of a single act in the Commonwealth for the purpose of realizing pecuniary benefit, or otherwise accomplishing an object with the intention of initiating a series of such acts;
>
> (3) the shipping of merchandise directly or indirectly into the Commonwealth;
>
> (4) the engaging of any business or profession within the Commonwealth;
>
> (5) the ownership or use of property within the Commonwealth;
>
> (6) contracting to supply services or things in the Commonwealth;
>
> (7) causing harm or tortious injury in the Commonwealth by an act or omission inside or outside of the Commonwealth; or
>
> (8) having an interest in, using, or possessing any real property in the Commonwealth.

See 42 Pa.C.S.A. 5322(a).

17.    Pennsylvania common law provides that "a tribunal of this Commonwealth may exercise personal jurisdiction over a person who transacts any business in this Commonwealth." See Fidelity Leasing, Inc. v. Limestone Co. Bd. of Education., 758 A.2d 1207, 1211 (Pa. Super. 2000).

4

18.     Conversely, "the constitutional limitations on the assertion of specific personal jurisdiction over a non-resident defendant are as follows: '(1) the non-resident defendant must have sufficient minimum contacts with the forum state and (2) the assertion of *in personam* jurisdiction must comport with fair play and substantial justice.'" <u>Aventis Pasteur, Inc. v. Alden Surgical Co., Inc.</u>, 2004 Pa. Super. 138, 5, ___ A.2d ___ (Pa. Super. 2004)(citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462 (1985)).

19.     The United States Supreme Court has held that a state's exercise of personal jurisdiction over an out-of-state defendant is proper only where:

> the defendant could reasonably anticipate being called to defend itself in the forum . . . Random, fortuitous[,] and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum, and thus, cannot support the exercise of personal jurisdiction. That is, the defendant must have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself of the forum's privileges and benefits such that it should also be subjected to the forum state's laws.

<u>Id.</u> (quoting <u>Burger King</u>, 471 U.S. at 281).

20.     In this case, the Commonwealth of Pennsylvania does not have personal jurisdiction over Defendants McFadden and Christiana Care Health Services, Inc.

21.     Specifically, Christiana Care Health Services, Inc., does not engage in regular, continuous, and systematic business in the Commonwealth of Pennsylvania in any of the ways set forth in 42 Pa.C.S.A. § 5322(a).

22.     Moreover, Christiana Care Health Services, Inc., does not have the sufficient minimum contacts with Pennsylvania necessary to be subject to Pennsylvania's jurisdiction. <u>See</u> Affidavit, Exhibit "B."

5

23.    Thus, Pennsylvania's assertion of personal jurisdiction over Defendant Christiana Care Health Services, Inc. in this matter would be contrary to Pennsylvania statutory and common law, as well as United States Supreme Court doctrine.

24.    Furthermore, there is no independent basis for Pennsylvania's assertion of personal jurisdiction over Defendant Lydia McFadden because she is not a resident of Pennsylvania, and none of the conduct attributed to her in the Complaint occurred in Pennsylvania.

25.    Plaintiff's only remaining theory of personal jurisdiction with regard to Defendant McFadden is apparently based upon McFadden's alleged employment/agency relationship with Christiana Care Health Services, Inc., over which Pennsylvania has no personal jurisdiction.

26.    Therefore, there are no facts to support Pennsylvania's assertion of personal jurisdiction over Defendant Lydia McFadden.

27.    In sum, Pennsylvania's assertion of personal jurisdiction over each of the Defendants in this matter would be contrary to Pennsylvania statutory and common law, as well as United States Supreme Court doctrine.

28.    Accordingly, Plaintiff's claims against Moving Defendants should be dismissed with prejudice because no Pennsylvania tribunal, including this Court, can claim personal jurisdiction over Moving Defendants.

6

**II.    Preliminary Objection Pursuant to Rule 1028(a)(1) Based Upon Improper Venue.**

29.    Procedurally, the proper method to raise the issue of improper venue is by way of Preliminary Objections.  See: Pa.R.C.P. 1006(e) and 1028(a)(1).

30.    Pennsylvania Rule of Civil Procedure 1006(b) governs venue, and provides that "[a]ctions against the following defendants . . . may be brought in and only in the counties designated by the following rules: . . . corporations and similar entities, Rule 2179." See Pa.R.C.P. 1006(b).

31.    Pennsylvania Rule of Civil Procedure 2179(a) provides that "a personal action against a corporation or similar entity may be brought in and only in (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose." See Pa.R.C.P. 2179(a).

32.    As this action involves a claim by Plaintiff, an individual, against Christiana Care Health Services, Inc., a corporation, Pennsylvania Rule of Civil Procedure 2179 is applicable to the determination of venue with regard to Christiana Care Health Services, Inc.

33.    Rule 2179(a) dictates that venue is improper in Philadelphia County, Pennsylvania, because Philadelphia County is not a county where Christiana Care Health Services, Inc.'s registered office is located.

34.    Rule 2179(a) also dictates that venue is improper in Philadelphia County

7

because Philadelphia County is not a county where Christiana Care Health Services, Inc. regularly conducts business.

35.     Rule 2179(a) further dictates that venue is improper in Philadelphia County because Philadelphia County is not the county where the cause of action arose. According to the Complaint, the cause of action arises solely from events that occurred in Newark, Delaware.

36.     Finally, Rule 2179 dictates that venue is improper in Philadelphia County because Philadelphia County is not a county where a transaction or occurrence took place out of which Plaintiff's cause of action arises.

37.     Consequently, under Rule 2179, venue is improper in Philadelphia County with respect to Plaintiff's claims against Defendant Christiana Care Health Services, Inc.

38.     Plaintiff's claims against Defendant McFadden, an individual, are governed by Pennsylvania Rule of Civil Procedure 1006(a), which applies to claims against individuals. See Pa.R.C.P. 1006(a).

39.     Pennsylvania Rule of Civil Procedure 1006(a) provides that "an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law. Id.

40.     As the Complaint alleges that Defendant McFadden resides in Maryland, and that the cause of action against Defendant McFadden arises solely from events that

8

occurred in Newark, Delaware, Rule 1006(a) dictates that venue is improper in Philadelphia County with respect to Plaintiff's claims against Defendant McFadden.

41.     In sum, under the Pennsylvania Rules of Civil Procedure, the venue of this case is improper with respect to both Defendants, and this case should be dismissed.

WHEREFORE, Moving Defendants Lydia Adair McFadden and Christiana Care Health Services Inc. (incorrectly identified as Christiana Hospital) respectfully request this Honorable Court to grant the instant Preliminary Objections to Improper Jurisdiction and Venue, and to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____
John D. Balaguer, Esquire
Gregory F. Brown, Esquire
Lydia Adair McFadden and
Christiana Care Health Services, Inc.
(Incorrectly Identified as Christiana
 Hospital)

Dated: June 11, 2004

9