**WHITE AND WILLIAMS LLP**
BY:  John D. Balaguer
      Gregory F. Brown
Identification No. 45108/90239
1800 One Liberty Place
Philadelphia, PA 19103-7395
215.864.7000/7150

Attorneys for Defendants,
Lydia Adair McFadden and
Christiana Care Health Services,
Inc. (Incorrectly identified as
Christiana Hospital)

| | |
|---|---|
| KIMBRA CRISWELL | :   PHILADELPHIA COUNTY |
|          Plaintiff, | :   COURT OF COMMON PLEAS |
|    v. | : |
| | :   MAY TERM, 2004 |
| LYDIA ADAIR McFADDEN | : |
|      and | :   NO. 002750 |
| CHRISTIANA HOSPITAL | : |
|          Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS LYDIA ADAIR MCFADDEN AND CHRISTIANA CARE
HEALTH SERVICES, INC.'S (INCORRECTLY IDENTIFIED AS CHRISTIANA
HOSPITAL) PRELIMINARY OBJECTIONS TO IMPROPER PERSONAL
JURISDICTION AND VENUE**

## I.     INTRODUCTION

Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc.

(incorrectly identified as Christiana Hospital), preliminarily object to the improper

personal jurisdiction and venue of this case in the Court of Common Pleas of

Philadelphia County, Pennsylvania.  In short, Pennsylvania law provides no means of

establishing either this Court's personal jurisdiction over Moving Defendants, or venue in

Philadelphia County.  Accordingly, Plaintiff's Complaint should be dismissed with

prejudice.

## II.    **BACKGROUND**

Plaintiff commenced this action on or about May 19, 2004 by filing a Complaint in the Court of Common Pleas of Philadelphia County. See Complaint (Exhibit "A"). The Complaint includes allegations of negligence on the part of Lydia Adair McFadden, an x-ray technician, and her employer, Christiana Hospital. Id. at ¶¶ 2, 3, 6, and 24-29. Specifically, the Complaint states that the Defendants' negligence caused a portable x-ray machine to "be moved forward," which caused the machine to come into contact with Plaintiff's leg and foot. Id. at ¶ 8. The Complaint further alleges that the contact caused Plaintiff to suffer injuries to her left leg and foot. Id. at ¶ 11-15. All of the events described in the Complaint occurred on the second floor of Christiana Hospital in Newark, Delaware, on May 23, 2002. Id. at ¶ 8.

The Complaint alleges that Christiana Hospital is a member of the Jefferson Health System. Specifically, Paragraph seven of the Complaint contends that: "At all times material and relevant hereto, Defendant, Christiana, was a member, partner, and/or participant of Jefferson Health System, a primary care network, which at all times hereinafter mentioned, did regular, continuous, and systematic business within the County of Philadelphia and the Commonwealth of Pennsylvania." Id. at ¶ 7.

In fact, Christiana Hospital is a building owned by Christiana Care Health Services, a Delaware Corporation. See Affidavit of Buddy Elmore, Senior Vice President of Finance and Managed Care of Christiana Care Health Services, Inc., (Exhibit "B"). Importantly, Christiana Care Health Services is **not** a member of the Jefferson Health System, and has no contacts with the Commonwealth of Pennsylvania or with

2

Philadelphia County. Id. Moreover, Christiana Care does not engage in regular, continuous, and systematic business in the Commonwealth of Pennsylvania. Id. Finally, it should be reiterated that none of the events described in the Complaint occurred in Philadelphia County, or in the Commonwealth of Pennsylvania.

The Complaint also alleges that Defendant Lydia McFadden was an "employee, servant, workman, representative and/or agent of Defendant, Christiana," and that she resided at 33 Cobblestone Court, Northeast, Maryland at the time of the events in question. Id. at ¶¶ 2, 5. The Complaint does not allege that any of the actions attributable to Defendant McFadden occurred in Philadelphia County.

The apparent basis of Plaintiff's assertion that Pennsylvania has personal jurisdiction over Defendant Christiana Care Health Services, Inc. is its alleged affiliation with Jefferson Health System. Thus, the apparent basis of Plaintiff's assertion that Pennsylvania has personal jurisdiction over Defendant McFadden is her alleged employment/agency relationship with Christiana Care Health Services, Inc.

For the reasons discussed below, Pennsylvania law dictates that this Court has no personal jurisdiction over Moving Defendants. Furthermore, venue is improper in Philadelphia County with respect to Moving Defendants. Accordingly, this Court should dismiss Plaintiff's Complaint with Prejudice.

### III.    PENNSYLVANIA CANNOT ASSERT PERSONAL JURISDICTION OVER MOVING DEFENDANTS

Pennsylvania Rule of Civil Procedure 1028(a)(1) provides that preliminary objections may be filed on the ground that the court lacks jurisdiction over the person of the defendant. See Pa.R.C.P. 1028(a)(1). Pennsylvania's long arm statute, 42 Pa.C.S.A.

§ 5322, describes the bases of a Pennsylvania court's personal jurisdiction over persons

outside of the Commonwealth of Pennsylvania.  See 42 Pa.C.S.A. § 5322.  The long arm

statute provides that a Pennsylvania tribunal may exercise personal jurisdiction over any

person "who acts directly or by an agent, as to a cause of action or other matter arising

from such person . . . transacting any business in this Commonwealth."  Id.  The long arm

statute also provides that the following activities constitute "transacting business" for

purposes of the rule:

> (1)    the doing by any person in the Commonwealth of a series of
>        similar acts for the purpose of realizing pecuniary benefit;
>
> (2)    the doing of a single act in the Commonwealth for the purpose of
>        realizing pecuniary benefit, or otherwise accomplishing an object
>        with the intention of initiating a series of such acts;
>
> (3)    the shipping of merchandise directly or indirectly into the
>        Commonwealth;
>
> (4)    the engaging of any business or profession within the
>        Commonwealth;
>
> (5)    the ownership or use of property within the Commonwealth;
>
> (6)    contracting to supply services or things in the Commonwealth;
>
> (7)    causing harm or tortious injury in the Commonwealth by an act or
>        omission inside or outside of the Commonwealth; or
>
> (8)    having an interest in, using, or possessing any real property in the
>        Commonwealth.

See 42 Pa.C.S.A. 5322(a).

Pennsylvania common law provides that "a tribunal of this Commonwealth may

exercise personal jurisdiction over a person who transacts any business in this

Commonwealth."  See Fidelity Leasing, Inc. v. Limestone Co. Bd. of Education., 758

A.2d 1207, 1211 (Pa. Super. 2000).  However, there are limitations on a state court's

jurisdictional reach: "the constitutional limitations on the assertion of specific personal

DOCS_PH 1594747v1

A26

jurisdiction over a non-resident defendant are as follows: '(1) the non-resident defendant must have sufficient minimum contacts with the forum state and (2) the assertion of *in personam* jurisdiction must comport with fair play and substantial justice.'" Aventis Pasteur, Inc. v. Alden Surgical Co., Inc., 2004 Pa. Super. 138, ___ A.2d ___ (Pa. Super. 2004)(citing Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)).

Furthermore, the United States Supreme Court has held that a state's exercise of personal jurisdiction over an out-of-state defendant is proper only where:

> the defendant could reasonably anticipate being called to defend itself in the forum . . . Random, fortuitous[,] and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum, and thus, cannot support the exercise of personal jurisdiction. That is, the defendant must have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself of the forum's privileges and benefits such that it should also be subjected to the forum state's laws.

Id. (quoting Burger King, 471 U.S. at 281).

In this case, the Commonwealth of Pennsylvania does not have personal jurisdiction over Christiana Care Health Services, Inc. Specifically, Christiana Care Health Services, Inc., does not conduct business in the Commonwealth of Pennsylvania in any of the ways set forth in 42 Pa.C.S.A. § 5322(a). See Exhibit "B." Moreover, Christiana Care Health Services, Inc., cannot be subject to Pennsylvania's jurisdiction because it does not have the sufficient minimum contacts with the Commonwealth necessary to establish jurisdiction. Consequently, Pennsylvania's assertion of personal jurisdiction over Christiana Care Health Services, Inc. in this matter would be contrary to Pennsylvania statutory and common law, as well as United States Supreme Court doctrine.

DOCS_PH 1594747v1

A27

If personal jurisdiction is improper with regard to Christiana Care Health Services, it is also improper with regard to Lydia Adair McFadden for two reasons. First, Defendant McFadden is an individual who resides in the State of Maryland, and all actions attributed to her in the Complaint occurred at Christiana Hospital in Newark, Delaware. See Complaint at ¶¶ 2, 5. Second, Plaintiff's theory of personal jurisdiction with regard to Defendant McFadden is apparently based upon her alleged employment/agency relationship with Christiana Care Health Services, Inc., over which Pennsylvania's assertion of personal jurisdiction would be improper. Thus, Defendant McFadden cannot be independently subject to Pennsylvania's jurisdiction because she does not have the sufficient minimum contacts with the Commonwealth necessary to establish jurisdiction.

In sum, Plaintiff's Complaint should be dismissed because no Pennsylvania tribunal, including this Court, can properly assert personal jurisdiction over Christiana Care Health Services, Inc. or Lydia Adair McFadden.

## IV.    VENUE IS IMPROPER IN PHILADELPHIA COUNTY

Pennsylvania Rule of Civil Procedure 1006(e) provides that the issue of improper venue should be raised by preliminary objection, and if not so raised, shall be waived. See Pa.R.C.P. 1006(e). Also, Pennsylvania Rule of Civil Procedure 1028(a)(1) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds[, including] . . . improper venue." See Pa.R.C.P. 1028(a)(1).

Pennsylvania Rule of Civil Procedure 1006 governs venue generally, and provides that "[a]ctions against the following defendants . . . may be brought in and only in the counties designated by the following rules: . . . corporations and similar entities,

6

Rule 2179." <u>See</u> Pa.R.C.P. 1006(b). Pennsylvania Rule of Civil Procedure 2179(a), in

turn, provides that "a personal action against a corporation or similar entity may be

brought in and only in (1) the county where its registered office or principal place of

business is located; (2) a county where it regularly conducts business; (3) the county

where the cause of action arose; or (4) a county where a transaction or occurrence took

place out of which the cause of action arose." <u>See</u> Pa.R.C.P. 2179(a).

This action involves a claim by Plaintiff, an individual, against Christiana Care

Health Services, Inc., a corporation. Thus, Pennsylvania Rule of Civil Procedure 2179 is

applicable to the determination of venue in this case with regard to Defendant Christiana.

Rule 2179(a) dictates that venue is improper in Philadelphia County,

Pennsylvania, because this action does not conform with any of the four means of

establishing venue under the rule. First, Philadelphia County is not the county in which

Christiana Care Health Services, Inc.'s registered office is located. <u>See</u> Exhibit "B."

Second, Philadelphia County is not a county where Christiana Care Health Services, Inc.

regularly conducts business. <u>Id.</u> Third, Philadelphia County is not the county where

Plaintiff's cause of action arose. According to the Complaint, the cause of action arises

solely from events that occurred in Newark, Delaware. Finally, Philadelphia County is

not a county where a transaction or occurrence took place out of which Plaintiff's cause

of action arises. Consequently, venue is improper in Philadelphia County with regard to

Defendant Christiana Care Health Services, Inc.

This case also involves a claim against Lydia Adair McFadden, an individual.

The venue rule applicable to individual defendants is Pennsylvania Rule of Civil

7

Procedure 1006(a).  <u>See</u> Pa.R.C.P. 1006(a).  Pennsylvania Rule of Civil Procedure 1006(a) provides that "an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.  <u>Id.</u>

The Complaint alleges that Defendant McFadden resides in Maryland, and does not assert that she can be served anywhere in Philadelphia County.  Also, the cause of action against Defendant McFadden arises solely from events that occurred in Newark, Delaware.  Accordingly, Rule 1006(a) dictates that venue is improper in Philadelphia County with respect to Plaintiff's claims against Defendant McFadden.

In sum, under the Pennsylvania Rules of Civil Procedure, Philadelphia County is not the proper venue of this case, and Plaintiff's Complaint should be dismissed with prejudice.

## V.   <u>CONCLUSION</u>

For the reasons discussed above, Moving Defendants Lydia Adair McFadden and Christiana Care Health Services, Inc., respectfully request this Honorable Court to grant their Preliminary Objections to Personal Jurisdiction and Venue, and to dismiss

DOCS_PH 1594747v1

A30

Plaintiff's action with prejudice.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____

John D. Balaguer, Esquire
Gregory F. Brown, Esquire
Lydia Adair McFadden and
Christiana Care Health Services, Inc.
(Incorrectly Identified as Christiana
Hospital)

Dated: June 11, 2004

9

**WHITE AND WILLIAMS LLP**
BY:  John D. Balaguer
      Gregory F. Brown
Identification No. 45108/90239
1800 One Liberty Place
Philadelphia, PA 19103-7395
215.864.7000/7150

Attorneys for Defendants,
Lydia Adair McFadden and
Christiana Care Health Services,
Inc. (Incorrectly identified as
Christiana Hospital)

| | |
|---|---|
| KIMBRA CRISWELL | : PHILADELPHIA COUNTY |
| Plaintiff, | : COURT OF COMMON PLEAS |
| v. | : |
| LYDIA ADAIR McFADDEN | : MAY TERM, 2004 |
| and | : NO. 002750 |
| CHRISTIANA HOSPITAL | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Gregory F. Brown, Esquire, hereby state that on this date I have caused a true

and correct copy of the foregoing Preliminary Objections to Improper Personal

Jurisdiction and Venue to be served on the following counsel via U.S.  First Class mail,

on June 11, 2004:

Nelson Levin, Esquire
**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**
25 Bustleton Pike
Feasterville, PA 19053

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:  _____

John  D. Balaguer, Esquire
Gregory F. Brown, Esquire
Lydia Adair McFadden and
Christiana Care Health Services, Inc.
(Incorrectly Identified as Christiana
Hospital)

DOCS_PH 1594747v1

A32

## VERIFICATION

I, Gregory F. Brown, Esquire, duly depose and state that I am counsel for

Defendants Lydia Adair McFadden and Christiana Care Health Services, Inc. (Incorrectly

identified as Christiana Hospital) in the foregoing matter.  I have read the foregoing

Preliminary Objections to Improper Personal Jurisdiction and Venue and state that the

facts contained therein are true and correct to the best of my knowledge, information and

belief.  I make these statements subject to the penalties of 18 Pa. C.S.A. §4904 relating to

unsworn falsification to authorities.


                                        _____
                                        Gregory F. Brown, Esquire

Date:  June 11, 2004


DOCS_PH 1594747v1

A33

# EXHIBIT A

05/24/2004  15:14  LEGAL RISK MANAGEMENT → 812155796076  NO.281  D004

### Court of Common Pleas of Philadelphia County
### Trial Division
## Civil Cover Sheet

**DV 2004-002750**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Kimbra Criswell | Lydia Adair McFadden |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 105 Shaw Ave.  PA<br>Lewistown, PA 17044 | 93 Cobblestone Court<br>Northeast, MD 21901 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | Christiana Hospital |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>4755 Ogletown-Stanton Rd.<br>Newark, DE  19718 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☑ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>Writ of Summons  Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☑ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other | ☐ Mass Tort<br>☐ Savings Action<br>Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**
20

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

| | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes    No |
| | ☐      ☑ |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Michael T. van der Veen | 25 Bustleton Pike<br>Feasterville, PA  19053 |
| **PHONE NUMBER** (215)396-9001 | **FAX NUMBER** (215)396-8388 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>75618 | **EMAIL ADDRESS** |
| **SIGNATURE** | **DATE** 5/18/04 |

This **NOT an Arbitration Matter**
**JURY TRIAL IS DEMANDED**

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**
**MICHAEL T. VAN DER VEEN, ESQUIRE**
Identification No. 75616
**NELSON LEVIN, ESQUIRE**
Identification No. 49761
25 Bustleton Pike
Feasterville, PA 19053
(215) 396-9001                                 Attorney for Plaintiff

| | |
|---|---|
| **KIMBRA CRISWELL**<br>105 Shaw Avenue, Apt. A<br>Lewistown, Pennsylvania 17044<br>Plaintiff,<br><br>vs.<br><br>**LYDIA ADAIR MCFADDEN**<br>33 Cobblestone Court<br>Northeast, Maryland 21901<br>and<br>**CHRISTIANA HOSPITAL**<br>4755 Ogletown-Stanton Road<br>Newark, Delaware 19718<br>Defendants. | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**MAY TERM, 2004**<br><br>Docket No. _____<br><br><br><br><br>**CIVIL ACTION – LAW** |

---

### Complaint Civil Action: 20 – Other Personal Injury

1.    Plaintiff, Kimbra Criswell, (hereinafter "Plaintiff") is an adult individual, residing at 105 Shaw Avenue, Apt. A, in Lewistown, Pennsylvania.

2.    Defendant, Lydia Adair McFadden (hereinafter "McFadden"), is an adult individual residing at 33 Cobblestone Court, in Northeast, Maryland.

3.    Defendant, Christian Hospital (hereinafter "Christiana"), is a business, company, entity, partnership, franchise, fictitious name, organization, hospital, medical facility and/ or corporation existing and/or qualifying under the laws of the State of

A36

Delaware, with a registered office for the acceptance of service or a principal place of business at 4755 Ogletown-Stanton Road, in Newark, Delaware.

4.      At all times relevant and material hereto, the Plaintiff was employed by Aureus Medical (hereinafter "Aureus"), working as an x-ray technician at Defendant Christiana Hospital.

5.      At all times relevant and material hereto, Defendant, McFadden, was an employee, servant, workman, representative and/ or agent of Defendant, Christiana, and was acting within the scope and course of said employment and/ or agency.

6.      At all times material and relevant hereto, Defendant, Christiana, was acting through their agents, servants, employees, workmen, and/ or representatives, said agents, servants, employees, workmen and representatives acting within the course and scope of their employment and/ or agency.

7.      At all times material and relevant hereto, Defendant, Christiana, was a member, partner and/ or participant of Jefferson Health System, a primary care network, which at all times hereinafter mentioned, did regular, continuous and systematic business within the County of Philadelphia and Commonwealth of Pennsylvania.

8.      On or about May 23, 2002, at or around 9:30 am, the Plaintiff was present in the hallway of the operating room, on the second floor of Defendant, Christiana, when suddenly and without warning, Defendant, McFadden, negligently, recklessly, carelessly and improperly caused certain portable X-ray machine (hereinafter "Machine") to be moved forward, causing said machine to come into contact with the Plaintiff's body, thereby causing the Plaintiff to suffer sever and grievous injuries.

9.      At all times relevant and material hereto, said Machine was owned, operated, maintained, leased and/ or controlled by Defendant, Christiana.

10.     This accident resulted solely from the negligence and carelessness of the Defendants, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

11.     As a direct and proximate result of this accident, the Plaintiff, suffered injuries to her left leg and foot, which may be or are serious and permanent, including, but not limited to left Achilles tendon rupture, Achilles tendonitis, Achilles tendonosis, and abnormal gate, requiring hospitalization.

12.     As a direct, proximate and foreseeable result of said injuries, the Plaintiff has developed various medical conditions, including but not limited to osteopenia and permanent reflex sympathetic dystrophy (hereinafter "RSD"), which resulted in softening and demineralization of bones in the Plaintiff's left foot, thereby making said bones easily breakable.

13.     In November of 2002, the Plaintiff made a step from a normal-size curb which resulted in injuries, which may be or are serious and permanent, including, but not limited to a fracture in the fourth metatarsal of the Plaintiffs' left foot, requiring hospitalization.

14.     Said fracture was a direct, proximate and foreseeable result of said RSD condition and RSD-related softening and demineralization of bones and said fracture could not have occurred but for said RSD condition and RSD-related softening and demineralization of bones.

15.     Said achilles tendon rupture, RSD and fracture did not result from any intervening or superceding causes and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

16. At all times relevant and material hereto, the Plaintiff timely obtained adequate medical assistance and fully complied with all prescribed medical treatments.

17. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has incurred expenses for the treatment of her injuries, has been disabled and not able to perform her usual functions, and has been caused great pain and suffering, to her great loss and damage.

18. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care.

19. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has suffered injuries, which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

20. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has or may suffer severe loss and impairment of her earning capacity and power.

21. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has been unable to attend to her daily chores, duties and occupations.

22. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has incurred other financial expenses or losses which she may otherwise be entitled to recover.

23. As a direct and proximate result of the aforesaid accident and injuries, the Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation and inconveniences, and loss of life's pleasures and she may continue to suffer the same for an indefinite period of time in the future.

## COUNT I
### PLAINTIFF v. DEFENDANT MCFADDEN

24.  The Plaintiff incorporates by reference thereto, paragraphs 1-23, inclusive, as though same were set forth herein at length.

25.  The negligence, carelessness and recklessness of Defendant, McFadden, consisted of the following acts and omissions:

(a)  failure to properly move said Machine;

(b)  moving said Machine without proper lookout;

(c)  violation and/ or failure to comply with the appropriate procedures for moving of said Machine;

(d)  causing said Machine to come into contact with the Plaintiff's body;

(e)  failure to properly operate, control and move said Machine;

(f)  failure to act reasonably under the circumstances;

(g)  failure to act with the reasonable prudence and care of a reasonable person in the same or like circumstances;

(h)  operating, controlling and moving said Machine without due regard to the presence and safety of the Plaintiff;

(g)  violation and/ or failing to comply with laws, guidelines, codes, statutes, laws, regulations, standards, policies and ordinances that are applicable and in effect; and

(h)  being otherwise negligent and careless as may be determined through discovery and/ or trial of this case.

26.    As a direct and proximate result of the negligence and carelessness of Defendant, McFadden, the Plaintiff sustained serious and permanent injuries and other damages as described more fully above. .

WHEREFORE, the Plaintiff demands damages of Defendant, McFadden, in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

## COUNT II
## PLAINTIFF v. DEFENDANT CHRISTIANA

27.    The Plaintiff incorporates by reference thereto, paragraphs 1-26, inclusive, as though same were set forth herein at length.

28.    The negligence, carelessness and recklessness of Defendant, Christiana, consisted of the following acts and omissions:

(a)    negligently entrusting said Machine to Defendant, McFadden;

(b)    failing to properly and adequately hire, supervise, train, instruct, and/or regulate its agents, servants and employees, in particular, Defendant, McFadden;

(c)    permitting an inexperienced and incompetent person to operate said Machine;

(d)    failing to act with due care and regard for the position and safety of others, in particular, the Plaintiff;

(e)    failing to control the acts and conduct of Defendant, McFadden, its employee and/or agent, and instead, acquiescing in said Defendant's negligence and carelessness;

(f)    failing to provide a safe work environment;

(g)    failing to properly and adequately maintain said Machine; and

(h)    such other negligence acts and/or failures to act as may be discovered during the course of discovery in this action;

29.    As a direct and proximate result of the negligence and carelessness of Defendant, Christiana, the Plaintiff sustained serious and permanent injuries and other damages as described more fully above.

WHEREFORE, the Plaintiff demands damages of Defendant, Christiana, in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

## COUNT III
### PLAINTIFF v. DEFENDANT CHRISTIANA

30.    The Plaintiff incorporates by reference thereto, paragraphs 1-32, inclusive, as though same were set forth herein at length.

31.    The negligence and/or carelessness of Defendant, Christiana's, agents, servants, workmen, drivers, employees, representatives, managers and/ or independent contractors, in particular, Defendant, McFadden, which occured within the course and scope of employment and/or agency with Defendant, Christiana, is imputed to said Defendant and said Defendant is liable for same.

32.    As a direct and proximate result of the negligence and carelessness of Defendant, Christiana, the Plaintiff sustained serious and permanent injuries and other damages as described more fully above.

**WHEREFORE**, the Plaintiff demands damages of Defendant, Christiana, in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

KATS, JAMISON, VAN DER VEEN & ASSOCIATES

Dated: 5/19/04          By:

Michael T. van der Veen, Esquire
Nelson Levin, Esquire
Attorneys for Plaintiff

## VERIFICATION

I, Nelson Levin, hereby state that I am the attorney for the plaintiff herein, that I am acquainted with the facts set forth in the foregoing Complaint and that the same are true and correct to the best of my knowledge, information and belief and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Michael T. van der Veen, Esquire
Nelson Levin, Esquire
Attorneys for Plaintiff

# EXHIBIT B

### AFFIDAVIT OF CHRISTIANA CARE HEALTH SERVICES, INC.

I, Buddy Elmore, Senior Vice President of Finance and Managed Care of Christiana Care Health Services, Inc., state that I am the corporate designee of Christiana Care Health Services, Inc., and hereby affirm the following:

1.    Christiana Hospital is owned and operated by Christiana Care Health Services, Inc.;

2.    Christiana Care Health Services, Inc. is a corporation incorporated in and doing business in the state of Delaware;

3.    Christiana Care Health Services, Inc. is not incorporated in the Commonwealth of Pennsylvania;

4.    Christiana Care Health Services, Inc. does not engage in regular, continuous, and systematic business in either Philadelphia County, Pennsylvania, or in the Commonwealth of Pennsylvania;

5.    Christiana Care Health Services, Inc. does not have a registered office in Philadelphia County, Pennsylvania, or the Commonwealth of Pennsylvania;

6.    Christiana Care Health Services, Inc. is not a member, partner, and/or participant of the Jefferson Health System.

I make this statement with the knowledge of the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Buddy Elmore, Senior Vice President

Dated: June ___9th___, 2004

DOCS_DE 94755v1

A46

## AFFIDAVIT OF CHRISTIANA CARE HEALTH SERVICES, INC.

I, Buddy Elmore, Senior Vice President of Finance and Managed Care of Christiana Care Health Services, Inc., state that I am the corporate designee of Christiana Care Health Services, Inc., and hereby affirm the following:

1.    Christiana Hospital is owned and operated by Christiana Care Health Services, Inc.;

2.    Christiana Care Health Services, Inc. is a corporation incorporated in and doing business in the state of Delaware;

3.    Christiana Care Health Services, Inc. is not incorporated in the Commonwealth of Pennsylvania;

4.    Christiana Care Health Services, Inc. does not engage in regular, continuous, and systematic business in either Philadelphia County, Pennsylvania, or in the Commonwealth of Pennsylvania;

5.    Christiana Care Health Services, Inc. does not have a registered office in Philadelphia County, Pennsylvania, or the Commonwealth of Pennsylvania;

6.    Christiana Care Health Services, Inc. is not a member, partner, and/or participant of the Jefferson Health System.

I make this statement with the knowledge of the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Buddy Elmore, Senior Vice President

Dated: June ___9th___, 2004

DOCS_DE 94755v1

A47

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**
**MICHAEL T. VAN DER VEEN, ESQUIRE**
Identification No. 75616
**NELSON LEVIN, ESQUIRE**
Identification No. 49761
25 Bustleton Pike
Feasterville, PA 19053
(215) 396-9001                          **Attorneys for Plaintiff**

| | | |
|---|---|---|
| KIMBRA CRISWELL | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| Plaintiff, | : | **MAY TERM, 2004** |
| vs. | : | |
| | : | **Docket No. 002750** |
| LYDIA ADAIR MCFADDEN | : | |
| and | : | |
| CHRISTIANA HOSPITAL | : | |
| | : | |
| Defendants. | : | **CIVIL ACTION – LAW** |
| | : | |

## PLAINTIFF, KIMBRA CRISWELL'S RESPONSE TO DEFENDANTS PRELIMINARY OBJECTIONS TO IMPROPER PERSONAL JURISDICTION AND VENUE

Plaintiff, by and through her attorneys, Kats Jamison van der Veen and Associates, responds to Defendants' Preliminary Objections to Improper Personal Jurisdiction and Venue as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

1

A48

7.      Denied.  *See* Christiana's website dated 7/11/02, indicating that CCHS-Christiana Hospital is JHS, Jefferson Health System Member Organization, and several current business listings indicating the existence of corporation, **Christiana Care Health System/Jefferson Health System Alliance, LLC** with a corporate address in Radnor, PA., all attached hereto as Exhibit "A".   Discovery is necessary to determine the nature of the legal entity known as Christiana Care Health System/Jefferson Health System Alliance, LLC at the time that the Plaintiff was injured. Plaintiff admits that an affidavit has been filed with Defendants' Preliminary Objections that states the alleged present legal status of Christiana Care Health Services, Inc., but it does not address the status of that entity at the time of Plaintiff's injuries, nor is it consistent with the existence of Christiana Care Health System/Jefferson Health System Alliance, LLC.

8.      Denied. CCHS owns Mid-Atlantic Health Plan and directs its members to Philadelphia physicians, which furthers CCH's goal of providing its member patients/subscribers medical care in Philadelphia.  *See* Exhibit "B".  By way of further response, discovery is necessary to determine the nature of Defendant's business activities within the Commonwealth of Pennsylvania.

9.      Denied.  *See* Plaintiff's response to paragraph 7 and Exhibit "A".  Discovery is necessary to determine the legal relationship between Defendant and Jefferson Health System, both now and at the time of Plaintiff's injuries.

10.     Admitted.

11.     Admitted.

12.     Admitted.

2

13.    Admitted.

14.    Admited.

15.    Admitted.

16.    Admitted.  In fact, moving Defendant transacts business in Pennsylvania through Mid-Atlantic Health Plan and has corporate offices within the Commonwealth, while doing business as Christiana Care Health System/Jefferson Health System Alliance, LLC. *See* Exhibits "A" and "B".

17.    Admitted. *See* Plaintiff's response to paragraph 16.

18.    Denied as a legal conclusion.

19.    Denied as a legal conclusion.

20.    Denied. *See* Plaintiff's response to paragraphs 7, 8, 9, 16 and Exhibits "A" and "B". By way of further response, discovery is necessary to determine the nature and extent to which Defendant Christiana Care Health Systems engaged in the operation of its business in Pennsylvania at the time of Plaintiff's injuries.

21.    Denied. *See* Plaintiff's response to paragraphs 7, 8, 9, 16 and 17 and Exhibits "A" and "B".  By way of further response, discovery is necessary to determine whether Defendant engaged in regular, continuous and systematic business in Pennsylvania at the time of Plaintiff's injuries.

22.    Denied. See Plaintiff's response to paragraphs 7, 8, 9, 16 and Exhibits "A" and "B".  By way of further response, discovery is necessary to determine whether Defendant had sufficient minimum contacts with Pennsylvania at the time of Plaintiff's injuries.

23.    Denied as a legal conclusion.

3

24.    Admitted.

25.    Denied as a legal conclusion.

26.    Denied as a legal conclusion.

27.    Denied. *See* Plaintiff's response to paragraphs 7, 8, 9, 16 and Exhibits "A" and "B".

28.    Denied. *See* Plaintiff's response to paragraphs 7, 8, 9, 16 and Exhibits "A" and "B".

29.    Admitted.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Denied as a legal conclusion.

34.    Denied. *See* Plaintiff's response to paragraphs 7, 8, 9, 16 and Exhibits "A" and "B". By way of further response, discovery is necessary to determine whether Defendant regularly conducted business in Philadelphia County at the time of Plaintiff's injuries.

35.    Admitted that the occurrence took place outside of Philadelphia County. Denied that venue is improper. *See* Plaintiff's response to paragraphs 7, 8, 9, 16 and Exhibits "A" and "B".

36.    Denied as a legal conclusion.

37.    Denied. See Plaintiff's response to paragraphs 7, 8, 9, 16 and 17 and Exhibits "A" and "B". By way of further response, discovery is necessary to determine whether venue is

4

proper in Philadelphia County based on the relationship of Defendant to Philadelphia County at the time of her injuries.

    38.      Admitted.

    39.      Admitted.

    40.      Denied as a legal conclusion.

    41.      Denied. *See* Plaintiff's response to paragraphs 1 through 40 and Exhibits "A" and "B".

WHEREFORE, Plaintiff respectfully requests this Honorable Court to deny Defendant's Preliminary Objections to Improper Jurisdiction and Venue or in the alternative, order that discovery, limited to the issues of jurisdiction and venue, be conducted.

                    Respectfully submitted,
                    Kats, Jamison, van der Veen and Associates

By:                

                    Michael T. van der Veem
                    Nelson Levin
                    **Attorneys for Plaintiff**

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**
**MICHAEL T. VAN DER VEEN, ESQUIRE**
Identification No. 75616
**NELSON LEVIN, ESQUIRE**
Identification No. 49761
**25 Bustleton Pike**
**Feasterville, PA 19053**
**(215) 396-9001**

_Attorneys for Plaintiff_

| | | |
|---|---|---|
| **KIMBRA CRISWELL** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | **MAY TERM, 2004** |
| **vs.** | : | |
| | : | **Docket No. 002750** |
| **LYDIA ADAIR MCFADDEN** | : | |
| **and** | : | |
| **CHRISTIANA HOSPITAL** | : | |
| | : | |
| **Defendants.** | : | **CIVIL ACTION – LAW** |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S PRELIMINARY OBJECTIONS TO IMPROPER**
**PERSONAL JURISDICTION AND VENUE**

## I.    INTRODUCTION.

Defendants have filed Preliminary Objections to Improper Personal Jurisdiction and Venue based on a claim in their writings and a supporting Affidavit that Defendant Christiana Care Health System, Inc., hereinafter CCHS, does not <u>currently</u> conduct regular and continuous business within the County of Philadelphia and the Commonwealth of Pennsylvania.  Defendant makes no claim in their pleadings or Affidavit that Defendant did not conduct regular and continuous business in the County of Philadelphia and the **Commonwealth of Pennsylvania** at the time the Plaintiff was injured by Defendant's negligence.

Because Defendants have not timely filed Preliminary Objections regarding jurisdiction

1

A53

and venue directed to the time of Plaintiff's injuries, they have waived any objections to improper jurisdiction and venue. As a result, Defendants' preliminary objections should be denied.

In the alternative, Plaintiff's Complaint states facts sufficient to make a showing of proper jurisdiction and venue in Philadelphia County. At a minimum, Plaintiff should be allowed limited discovery on the issue of jurisdiction and venue.

## II.  STATEMENT OF FACTS.

On May 19, 2004, Plaintiff filed this cause of action against Defendants claiming that on May 23, 2004, the Defendant, McFadden, while acting in the course and scope of her employment and as an agent of Defendant CCHS, negligently caused severe injuries to the Plaintiff by striking her in the left leg, ankle and foot with a portable x-ray machine. Plaintiff further alleged that the Defendant was part of the Jefferson Health System at the time of her injuries and was engaged in continuous and regular course of business in the County of Philadelphia at the time of her injuries. Defendant has filed these preliminary objections based on Defendant's current status regarding conducting business in the County of Philadelphia and the Commonwealth of Pennsylvania.

## III.  ARGUMENT.

Defendant alleges through the Affidavit of Buddy Elmore that Defendant is <u>currently</u> not a partner participant member of Jefferson Health System. Rules of jurisdiction and venue apply to the time of the incident, as well as to the time of the filing of the lawsuit. That is, if jurisdiction and venue are appropriate at either time, the case should be allowed to go forward. *See* <u>Fields vs. Ramada Inn, Inc.</u>, 816 F. Supp. 1033(E.D. Pa. 1993). According to Jefferson

2

Health System website dated 7/11/02, Defendant Christiana Hospital was a Jefferson Health System allied hospital. See Exhibit "A", Page 2. Most significantly, the corporate entity **"Christiana Care Health System/Jefferson Health System Alliance, LLC"** currently maintains a corporate address at 259 N. Radnor-Chester Road, Radnor, PA 19087. *See* Exhibit "A", Page 3. Curiously, 259 N. Radnor-Chester Road, Suite 290, Radnor, PA is the same address that Jefferson Health System lists as their own corporate address. Also, JHS's own website currently lists CCHS as a strategic alliance partner. *See* Exhibit "A"). Accordingly, , Christiana Care Health System/Jefferson Health System Alliance, LLC maintained a business relationship and a corporate address in this Commonwealth both now and at the time of Plaintiff's injury and Complaint. This raises conflicting issues of fact when viewed against the Affidavit of Buddy Elmore, who affirms *inter alia* that Christiana Care Health Services **does not have a registered office in .... the Commonwealth of Pennsylvania** and is **not a member of Jefferson Health System**. At the very least, Plaintiff should be permitted to conduct discovery to address these factual disputes and determine the legal relationship between Defendant and Jefferson Health System both now and at the time of Plaintiff's injuries.

The lynchpin of Defendant's argument is that it does not engage/transact business in Pennsylvania so that this Court lacks jurisdiction pursuant to Pennsylvania's Long Arm Statute, 42 Pa. C.S.A.§5322. Defendant owns Mid-Atlantic Health Plan, a managed care plan. *See* Exhibit "B". Remarkably, Christiana's/Mid-Atlantic's web page directs it's patients to locate

3

physicians in Philadelphia.  In fact, Defendant directs its patients to over 100 physicians in Pennsylvania, several of whom have offices in Philadelphia.  *See* Exhibit "B".

It is critical for the Court to note that this is just not a mere passive web site providing information to patients.  Rather, it is Defendant making medical care available to patients/subscribers **not in Delaware**, but in Philadelphia County and in Pennsylvania.

It is evident that Defendant's objective is to provide services to its patients/subscribers at medical offices in Philadelphia County and in Pennsylvania.  Simply stated, jurisdiction and venue is premised on medical services provided at offices located in Philadelphia.  These business contacts go far further than the rotation of medical students to Christiana Hospital from Philadelphia County medical schools or advertising in Philadelphia Yellow Pages.

Plaintiff asks, albeit rhetorically, how Defendant can claim lack of reasonable notification that it may be called to defend itself in Philadelphia County and Pennsylvania when it directs its patients/subscribers to seek medical treatment at over 100 physician's offices in the Commonwealth and several in Philadelphia alone.  Accordingly, on its face Plaintiff's Complaint states a proper claim for jurisdiction and venue.

At the very least, dismissal at this juncture is premature because Plaintiff has not had the opportunity to conduct discovery regarding Defendant's relationship both now and at the time of the incident with Jefferson Health Systems, Christiana Care Health Systems/Jefferson Health Systems Alliance, LLC and the nature of Defendant's business activities within the Commonwealth and Philadelphia through Mid-Atlantic Health Plan.  When there are controverted facts as to venue, discovery should be taken to provide the trial court with a basis upon which to rest a decision on venue. Hamre v. Resnick, 486 A.2d 510 (Pa. Super. 1984),

Kubik v. Route 252, Inc. t/a Alberto's Newtown Squire, 762 A.2d 1119 (Pa. Super. 2000).

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendant Preliminary Objections as to Venue and Jurisdiction or, alternatively, allow Plaintiff sixty (60) days to conduct discovery limited to the issues of jurisdiction and venue before ruling on Defendant's Preliminary Objections.

Kats, Jamison, van der Veen & Associates

Dated: 7/1/04

By:

Michael T. van der Veen, Esquire
Nelson Levin, Esquire
Attorneys for Plaintiffs

5

A57

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**
**MICHAEL T. VAN DER VEEN, ESQUIRE**
Identification No. 75616
**NELSON LEVIN, ESQUIRE**
Identification No. 49761
25 Bustleton Pike
Feasterville, PA 19053
(215) 396-9001

_____ Attorneys for Plaintiff

| | | |
|---|---|---|
| **KIMBRA CRISWELL** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| Plaintiff, | : | **MAY TERM, 2004** |
| vs. | : | |
| | : | **Docket No. 002750** |
| **LYDIA ADAIR MCFADDEN** | : | |
| and | : | |
| **CHRISTIANA HOSPITAL** | : | |
| | : | |
| Defendants. | : | **CIVIL ACTION – LAW** |
| | : | |

## VERIFICATION

I, Nelson Levin, hereby state that I am the attorney for the Plaintiff, Kimbra Criswell, in the foregoing matter. I have read the foregoing Plaintiff's Response to Preliminary Objections and state the facts contained therein are true and correct to the best of my knowledge, information and belief. I make these statements subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities.

Dated: 7/1/04

_____
**NELSON LEVIN, ESQUIRE**
Attorney for Plaintiff

A58

**KATS, JAMISON, VAN DER VEEN & ASSOCIATES**
**MICHAEL T. VAN DER VEEN, ESQUIRE**
**Identification No. 75616**
**NELSON LEVIN, ESQUIRE**
**Identification No. 49761**
**25 Bustleton Pike**
**Feasterville, PA 19053**
**(215) 396-9001**                              **Attorneys for Plaintiff**

| | | |
|---|---|---|
| **KIMBRA CRISWELL** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | **MAY TERM, 2004** |
| **vs.** | : | |
| | : | **Docket No. 002750** |
| **LYDIA ADAIR MCFADDEN** | : | |
| **and** | : | |
| **CHRISTIANA HOSPITAL** | : | |
| | : | |
| **Defendants.** | : | **CIVIL ACTION – LAW** |
| | : | |

## CERTIFICATE OF SERVICE

I, NELSON LEVIN, ESQUIRE, do hereby certify that on this date I have caused a true

and correct copy of the foregoing Plaintiff's Response to Preliminary Objections to be served on

the following counsel *via* U.S. First Class Mail on July 1, 2004:

> Gregory F. Brown, Esquire
> WHITE & WILLIAMS
> 1800 One Liberty Place
> Philadelphia, PA 19103

Kats, Jamison, van der Veen & Associates

Dated: 7/1/04                    By: _____

Nelson Levin, Esquire
Attorney for Plaintiff



**Jefferson**
Health System

| Albert Einstein Healthcare Network | Frankford Hospitals | Magee Rehab | Main Line Health | Thomas Jefferson University Hospital |

**About Us**

**System News**

**About the System**

**Annual Reports**

**Contact Us**

**Site Map**

**Employment**

**System Members**

Jefferson Health System (JHS), formed in 1996, now includes Thomas Jefferson University Hospital (TJUH), Methodist Hospital Division of TJUH, Bryn Mawr Hospital, Lankenau Hospital and Paoli Memorial Hospital; Bryn Mawr Rehab; Jefferson HealthCARE Physicians, a primary care network that includes such organizations as Great Valley Health in the Main Line area; JeffCARE, a Physician Hospital Organization; Jefferson Home Care; Albert Einstein Medical Center; Germantown Community Health Services; MossRehab; Willowcrest (a center for subacute care); Willow Terrace at Germantown (a long-term care facility) and Belmont Behavioral Health. Einstein also operates a number of outpatient and satellite locations and a primary care network, Einstein Neighborhood Healthcare.

**Thomas Jefferson University Hospital**

**Albert Einstein Healthcare Network**

**Frankford Hospitals**

**Magee Rehabilitation**

**Main Line Health**

Frankford Hospital includes three community teaching hospitals, the Frankford, Torresdale and Bucks campuses; three additional outpatient sites and Frankford Health Care Network Physician Services. Magee Rehabilitation Hospital completes the group.

**Joseph T. Sebastianelli Named President of Jefferson Health System**
(Published 1-22-2002) Health-care leader and innovator Joseph T. Sebastianelli has been selected as the new President and Chief Executive Officer of the Jefferson Health System (JHS), headquartered in Radnor, Pa.

**Thomas Jefferson University Hospital**

**Albert Einstein Healthcare Network**

**Frankford Hospitals**

**Magee Rehabilitation Hospital for Physical Rehab**

**Welcome to Main Line Health**



embers



# State of Pennsylvania

Charter Number: 002935343
Reference Code: NLevin-Criswell

**CHRISTIANA CARE HEALTH SYSTEM/JEFFERSON HEALTH SYSTEM ALLIANCE, LLC** - As of: 02/12/2003
Address: **259 N RADNOR CHESTER RD, RADNOR PA 19087-5240**
Address Type: CORPORATE ADDRESS
Status: **ACTIVE**
Filing Date: **04/06/2000**
Terms:
Type:
Registered Agent:
FEIN:
Incorporation State: DE

OFFICERS AND DIRECTORS:

**CHRISTIANA CARE HEALTH SYSTEM/JEFFERSON HEALTH SYSTEM ALLIANCE, LLC** - As of: 02/12/2003
Officer: CHRISTIANA CARE CORPORATION (MEMBER), CHEIF EXECUTIVE OFFICER, 501 W 14TH ST, WILMINGTON DE 19801-1013

Officer: JEFFERSON HEALTH SYSTEM INC (MEMBER), VICE PRESIDENT, 501 W 14TH ST, WILMINGTON DE 19801-1013

Main Menu | People | Businesses | Assets | Licenses | Directory Assistance | Courts | My Account | Print | Conta

CORPORATION    D&B    DE

**Coverage** **Help**

**Company Name**
CHRISTIANA CARE HEALTH SY

**Last Name**

**First Name**

**Middle Name**

**Street Address**

**City**

**State**    **Zip**

**FEIN**    **Charter Number**

Search

Clear

Output Type:  ● Formatted HTML    ○ Cut and Paste / Printer Friendly Text (No Reports)

**Reference Code:**
NLevin Chriswell

**Important:** The Public Records and commercially available data sources used in this system have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified

**Search completed**          **Records: 1 to 2 of 2**

Click Icons Below To Run a Report

↓    All

**Export to Excel**    **Icon Legend**

Click Icons Below To Run a Report
↓

**CORPORATIONS**

Company Name - CHRISTIANA CARE HEALTH SYSTEM/JEFFERSON HEALTH SYSTEM ALLIANCE, LLC
Address - 259 N RADNOR CHESTER RD, RADNOR PA 19087-5240
Address Type - CORPORATE ADDRESS

Charter Number - 002935343
State of Origin - PA
Record Date - 02/12/2003
Status - ACTIVE

Company Name - CHRISTIANA CARE HEALTH SYSTEM/JEFFERSON HEALTH SYSTEM ALLIANCE, LLC
Address - 501 W 14TH ST, WILMINGTON DE 19801-1013
Address Type - CORPORATE ADDRESS

Charter Number - Z05785696
State of Origin - MD
Record Date - 09/15/2003
Status - ACTIVE

**Export to Excel**

**Records: 1 to 2 of 2**

content into Web pages and documents, without requiring developers to create new templates;

- A Web services layer that not only enables content authors to use their existing content creation tools, but also provides tight integration with external delivery systems such as portals, application servers and asset management systems; and,

- A configurable, engine-based architecture that facilitates the production and aggregation of content while minimizing the need for custom coding, providing enterprises with a "future-proof" content management foundation.

Overall, Rhythmyx addresses the content management challenge with a true enterprise solution that offers the lowest total cost of ownership.

"Jefferson Health System adds to our growing list of healthcare market leaders selecting Percussion as their content management vendor of choice," said Barry Reynolds, president and CEO of Percussion Software. "Overall, our Rhythmyx customers continue to validate our content management vision and tell us we're working on solving the real problems they've encountered using other systems."

### About Jefferson Health System

The Jefferson Health System was formed through the merger of the Main Line Health System and Thomas Jefferson University Hospital, which was legally separated from Thomas Jefferson University in 1996. Albert Einstein Healthcare Network, Frankford Health Care System and Magee Rehabilitation became additional founding members of the system in 1998. JHS also now includes long-term care, behavioral health, a rehabilitation network, as well as physician and home-health services. Its strategic alliance partners include Riddle Memorial Hospital, Pottstown Memorial Medical Center, Underwood-Memorial Hospital and AtlanticCare in New Jersey and Christiana Care Health System in Delaware.

The Jefferson Health System grew from a concept to being the largest, most successful health system in the Delaware Valley with the greatest geographic coverage and market share. JHS brought together five significant provider networks into the region's only major not-for-profit health system operating as a decentralized model.

Percussion Software is a registered trademark and Rhythmyx, Active Assembly and Rhythmyx Content Model are trademarks of Percussion Software.

### Contacts

Pam Foote
Parker Communications
978.681.5572
pfoote@parkercomms.com

[top]

Home . Site Map . Search . Contact Us . Products . Services . Support . News & Events . Partne

Trademarks and Copyright 2004 Percussion Software, Inc. All rights reserved. . Privacy Stat

A66



IPO Central        Hoover's Books

Friday, June 25, 2004

Ads by Google

Hilton Christiana
Compare prices & read user reviews before you book-
Great deals

Robotic Heart Surgery
Minimally invasive robotic heart surg
two days.

Home        About Hoover's        Subscription Options        Hel

Company Name

Browse Directories »

**Browse Company Record**

Fact Sheet

People 🔒

Competitors 🔒

News

**Pro Premium Tools**

🧑‍🤝‍🧑 Family Tree Viewer

📦 Build Company List
(D&B In-Depth)

**Pro Plus Tools**

📋 Report Builder

📦 Build Company List
(D&B Basic)

🌐 International Search

**Pro Tools**

🔍 Find Similar Companies

📧 Add E-Mail News Alerts

📦 Build Company List
(Hoover's In-Depth)

📦 Build Executive List

📰 Custom News Search

🎯 Target IPO Companies

📊 StockScreener

**Tools**

📁 Profile View

📄 Search For Reports

📲 Download to PDA

📱 Wireless Access

✉ E-Mail This Page

🖨 Print This Page

# Christiana Care Corporation

501 W. 14th St.
Wilmington, DE 19801 (Map)

Phone: 302-733-1900
Fax: 302-428-5770

http://www.christianacare.org ↪

*Covered by Jay Koenig*

Christiana Care's not-for-profit health care network serves patients in Delaware and surrounding areas of Pennsylvania, Maryland, and New Jersey. Founded in 1888, the company operates Wilmington Hospital and Christiana Hospital, which together have more than 1,100 beds. The hospitals provide heart services (including cardiac surgery and coronary angioplasty), cancer treatment, women's health services, physical medicine and rehabilitation, general medicine, and surgery. The system also offers two of its own managed care plans, Mid-Atlantic Health Plan and First State Health Plan for Medicaid patients. Christiana Care sponsors a residency program and forms partne community hospitals in its region..

▾ advertisement ▾



REMAIN CALM AND CLICK HERE

DEPRESSURIZATION MAY OCCUR IN EVENT OF MASSAGE

virgin at

## Key Numbers

**Company Type**                Private - Not-for-Profit

**D&B D-U-N-S Number**          Subscribers Only 🔒

**Fiscal Year-End**             June

Scottr
Scottrade: $7 O
Orders, FREE Do
Fast Execution
Account Ba

## Key People

**Chairman**                    A. Keith Willard

**COO**                         Gary Ferguson

**SVP and CFO**                 Buddy Elmore

*More People* 🔒

Job Ope

## Industry Information

- Health Care
  - Health Care Services

Why
Ameritrad

A67

FROM WHITE & WILLIAMS LLP                (TUE) 7. 6:04 10/01/ST   9:48/NO. 4862918624 P. 25
Case 1:05-cv-00321-GMS    Document 6    Filed 08/12/2005    Page 46 of 46

Page 1 of 4





2004 Distinguished Hospital Award



About Christiana Care
  About our Hospitals

  About our Physicians

  Hospital and Patient Care
  Addresses

  Maps & Directions

  Main Phone Listing

  Making a Gift

  Annual Report

  Press Information

  Becoming a Volunteer

  Send A Message To A
  Patient'

  Make Your Gift Now

# Mid-Atlantic Health Plan Provider Directory

Welcome to Mid-Atlantic Health Plan. This Provider Directory is designed to provide you with the information you need to get the full use of your health care benefits. By receiving your care through the Mid-Atlantic network, you take advantage of maximum program benefits, and minimize your out-of-pocket costs.

Depending upon your Mid-Atlantic Health Plan benefit program, you may have to select a Primary Care Physician (PCP) for you and each family member covered under your benefit plan. The Advantage, Select, Blue Hen and Caesar Rodney benefit plans require that you select a PCP to serve as your care manager. If you are enrolled in the Preferred plan, we encourage you to select a PCP, but it is not required. PCP specialties include doctors who practice Family Medicine, Internal Medicine and Pediatrics.

The Advantage, Select, Blue Hen and Caesar Rodney benefit plans require that you receive a referral from your PCP before seeking specialty care. Your PCP will refer you to specialty physicians and hospitals in the Mid-Atlantic Health Plan network.

In the Primary Care Physicians Section, physicians are categorized by primary care specialty - Family Practice, Internal Medicine and Pediatrics - within each geographical area and then listed alphabetically by name. If a physician is a member of a group practice, the name of the group practice is also listed.

In the Obstetricians/Gynecologists Section, physicians are listed alphabetically within each geographical area.

In the Behavioral Health Section, providers are categorized by behavioral health specialty - Psychiatry, Psychology, Social Workers, and Counselors - within each geographical area and then listed alphabetically by name. If you need behavioral health services, please call United Behavioral Health at (866) 607-3471.