Not Reported in A.2d                                                                                       Page 5
Not Reported in A.2d, 2003 WL 21203291
**(Cite as: Not Reported in A.2d)**

> FN26. 1 Am.Jur.2d *Abatement, Survival, and Revival* § 1 (1994) (citations omitted). Alternatively, "abatement" can be defined as "the result ... of defects which vitiate the propriety of [a] suit as brought, as opposed to the existence ... of the cause of action." 1 C.J.S. *Abatement and Revival* § 2 (1985).

In similar contexts, other courts, as well as the Restatement of Judgments, have referred to dismissals "with prejudice" as "generally signif[ying] that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff." FN27 Applying that principle here, this Court finds that, by granting Nixon Uniform's original motion to dismiss "with prejudice," this Court granted Nixon Uniform a final judgment "on the merits" so that the "savings" statute does not apply. FN28 This finding is particularly warranted given that Plaintiffs neither responded to the original Motion to Dismiss despite a direction to do so from the Court, nor did they seek reargument of or appeal this Court's decision granting the motion as unopposed. Plaintiffs had been put on notice of the potential finality of the relief sought by virtue of the inclusion of the words "with prejudice" in the proposed order submitted with Nixon Uniform's Motion to Dismiss and again in its "Responsive Motion to Dismiss."

> FN27. *Yonkers Contr. Co. v. Port Auth. Trans-Hudson Corp.,* 712 N . E.2d 678, 681 (N.Y.1999) (citing Restatement of Judgments § 53 cmt. c (1942); Restatement (Second) of Judgments § 20 cmt. d (1980)).

> FN28. *Gosnell,* 198 A.2d at 926.

*4 As noted, however, Plaintiffs contend that Delaware's "savings" statute should apply here because this Court has previously found that the statute can apply where an original suit "is dismissed due to the inaction of [a] plaintiff's attorney." FN29 It is true that this Court, in an automobile personal injury action wherein the plaintiff's attorney failed to perfect service under the nonresident motorist "long arm" statute, stated that the statute "has been described as [ ]designed to mitigate against the harshness of the defense of the statute of limitations against a plaintiff, who, through no fault of his own, finds his case technically barred by lapse of time. [ ]" FN30 On the other hand, however, the Court of Chancery, in a declaratory judgment action relating to professional liability insurance coverage and following an attorney's failure to "properly serve[ ] process" upon a party, noted in a footnote without resolution (or discussion of the *Gaspero* case) that the "savings" statute "is not directed to neglect of an attorney." FN31 It is difficult to reconcile *Gasepro* and *Higgins,* but this Court need not do so.

> FN29. Pls.' Resp. ¶ 4.

> FN30. *Gaspero v. Douglas,* C.A. No. 80C-DE-45 ADC, 1981 WL 10228, at *1 (Del.Super.Nov. 6, 1981) (citing *Giles v. Rodolico,* 140 A.2d 263, 267 (Del.1958)).

> FN31. *Pacific Ins. Co. v. Higgins,* C.A. No. 11284, 1993 WL 133181, at *2 n. 1 (Del. Ch. Apr. 15, 1993).

Turning to the *Giles* case from which the *Gaspero* Court quoted, it is clear that the facts of that case brought the action there within the ambit of the "savings" statute because, although not stated in the opinion, dismissal of the original suit in that case was not "upon the merits": the original summons was returned *non est* and the plaintiff's attorneys thereafter made no attempt to file for an alias summons until 28 days outside of the statutorily-provided timeframe; by the time the summons was served, the statute of limitations had run. FN32 Nevertheless, the Supreme Court in *Giles* (despite the question not having been presented to it) FN33 permitted plaintiff to file a second complaint because "[t]here c[ould] be no question of harm to the defendant arising from the late filing for it clearly appear[ed] that his insurance adjustor knew not only that the original action had been filed ... but also that through faulty directions to the sheriff the defendant had not been served with process." FN34

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                Page 6
Not Reported in A.2d, 2003 WL 21203291
**(Cite as: Not Reported in A.2d)**

FN32. *Giles,* 140 A.2d at 264-265.

FN33. The Supreme Court noted that " much saving in the way of time, expense and effort might be made if we [nonetheless] proceed to [consider plaintiff's right to re-file]." *Id.* at 267.

FN34. *Giles,* 140 A.2d at 267-268.

The facts of the *Giles* case, however, should be contrasted with the facts of this case. It has been said that a party "is not excused from failure to obey an order of the court because of nonfeasance FN35 on the part of his or her attorney[ ][,]" FN36 which is exactly what happened here. As stated, in addition to Nixon Uniform's original and " responsive" motions, the Court also issued a letter to Plaintiffs' prior counsel directing him to respond to Nixon Uniform's motion, and counsel thereafter failed to act, *i.e.,* an act of nonfeasance was committed. The fact that Plaintiffs' prior counsel failed to respond cannot now save their action, as this Court finds that the more sensible conclusion is that "[s]tatutes that permit the bringing of a new action after the limitations period ... should not be used to insulate a plaintiff from ... laches, negligence, or other similar faults." FN37

FN35. Nonfeasance is defined as "the failure to act when a duty to act existed." Black's Law Dictionary 1076 (7th ed.1999).

FN36. 24 Am.Jur.2d*Dismissal, Discontinuance, and Nonsuit* § 62 (1998) (citations omitted).

FN37. 51 Am.Jur.2d*Limitation of Actions* § 274 (2000); *cf. Higgins,* 1993 WL 133181, at *2 n. 1.

*5 Additionally, the facts of the *Gaspero* case can be distinguished from the facts of this case. The *Gaspero* Court, in construing only the "abatement" prong of the "savings" statute, determined that the statute applied where the plaintiff's counsel originally failed to perfect service upon the non-resident motorist defendant, but was subsequently able to do so, after the statute of limitations had run. FN38 The Court was "of the opinion that the equities ... weigh[ed] in favor of the plaintiff[ ][,]" FN39 and the Court limited its holding to "the circumstances [t]here" because the tortfeasor had notice of the claim through correspondence that plaintiff's counsel directed toward the tortfeasor's insurer shortly after the accident. FN40 Here, by contrast, Plaintiffs failed to substantively address a direction by the Court to respond to Nixon Uniform's Motion to Dismiss, which motion Nixon Uniform filed after having been properly served with process. Therefore, to the extent that the "savings" statute may countenance " attorney neglect," the type of "attorney neglect" contemplated by the statute has not been shown here.

FN38. *Gaspero,* 1981 WL 10228, at *2.

FN39. *Id.*

FN40. *Id.*

With regard to the second alternative prong of the statute, *i.e* . the "avoiding" or "defeating" of the action "for any matter of form," the Court likewise finds the statute inapplicable to the facts at hand. The Court concludes that this prong of the statute is directed toward instances such as lack of jurisdiction or filing in the wrong venue, and not a deliberate failure to respond to a motion to dismiss, such as happened in the instant case. FN41 With that said, and given that Delaware's "savings" statute does not otherwise apply to Plaintiff's action against Nixon Uniform, the statute of limitations on Plaintiff's original action continued to run on Plaintiff's claim against Nixon Uniform. FN42 As stated, the accident underlying Plaintiff's suit occurred on March 11, 1998. The statute of limitations on tort claims of the sort involved here is two years, FN43 so Plaintiffs' action against Nixon Uniform is now barred.

FN41. Indeed, when the statute is considered as a whole, and if "abatement"

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A106

Not Reported in A.2d                                                                                                          Page 7
Not Reported in A.2d, 2003 WL 21203291
**(Cite as: Not Reported in A.2d)**

>is construed to mean "the result ... of defects which vitiate the propriety of [a] suit as brought," *see* note 26, *infra*, then it becomes clear that the entirety of the statute is directed toward procedural issues and not a substantive failure to respond to a Court direction, as is the case here.
>
>FN42. *See* 51 Am.Jur.2d*Limitation of Actions* § 273 (2000) (stating that "if a court dismisses an [original] action, the statute of limitations continues running ... unless ... a savings statute [applies] ...").
>
>FN43. *See* Del.Code Ann. tit. 10, § 8119 (1999).

Because the "savings" statute does not otherwise apply, Nixon Uniform's Motion to Dismiss is GRANTED, and the Court need not reach the *respondeat superior* arguments Nixon Uniform also advances. FN44

>FN44. This Court takes no pleasure in this ruling, which comes at the end of a convoluted litigation and has the effect of barring Plaintiffs from ever having had their day in Court.

IT IS SO ORDERED.

Del.Super.,2003.
O'Donnell v. Nixon Uniform Service, Inc.
Not Reported in A.2d, 2003 WL 21203291

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A107

Westlaw.

Not Reported in A.2d                                                                                                                   Page 1

Not Reported in A.2d, 1999 WL 33116503
**(Cite as: Not Reported in A.2d)**

Not Reported in A.2d, 1999 WL 33116503
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Betty J. QUILLEN, Plaintiff,
v.
Edward M. KNIGHT, now deceased, and Sylvia T. Knight, Administratrix of the Estate of Edward M. Knight, Defendants.
**No. 98C-04-231-CHT.**

Nov. 10, 1999.

ORDER

TOLIVER, J.

\*1 This the 10th day of November, 1999, upon consideration of the Defendant's Motion for Summary Judgment and record in this case, it appears that:

1. On September 23, 1994, the Plaintiff was involved in an automobile accident with Edward M. Knight. On August 29, 1996, she commenced an action in the United States District Court for the District of Massachusetts for personal injuries arising from that accident. FN1 On October 7, 1996, Mr. Knight was personally served with a summons and complaint. FN2 The Defendant moved to dismiss the Massachusetts federal action for lack of personal jurisdiction, insufficient service of process and improper venue on November 11, 1996. The Massachusetts court granted the motion to dismiss, but subsequently vacated its order and transferred the action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406. For reasons unrelated to this litigation, Mr. Knight passed away on November 21, 1996.

FN1. There is no specific information regarding what district within Massachusetts this suit was originally filed.

FN2. A New Castle County, Delaware Sheriff personally served Mr. Knight with the summons and complaint on October 7, 1996, after an earlier unsuccessful attempt at service had failed. Both parties acknowledge that proof of service was never docketed with the Massachusetts court.

2. Thereafter, on May 30, 1997, Counsel entered a limited appearance and filed a motion to dismiss the action on behalf of Mr. Knight. FN3 Judge Longobardi, on behalf of the Delaware District Court, granted that motion on March 11, 1998 based upon a lack of personal jurisdiction and insufficiency of service of process.

FN3. The Plaintiff filed a motion for substitution of parties for Mrs. Knight due to the death of Mr. Knight with the District Court for the District of Delaware. The court did not consider this motion and found it to be inappropriate because Mrs. Knight was not properly served with the motion for substitution. *Quillen v. Knight,* D. Del., C.A. No. 97-100-LON, Longobardi, J. (March 11, 1998) (Order).

3. On April 24, 1998, the Plaintiff initiated the present action pursuant to the Delaware savings statute, 10 *Del. C.* § 8118. The statute reads in part:
(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A108

Not Reported in A.2d                                                                                                    Page 2
Not Reported in A.2d, 1999 WL 33116503
**(Cite as: Not Reported in A.2d)**

plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.

On October 4, 1999, the Defendant filed the instant motion for summary judgment.

4. The defense argues that the action was not "duly commenced" within the meaning of the statute. Specifically, it alleges that Mr. Knight was never effectively served with process before his death or during the course of the Massachusetts litigation, and the Plaintiff did not diligently attempt to correct that deficiency prior to the transfer of the action to the Delaware District Court almost two years later. The Court is further urged to rule in favor of the defense because as a result of Mr. Knight's death, it would be prejudiced in its defense of the action. Finally, the defense argues that Section 8118 does not apply to this litigation because the original action was filed in a foreign forum (Massachusetts).

*2 5. The Plaintiff contends that the action was in fact "duly commenced" as required by the statute and that Defendants reliance on *Ellis v. Davis,* Del.Super., C.A. No. 97C-08-014, Quillen, J. (May 11, 1998), is unfounded as is the suggestion that the Plaintiff did not diligently bring Mr. Knight within the court's jurisdiction. There is also no prejudice to the defense because it received timely notice of the litigation when Mr. Knight was personally served with the summons and complaint before his death. Lastly, the Plaintiff asserts that this action can be brought under the savings statute based on the ruling in *Leavy v. Sanders,* Del.Super., 319 A.2d 44 (1974).

6. A motion for summary judgment will be granted where the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party bears the burden of showing that no genuine issue of material fact exists and the record must be viewed in the light most favorable to the non-moving party. *Borish v. Graham et. al.,* Del.Super., 655 A.2d 831, 833 (1994). If there is any evidence to support an outcome favorable to the non-moving party, summary judgment must be denied. *Plant v. Catalytic Construction Co.,* Del.Super., 287 A.2d 682, 684 (1972).

7. According to Super. Ct. Civ. R. 3(a), an action is "commenced" by filing a complaint and a praecipe directing that the former be served on a defendant. However, in order for an action to be "duly commenced", the plaintiff must also diligently seek to bring the defendant into court and subject him to its jurisdiction. *Russell v. Olmedo,* Del.Supr., 275 A.2d 249, 250 (1971). The purpose behind Section 8118 was to mitigate against the harshness of the defense of the statute of limitations raised against a plaintiff who, through no fault of his own, finds his cause technically barred by the lapse of time. *Giles v. Rodolico,* Del.Supr., 140 A.2d 263 (1958).

8. This action was initiated in the Massachusetts District Court where service on the Defendant was never effectuated. It was then transferred to the Delaware District Court where that deficiency was never corrected. The Delaware District Court, in dismissing the action, stated that: "Plaintiff was aware, however, that the Massachusetts court lacked jurisdiction over defendant. In light of the Massachusetts Court's ruling FN4, plaintiff should have known that service was ineffective. The parties acknowledge that there was time to serve defendant upon transfer to this district, however, plaintiff never made any attempt to re-serve." *Quillen v. Knight,* D. Del., C.A. No. 97-100-LON, Longobardi, J. (March 11, 1998)(Order).

> FN4. That Court granted Mr. Knight's motion to dismiss for lack of personal jurisdiction, insufficient service of process, and improper venue in the Massachusetts court on November 11, 1996. No opposition had been filed by Ms. Quillen. She then filed a motion for reconsideration asserting that she had indeed filed a memorandum in opposition to Mr. Knight's motion to dismiss, but her memorandum did not appear on the court's docket.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A109

Not Reported in A.2d                                                                                                                    Page 3
Not Reported in A.2d, 1999 WL 33116503
**(Cite as: Not Reported in A.2d)**

> Thereafter, the Court reopened the case, vacated the judgment of dismissal and transferred the matter to the Delaware District Court. *Id.*

9. In order for the present action to proceed, the failure to properly serve defendant within the prescribed time must result from excusable neglect. *Lyles v. Cybak,* Del.Supr., 357 A.2d 739 (1976). It was through the Plaintiffs' negligence that the cause of action was improperly brought in Massachusetts and service never perfected. Nor has that negligence been shown to be excusable or otherwise meriting inclusion within the ambit of Section 8118. Consequently, since the Plaintiff did not diligently seek to bring the Defendant before the bar of justice, the Court must conclude that this action was not "duly commenced" as required by Section 8118.

*3 Based on the foregoing, the Defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

Del.Super.,1999.
Quillen v. Knight
Not Reported in A.2d, 1999 WL 33116503

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A110



Not Reported in A.2d                                                                                        Page 1

Not Reported in A.2d, 2001 WL 755936
(Cite as: Not Reported in A.2d)

C
Not Reported in A.2d, 2001 WL 755936
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
EMPIRE FINANCIAL SERVICES, INC., Plaintiff,
v.
THE BANK OF NEW YORK (Delaware) and James Armistead, jointly and severally, Defendants.
No. Civ.A.00C-09-235SCD.

Submitted Jan. 8, 2001.
Decided Jan. 12, 2001.

Upon Defendants' Motion to Dismiss-Granted in part; Denied in part.

ORDER

DEL PESCO, J.
*1 The Defendants, The Bank of New York (Delaware) ("BNY") and James Armistead ("Armistead"), have filed a motion to dismiss this action. The grounds of the motion are (1) that the claim is barred by the statute of limitations, and (2) the Delaware savings statute FN1 does not apply.

    FN1. 10 *Del. C.* § 8118(a).

This lawsuit follows another arising from the same facts. That lawsuit was dismissed when I granted a motion to dismiss The Bank of New York (Delaware) because of insufficiency of service of process. That decision was appealed to and affirmed by the Delaware Supreme Court.

Defendant Armistead also filed a motion to dismiss due to failure to properly serve him, service having been accepted by a person, not his agent, at his place of business. By decision dated October 27, 2000, I denied the motion to dismiss, but gave the plaintiff 30 days to achieve service on Armistead.

The Delaware savings statute provides:
  If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form ... a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action.... FN2

    FN2. *Id.*

Delaware courts have held that this statute has a remedial purpose and should be liberally construed so that disputes may be decided upon their merits rather than upon procedural technicalities . FN3 The statute "was designed to mitigate against the harshness of the defense of the statute of limitations against a plaintiff who, through no fault of his own, finds his cause technically barred by lapse of time." FN4 Although the Delaware Supreme Court has stated that the savings provision was not intended to be "a refuge for careless and negligent counsel," FN5 it is applicable if "it appears that no harm will result from the allowance of a second suit ." FN6 In a subsequent decision, the Supreme Court stated that the law favors decision on the merits where "defendant has not been prejudiced since he was given prompt notice of plaintiff's intention to litigate," FN7 and held that if a plaintiff is within the terms of the statute, he or she has an absolute right to bring a second suit. FN8 Thus, the savings statute "confers upon a plaintiff the independent right to bring a second cause of action where a prior timely action has been dismissed because of a failure to perfect service of process within the period of limitations." FN9

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A111

Not Reported in A.2d    Page 2

Not Reported in A.2d, 2001 WL 755936
(Cite as: Not Reported in A.2d)

FN3. *See Vari v. Food Fair Stores, New Castle, Inc.,* Del.Supr., 205 A.2d 529 (1964) ; *Gosnell v. Whetsel,* Del.Supr., 198 A.2d 924 (1964) ; *Viars v. Surbaugh,* Del.Super., 335 A.2d 285 (1975) ; *Leavy v. Saunders,* Del.Super., 319 A.2d 44 (1974) ; *Howmet Corp. v. City of Wilmington,* Del.Super., 285 A.2d 423 (1971).

FN4. *Giles v. Rodolico,* Del.Supr., 140 A.2d 263, 267 (1958).

FN5. *Id.*

FN6. *Id.*

FN7. *Gosnell v. Whetsel,* Del.Supr., 198 A.2d 924 (1964).

FN8. *Id.* at 927.

FN9. *Gaspero v. Douglas,* Del.Super., 1981 WL 10228, at *3, Christie, J. (Nov. 6, 1981).

A plaintiff seeking relief under the savings statute must meet two requirements: "(1) they must have [duly] commenced an action before the statute of limitations barred the action, and (2) the writ which subsequently issues must have been 'abated.' " FN10 This Court has determined that "duly" means "properly" or "upon a proper foundation, as distinguished from mere form." FN11 As for the second requirement, the Delaware Supreme Court has held that "the statute clearly indicates that abatement, in and of itself, is a separate and distinct ground for invoking the provisions of the statute." FN12 In interpreting the statute, the Court went on to say that the language 'for any matter of form' qualifies the phrase 'or the action otherwise avoided or defeated' and does not qualify or limit the language referring to the abatement of the action. FN13 Finally, the Court stated that upon affirmance of the judgment of dismissal in an initial action, the cause of action abates and the savings provision becomes applicable.

FN10. *Id.* at *2.

FN11. *Ellis v. Davis,* Del.Super., C.A. No. 97C-08-014, 1998 WL 281053, at *3, Quillen, J. (May 11, 1998) (quoting Black's Law Dictionary, 4 th ed. (1951), p. 591).

FN12. *Gosnell v. Whetsel,* Del.Supr., 198 A.2d 924, 927 (1964).

FN13. *Id.* (citations omitted).

*2 Lastly, this Court has held that in order to warrant relief under 10 *Del. C.* § 8118(a), the Court must determine that the defendant has not been prejudiced by events following the filing of the initial suit. In *Gosnell,* the Delaware Supreme Court found that prompt notice to defendant of plaintiff's intention to litigate was sufficient to establish absence of prejudice. In *Twyman v. Rice,* FN14 this Court found that when plaintiffs' counsel had written to defendant's insurer numerous times in a three-year period, had furnished medical records, bills, and periodic updates of plaintiff's condition, and had sent a copy of the complaint and notification that it had been filed to the insurer, the defendant was not prejudiced by the plaintiff filing a new action under the savings provision.

FN14. Del.Super., 1988 WL 32002, Taylor, J. (March 14, 1988).

In the instant case, Empire's initial action was filed in a timely manner and service was properly attempted within the applicable time limits, thus fulfilling the first requirement discussed above. Although service was refused due to a technical error in the caption (showing Bank of New York N.A. instead of Bank of New York (Delaware)), defendant BNY and defendant's counsel were clearly aware of the filing of the action. Defendant's counsel spoke and corresponded with plaintiff's counsel on several occasions requesting extensions of time to respond to the complaint. In addition, BNY filed an answer to the complaint on September 30, 1999. BNY noted in its answer that it was incorrectly identified in the caption to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A112

Not Reported in A.2d                                                                                                          Page 3
Not Reported in A.2d, 2001 WL 755936
**(Cite as: Not Reported in A.2d)**

complaint and that it was asserting the affirmative defense of insufficiency of process. It is undisputed that BNY was aware of the claim against it.

Finally, plaintiff has also met the provisions of the second requirement-the abatement of the writ. Although plaintiff's counsel duly commenced the action, the writ failed of sufficient service when BNY refused service due to the incorrect name in the complaint's caption. Dismissal of the action against BNY by this Court, and the subsequent affirmance of that dismissal by the Delaware Supreme Court, abated, i.e., effectively destroyed, the cause of action. Therefore, as held in *Gosnell*, the savings provision in 10 *Del. C.* § 8118(a) became applicable.

The savings provision of 10 *Del. C.* § 8118(a) is applicable to BNY. The defendant's Motion to Dismiss is DENIED.

As to Armistead, the facts are less clear. Plaintiff is directed to supplement the record within 10 days as to the status of service of process on Armistead, as it appears that service may have been achieved in the first action filed.

IT IS SO ORDERED.

Del.Super.,2001.
Empire Financial Services, Inc. v. Bank of New York
Not Reported in A.2d, 2001 WL 755936

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A113

Westlaw.

Not Reported in A.2d                                                                                              Page 1
Not Reported in A.2d, 1981 WL 10228
(Cite as: Not Reported in A.2d)

▷
Not Reported in A.2d, 1981 WL 10228
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Mary Welch GASPERO
v.
Walter M. DOUGLAS, Executor of the Estate of Fred T. Douglas.
Submitted: Sept. 14, 1981.
Decided: Nov. 6, 1981.

Jeffrey M. Weiner, Bayard, Brill & Handelman, P.A., Wilmington.
Joseph A. Hurley, Wilmington.
Richard Galperin, Flanzer & Isaacs, Wilmington.

CHRISTIE, Judge.
*1 This is an action upon personal injuries caused by an automobile accident which occurred on August 13, 1977. A complaint was originally filed on June 22, 1979. Plaintiff, Mary Gaspero, attempted to serve the executor of the estate of Fred T. Douglas (the defendant) under the non-resident motorist statute (10 *Del.C.* § 3112) but service was ineffective and the original action was dismissed by a prior order of this Court dated December 4, 1980.

On December 8, 1980 (more than three years after the accident but only four days after the first action was dismissed) Mrs. Gaspero filed a new complaint based on the same cause of action and this time effective service was made upon defendant Walter Douglas, Executor of the estate of Fred T. Douglas. A motion to dismiss the new suit has been filed by Mr. Douglas on the ground that the applicable two-year statute of limitations (10 *Del.C.* § 8119), as well as principles of *res judicata* and estoppel, bar this action. The purpose of this letter is to announce the Court's ruling on defendant's motion to dismiss.

Mary Gaspero relies upon the so-called savings statute (10 *Del.C.* § 8118, formerly 10 *Del.C.* § 8117) as providing her with the authority to file and pursue her latest complaint. This statute provides in pertinent part:

§ 8118. Other savings.

(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.

It is clear that, but for the exception which this savings statute may create in this case, Mrs. Gaspero's action would be barred by the statute of limitations contained in 10 *Del.C.* § 8119. The statute of limitations provides that personal injury claims must be brought within two years "from the date upon which it is claimed that such alleged injuries were sustained." The question thus presented is whether the savings statute applies to this case. It is the plaintiff's position that any prior difficulties encountered in properly serving process upon the defendant must be regarded as resulting in an "abatement" of the original timely complaint within the meaning of 10 *Del.C.* § 8118. FN1

As discussed in this Court's letter opinion dated December 4, 1980, the service of the complaint

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A114

Not Reported in A.2d                                                                                                               Page 2
Not Reported in A.2d, 1981 WL 10228
**(Cite as: Not Reported in A.2d)**

originally filed by the plaintiff was ineffective because plaintiff failed to comply with the technical provisions of 10 Del.C. § 3112 regarding service of process on non-resident motorists. Specifically, the notice sent by the plaintiff to the defendant was deficient because copies of the papers served on the Secretary of State could not have been enclosed, as required by § 3112(b), since service had not taken place. The attorney who then represented plaintiff's learned of this error sometime in December of 1979. Had the attorney acted diligently and promptly at that time in perfecting service by having an alias summons issue, the statute of limitations might have been regarded as having been tolled. *Biby vs. Smith,* Del.Super., 272 A.2d 116 (1970) ; *Sines vs. Wyatt,* Del.Super., 281 A.2d 499 (1971). Plaintiff's attorney waited over a month, however, before taking any action. Because of the time lapse, he was then forced to seek leave of the Court to have an alias summons issue. Permission was summarily granted by the Court on February 8, 1980. The writ was thereafter issued and steps were taken to correctly comply with the statutory provisions regarding service of process. Under all of these circumstances I concluded that service of process had not been obtained within a reasonable time after the filing of the original complaint and that the only effective service of process occurred after the time specified in the statute of limitations had run.

I

The savings statute was not before the Court at the time of the earlier ruling. This statute has been described as "designed to mitigate against the harshness of the defense of the statute of limitations against a plaintiff who, through no fault of his own, finds his cause technically barred by lapse of time." *Giles vs. Rodolico,* Del.Supr., 140 A.2d 263, 267 (1958); Annot. 6 ALR3d 1043 (1966). It is remedial in nature and is to be liberally construed. *Purnell vs. Dodman,* Del.Super., 311 A.2d 877 (1973). The statute has been said to "embrace cases which equitably ought to be covered by it." *Id.,* at 880. Where a defendant's insurance company is in contact with a plaintiff's counsel and knows of problems encountered in effecting service,

a defendant cannot be prejudiced by a plaintiff's improper service of process. *Giles, supra; Purnell, supra; Viars vs. Surbaugh,* Del.Super., 335 A.2d 285 (1975).

*2 Plaintiffs seeking relief under the savings statute in these circumstances must meet two requirements: (1) they must have commenced an action before the statute of limitations barred the action, and (2) the writ which subsequently issues must have been " abated." In this case it is clear that plaintiff duly commenced her action by filing the complaint FN2 prior to the expiration of the statute of limitations.
It is also clear that the writ which thereafter issued was rendered invalid by virtue of an attorney's failure to comply with the technical provisions of 10 Del.C. § 3112. It would therefore seem that the plaintiff meets the requirements of the savings statute.

I am also of the opinion that the equities of the case weigh in favor of the plaintiff. As mentioned in this Court's earlier letter opinion, the record shows that both the deceased and his insurer had been aware of the existence of a claim by a few days after the accident. Thereafter, the plaintiff's attorney engaged in correspondence with the deceased's insurer. The defense of the case has suffered no pertinent prejudice as a result of the difficulties plaintiff's attorney has encountered in obtaining proper service on the defendant.

I know that I have previously found that the plaintiff's attorney was remiss in not promptly effecting proper service of process once the inadequate nature of the original service of process became apparent. This finding was significant under the rules of law discussed in this Court's prior letter opinion. The present cause of action has been filed under a different statute. The equitable policies underlying the savings statute convince me that under the circumstances here present substantive rights should not be forfeited where the deceased and his insurer had actual (albeit defective) notice of the existence of an outstanding claim shortly after the accident occurred, and the statute was invoked as soon as the Court ruled that the earlier attempts at service were ineffective. I also note that the carrier had notice that plaintiff

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A115

Not Reported in A.2d

Not Reported in A.2d, 1981 WL 10228
**(Cite as: Not Reported in A.2d)**

Page 3

had filed suit and that the defect in the service was a technical defect.

## II

Defendant argues that the plaintiff should be barred by principles of *res judicata* and estoppel from instituting this second cause of action. *Ezzes vs. Ackerman,* Del.Supr., 234 A.2d 444 (1967). Defendant states that the plaintiff should have asserted the savings statute, if at all, in the prior litigation, and that after losing a case on one theory he may not pursue a different theory in a second action based on the same proof which has been rejected in the first action.

*3 The savings statute confers upon a plaintiff the independent right to bring a second cause of action where a prior timely action has been dismissed because of a failure to perfect service of process within the period of limitations. *See Giles, supra; Purnell, supra.* The doctrine of *res judicata* does not apply in this case because the savings statute, as the Court in *Purnell* noted, "grants an absolute right to the litigant to elect renewal." *Id.,* at 879. Under the circumstances I find no estoppel.

Defendant's motion to dismiss is denied. IT IS SO ORDERED.

FN1. As a general rule, any informality, irregularity, or defect in the terms, forms or structure of a writ or summons, or in the service or return of process, which is sufficient to render it invalid, is ground for abating the writ. *Howmet Corporation vs. City of Wilmington,* Del.Super., 285 A.2d 423 (1971); See C.J.S., *Abatement and Revival,* § 87.

FN2. Superior Court Civil Rule 3(a) states: "Except amicable actions, an action is commenced by filing with the Prothonotary a complaint or, if required by statute, a petition or statement of claim, all hereafter to be referred to as a 'complaint' and a praecipe directing the Prothonotary to issue the writ specified therein."

Del.Super.,1981.
Gaspero v. Douglas
Not Reported in A.2d, 1981 WL 10228

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.