**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KIMBRA CRISWELL | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-00321 GMS |
| | : | |
| LYDIA ADAIR MCFADDEN | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | |
| | : | |
| CHRISTIANA CARE HEALTH | : | |
| SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S ANSWERING BRIEF**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
**RICHARD R. WIER, JR., P.A.**
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222

September 6, 2005

# TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.      THE COMPLAINT WAS TIMELY FILED IN THIS COURT IN ACCORDANCE
        WITH THE REQUIREMENTS OF THE DELAWARE SAVINGS STATUTE. . . . . . . 6

        A.      Plaintiff duly commenced the action in Pennsylvania. . . . . . . . . . . . . . . . . . . . . 8

        B.      Plaintiff's action was defeated in Pennsylvania for "matter of form." . . . . . . . . 10

        C.      Cloud v. Amquip Corp. mandates that Plaintiff's action be allowed to stand. . . 11

        D.      Plaintiff's action in Pennsylvania was dismissed through no fault of her own. . 11

II.     EVEN THOUGH PLAINTIFF HAS AN ABSOLUTE RIGHT TO BRING THIS
        ACTION SINCE SHE MEETS THE ENUMERATED REQUIREMENTS OF THE
        SAVINGS STATUTE, THE EQUITY ALSO WEIGHS IN FAVOR OF APPLYING
        THE STATUTE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        A.      The equity weighs in favor of the Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        B.      The Defendants have not been prejudiced. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

i

## TABLE OF CITATIONS

**Cases**

Cloud v. Amquip Corp, 2003 U.S. Dist. LEXIS 7589 (D. Del. 2003)(Exhibit B). . .  6, 10-13, 17

Conley v. Gibson, 355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ellis v. Davis, 1998 WL 281053 (Del. Super. 1998)(A117-121). . . . . . . . . . . . . . . . . . . . . . 9

Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594 (1915). . . . . . . . . . . . . . . . . . . . . . 9

Gaspero v. Douglas, 1981 Del. Super. LEXIS 818 (Del. Super. 1981)(Exhibit B). . . . . . . . . . 8

Giles v. Rodolico, 140 A.2d 263 (Del. 1958). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 14, 15

Gosnell v. Whetsel, 198 A.2d 924 (Del. Supr. 1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

Hishon v. King & Spalding, 467 U.S. 69 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989). . . . . . . . . . . . . . . . . . . . . . . . . 6

Hotel Sherman, Inc. v. Murray, Sup. Ct. N.Y.S.2d 198 (1951). . . . . . . . . . . . . . . . . . . . . . . . 10

Howmet Corp. v. The City of Wilmington, 285 A.2d 423 (Del. Super. 1971). . . . . . . . . . . . . 10

Leavy v. Saunders, 319 A.2d 44 (Del. Super. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 12, 14

Lockwood v. Levinson, 542 A.2d 357 (Del. Supr. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Manchester v. Rzewnicki, 777 F. Supp. 319 (D. Del. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 6

Middlebrook v. State, 802 A.2d 268 (Del. Supr. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

O'Donnell v. Nixon Uniform Services, Inc., 2003 WL 21203291 (Del. Super. 2003)
      (A101-107) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Purnell v. Dodman, 311 A.2d 877 (Del. Super. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Quillen v. Knight, 1999 WL 33116503 (Del. Super. 1999)(A108-110). . . . . . . . . . . . . . . . 9, 16

Russell v. Olmedo, 275 A.2d 249 (Del. Supr. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478 (3d Cir. 1988). . . . . 6

**Statutes**

10 Del. C. § 8107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10 Del. C. § 8118 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

42 Pa. C.S.A.§ 5524 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

42 Pa.C.S.A. § 5322 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

## NATURE AND STAGE OF THE PROCEEDING

This is a personal injury action brought by Kimbra Criswell against Defendants Lydia McFadden and Christiana Care Health Services, Inc.  The action was filed in this Court on May 23, 2005.  On August 12, 2005, Defendants filed a motion to dismiss for failure to state a claim. This is Plaintiff's Answering Brief in Opposition to that motion.

## SUMMARY OF ARGUMENT

1. Plaintiff has an absolute right, pursuant to the Delaware Savings Statute, to file a second action in this State, within one year from a dismissal in a foreign jurisdiction, if the original action was duly commenced and defeated for any matter of form.

2. This Court should extend the protections of the Delaware Savings Statute when it is equitable to do so.

## STATEMENT OF FACTS

Plaintiff Kimbra Criswell was severely and permanently injured on May 23, 2002 as a result of the negligence of the Defendants. (A94). On May 19, 2004, Ms. Criswell, through her attorneys, Kats, Jamison, Van Der Veen & Associates, filed an action in the Court of Common Pleas, Philadelphia County, Pennsylvania. (A1-A11). The action was filed against two defendants: Christiana Hospital (hereinafter Christiana Care), which was alleged to be "a member, partner and/or participant of Jefferson Health System, a primary care network, which at all times hereinafter mentioned, did regular, continuous and systematic business within the County of Philadelphia and Commonwealth of Pennsylvania," (A4) and Lydia McFadden, an employee of Christiana Care. (A3). The complaint was served by mail upon the Defendants through Pennsylvania's long arm statute.

Defendants were served with a copy of the complaint on May 24, 2004. (A14). On June 11, 2004, Defendants, through their attorneys, White and Williams LLP, filed preliminary objections alleging, inter alia, that Christiana Care was not a member of the Jefferson Health System (A16) and therefore the Pennsylvania state court did not have personal jurisdiction over it or it's employee. (A14-47).

On July 1, 2004, Plaintiff filed her response that Christiana Care was in fact associated with Jefferson Health System and also independently doing business in Pennsylvania. On August 5, 2004, the Pennsylvania court heard oral argument on Defendants' motion. Judge Arnold L. New of the Court of Common Pleas, Philadelphia County, did not grant Defendants' motion, but rather ordered that the parties conduct discovery limited to the jurisdictional issue. After discovery limited to jurisdictional issues, Plaintiff filed her Supplemental Memorandum on

3

September 27, 2004.  (Exhibit A).  Plaintiff set forth multiple facts in her response and in her reply brief that should have established that Christiana Care was associated with Jefferson and also independently did business in Pennsylvania.

First, Christiana Care had an alliance with Jefferson Health System.  This information was contained on Jefferson Health System's website on July 11, 2002 (A61-62), almost two years prior to the filing of the complaint.  The Jefferson webpage contained a map that showed Christiana Care and identified that it had an alliance or relationship with it.  (A61-61).  In addition, on another internet page, it was stated that Christiana Care Health System in Delaware was a "strategic partner" of Jefferson Health System.  (A65).

Second, Christiana Care and Jefferson Health System formed a formal alliance that was incorporated in 1999 as Christiana Care Health System/Jefferson Health System Alliance, LLC. (A63) and registered to do business in Pennsylvania.  The only two members of the company were Christiana Care Corporation and Jefferson Health System Inc., with each owning a fifty percent interest in the LLC.  The Board of Directors consisted of four members from Christiana and the other four members from Jefferson.  The business objective of Jefferson/Christiana LLC was to establish a joint venture between Jefferson Health Systems and Christiana to provide medical equipment and home care services.  It was to provide home services and medical equipment to pediatric patients who had been discharged from A.I. duPont and established in Radnor, Pennsylvania.  (Exhibit A).

Third, Christiana Care Corporation, the parent and sole owner of Christiana Care Health Services, Inc., owns Mid-Atlantic Health Plan, a health insurance plan.  Mid Atlantic has health care provider contracts with Pennsylvania hospitals, including Jefferson.  In addition to the

4

hospitals in Pennsylvania, there are 200 to 600 physician practices in Philadelphia with which Mid Atlantic has contracts. (Exhibit A).

Fourth, Jefferson Medical College clinical students regularly rotate to Christiana Care's two New Castle County, Delaware hospitals - Wilmington and Christiana. Christiana Care has a community teaching residency program with over 200 residents, which rotate to Jefferson for classes or specific services. (Exhibit A).

On October 13, 2004, Judge New granted Defendants' preliminary objections and dismissed the complaint in Pennsylvania. (A92).

On May 23, 2005, Plaintiff re-filed the complaint in this Court. (D.I. 1). Christiana Care was served through its registered agent for service of process on July 20, 2005, (D.I. 2) and Lydia McFadden was served through the Delaware long-arm process on July 28, 2005. (D.I. 10).

## ARGUMENT

**Standard of Review**

The standard under Rule 12 (b) (6) is "whether, taking all factual allegations in the complaint as true, the complaint states a claim which would entitle the plaintiff to relief." Manchester v. Rzewnicki, 777 F. Supp. 319, 323 (D. Del. 1991). The court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988). The court will only dismiss a complaint if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In order to prevail, the Defendants must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**I.    THE COMPLAINT WAS TIMELY FILED IN THIS COURT IN ACCORDANCE WITH THE REQUIREMENTS OF THE DELAWARE SAVINGS STATUTE.**

Although Delaware law generally requires that personal injury actions be brought prior to the expiration of two years from the accruing of the cause of action, exceptions to the statute of limitations, e.g., the Savings Statute, were created since the real function of a statute of limitations is to protect prospective litigants against stale claims. See Leavy v. Saunders, 319 A.2d 44, 47 (Del. Super. 1974). The Delaware Savings Statute, 10 Del. C. § 8118, provides an additional year to file a second action in this State from a dismissal in a foreign jurisdiction for reasons other than on the merits of the claim. See Cloud v. Amquip Corp, 2003 U.S. Dist.

LEXIS 7589, *7 (D. Del. 2003). The Delaware Supreme Court has stated that the purpose of the

Savings Statute is "to mitigate against the harshness of the defense of the statute of limitations"

where a case is dismissed other than on the merits. Giles v. Rodolico, 140 A.2d 263, 267 (Del.

1958).

The Savings Statute provides "litigants an absolute right to file a new action under certain

conditions." Giles v. Rodolico, 140 A.2d 263, 266 (Del. 1958). It is remedial in nature and

should be given a liberal construction. See Leavy v. Saunders, 319 A.2d 44, 46 (Del. Super.

1974)(citing Giles v. Rodolico, 140 A.2d 263 (Del. 1958)).

10 Del. C. § 8118 states:

> (a) If in any action duly commenced within the time limited
> therefor in this chapter, the writ fails of a sufficient service or
> return by any unavoidable accident, or by any default or neglect of
> the officer to whom it is committed; or if the writ is abated, or the
> action otherwise avoided or defeated by the death of any party
> thereto, or for any matter of form; or if after a verdict for the
> plaintiff, the judgment shall not be given for the plaintiff because
> of some error appearing on the face of the record which vitiates the
> proceedings; or if a judgment for the plaintiff is reversed on appeal
> or a writ of error; a new action may be commenced, for the same
> cause of action, at any time within one year after the abatement or
> other determination of the original action, or after the reversal of
> the judgment therein.

As set forth in the above text, the requirements for the Savings Statute to apply are that:

(1) the original action needed to be duly commenced; and (2) (a) the writ was abated, or (b) the

action defeated for any matter of form. In their Opening Brief, Defendants argue, contrary to the

facts and Delaware law, that neither of these two requirements occurred in the original action,

which was filed in Pennsylvania.

7

**A.**    **Plaintiff duly commenced the action in Pennsylvania.**

The first requirement of the Savings Statute is that the action needed to be "duly commenced." It is well established that an action is duly commenced when a complaint is filed and service of process is initiated. See e.g., Gaspero v. Douglas, 1981 Del. Super. LEXIS 818 (Del. Super. 1981).

In this case, Plaintiff filed her lawsuit in Pennsylvania on May 19, 2004, which is within two years of the incident that caused her injuries on May 23, 2002. Plaintiff's filing satisfies both Pennsylvania's and Delaware's two year statute of limitations for personal injury actions, 42 Pa. C.S.A.§ 5524; 10 Del. C. § 8107. The complaint was then timely served upon the Defendants, on May 24, 2004, through Pennsylvania's long arm statute, 42 Pa.C.S.A. § 5322. Defendants cannot contradict these facts. The action therefore was "duly commenced" for purposes of the Savings Statute.

Contrary to the established law, Defendants argue that the action was not "duly commenced" because it was brought in the improper jurisdiction and allegedly would not have been if Plaintiff's counsel properly investigated the relationship of the Defendants to Pennsylvania. (Brief at 9-10). Defendants' argument that Plaintiff's attorneys failed to properly investigate the jurisdiction is contrary to the record. It is also superfluous since Defendants' do not, and cannot, argue that the filing of the complaint in Pennsylvania was done in an attempt to delay bringing the Defendants into court. See Russell v. Olmedo, 275 A.2d 249 (Del. Supr. 1971). Defendants' own cases that they cite are inapposite to their arguments. In all three cases relied upon by Defendants, the only reason that the action was deemed not to have been duly commenced was the fact that the plaintiff did not attempt to properly effectuate service. See

8

Russell v. Olmedo, 275 A.2d 249 (Del. Supr. 1971); Quillen v. Knight, 1999 WL 33116503 (Del. Super. 1999); and Ellis v. Davis, 1998 WL 281053 (Del. Super. 1998).

In Russell v. Olmedo, 275 A.2d 249 (Del. Supr. 1971), the plaintiff failed to comply with Del. Super. Ct. Civ. R. 3(a), which requires a praecipe to be issued that contains a positive order for the issuance of the summons. Instead, the plaintiff's attorney filed a praecipe that stated "Please do not release to Sheriff's office until I advise." See id. at 250. The Court found that the plaintiff's attorney purposely delayed notice to the defendant of the pendency of the action for seven months. See id. In fact, the Court held, contrary to Defendants' argument in this case, that ordinarily the filing of an action will commence the tolling of the statute of limitations, i.e. duly commence the action. See id. The Court's holding that the Savings Statute should not apply in that was based only upon the failure of plaintiff to begin the service process. See id.

In Quillen v. Knight, 1999 WL 33116503 (Del. Super. 1999) the plaintiff never served the defendant during the course of the Massachusetts litigation or attempted to correct that deficiency prior to the transfer of the action to the Delaware District Court almost two years later. See id. at *1. Similarly, in Ellis v. Davis, 1998 WL 281053 (Del. Super. 1998) the Plaintiff also failed to effectuate service. In that case, plaintiff failed to serve the defendant within 120 days, as required by Del. Super. Ct. Civ. R. 4.

The fact that the action was brought in the improper jurisdiction is one of the actions that the Savings Statute specifically protects. The Delaware courts are clear that the Savings Statute protects "a plaintiff who proceeds in good faith but erroneously selects his forum due to jurisdictional intricacies ... particularly where the defendant has appeared in response to process." Purnell v. Dodman, 311 A.2d 877, 879 (Del. Super. 1973)(citing Gaines v. City of New York,

9

215 N.Y. 533, 109 N.E. 594 (1915); <u>Hotel Sherman, Inc. v. Murray</u>, Sup. Ct. N.Y.S.2d 198

(1951)).  More recently, this Court has also held that "the Delaware Savings Statute applies to

actions initially brought in a foreign jurisdiction and dismissed for reasons other than on the

merits of the claim."  <u>Cloud v. Amquip Corp</u>, 2003 U.S. Dist. LEXIS 7589, *7 (D. Del. 2003).

**B.     Plaintiff's action was defeated in Pennsylvania for "matter of form."**

The second requirement of the Savings Statute has two alternative prongs: a prong that

applies whenever the writ has been abated, <u>i.e.</u>, ineffective service, and also a prong that applies

whenever the action is avoided or defeated for any matter of form, such as in this case.  <u>See</u>

<u>O'Donnell v. Nixon Uniform Services, Inc.</u>, 2003 WL 21203291, *3 (Del. Super. 2003).

Contrary to the established law, Defendants argue that cases that were dismissed for lack

of jurisdiction, such as this case, should not be renewed by the Savings Statute.  (Brief at 12).

The second alternative prong of the statute, however, is clear that it "is directed toward instances

such as lack of jurisdiction or filing in the wrong venue." <u>Id</u>. at *5.

The Delaware Superior Court was clear in <u>Howmet Corp. v. The City of Wilmington</u>, 285

A.2d 423, 427 (Del. Super. 1971) that a case dismissed for lack of jurisdiction is "avoided or

defeated for ... (a) ... matter of form" within the meaning of the Savings Statute.  The court

further stated that

> Questions of jurisdictions may be very intricate and it is often
> difficult to determine the proper court in which to bring suit.  To
> determine the jurisdictional question, it is sometimes necessary to
> attempt suit in the most likely forum.  If the court finds that the
> plaintiff is mistaken, he should not be penalized as to the merits of
> his cause 'simply because he sought the aid of the tribunal he
> considered had the power to afford him justice.'  <u>Howmet Corp. v.</u>
> <u>The City of Wilmington</u>, 285 A.2d 423, 427 (Del. Super.
> 1971)(quoting B.U. L.Rev. 900, 903).

10

**C.     Cloud v. Amquip Corp. mandates that Plaintiff's action be allowed to stand.**

In their Opening Brief, Defendants fail to disclosure recent precedent to this Court, in which this Court applied the Savings Statute to a personal injury action where the plaintiff was injured on a job site in Delaware and brought suit in Texas, which was dismissed in Texas for failure to obtain personal jurisdiction over the defendant. See Cloud v. Amquip Corp, 2003 U.S. Dist. LEXIS 7589 (D. Del. 2003). Cloud is factually identical to the instant case. The complaint was started in a foreign jurisdiction (in Texas) within the applicable statute of limitations. The case was dismissed in Texas for failure to obtain personal jurisdiction over the defendant in that state. Chief Judge Sue L. Robinson stated that:

> this court finds that the Delaware Supreme Court has held that the purpose of the Delaware Savings Statute is 'to mitigate against the harshness of the defense of the statute of limitations raised against a plaintiff, who though no fault of his own, finds his cause technically barred by the lapse of time. Giles v. Rodolico, 51 Del. 143, 140 A.2d 263, 267, 1 Storey 143 (Del. 1958). In that case, as well as the Leavy case cited above, the cause of action was dismissed because of failure to obtain personal jurisdiction over the defendant. Id.; Leavy, 319 A.2d at 47-48. The present action was brought in this court because of the failure to obtain personal jurisdiction over defendant in a foreign state. (D.I. 13) *As in the cases cited above, defendant has been aware of the proceedings and there is no indication defendant has suffered harm or prejudice by the consecutive filings.* See Leavy, 319 A.2d at 18. Id. at *6-7(emphasis added).

**D.     Plaintiff's action in Pennsylvania was dismissed through no fault of her own.**

Failure to obtain personal jurisdiction in an out-of-state forum is not considered to be fault of the plaintiff which denies the plaintiff the benefit of the Delaware Savings Statute.     See Cloud v. Amquip Corp, 2003 U.S. Dist. LEXIS 7589 (D. Del. 2003). Defendants argue that Plaintiff should not be afforded the benefit of the Savings Statute because the filing of her action

in Pennsylvania was a decision that she and her attorneys made, and was not the most appropriate

forum, and therefore was a "fault of her own." (Brief at 14).

As set forth in Plaintiff's Response to Defendants' Preliminary Objections to Improper

Jurisdiction and her Supplemental Memorandum of Law, Plaintiff had a good faith belief, based

on several factors, that the original complaint was filed in an appropriate forum. Plaintiff's

counsels' investigation, prior to and after the filing, consisted of, inter alia, examining

information about the corporate defendant on the internet and conducting deposition and

extensive production of records. (A49). In her response and reply brief, Plaintiff set forth four

crucial factors establishing Christiana Care doing business in Pennsylvania and its association

with Jefferson Health Systems. First, Christiana Care had an alliance with Jefferson Health

System, as advertised on Jefferson's website. Second, Christiana Care and Jefferson Health

System formed a business, Christiana Care Health System/Jefferson Health System Alliance,

LLC., which was registered to do business in Pennsylvania. Third, Christiana Care Corporation,

owned Mid-Atlantic Health Plan, which had health care provider contracts with Pennsylvania

hospitals, including Jefferson. Fourth, Jefferson and Christiana had students regularly rotate

between their facilities.

Thus, Pennsylvania was an appropriate forum to file suit. The granting of Defendants'

Preliminary Objections by Judge New does not change the facts that supported Plaintiff's choice

of Pennsylvania as an appropriate forum. See Cloud v. Amquip Corp, 2003 U.S. Dist. LEXIS

7589 (D. Del. 2003)(filing original action in Texas even though the injury occurred at a job site

in Delaware); see also Leavy v. Saunders, 319 A.2d 44 (Del. Super. 1974)(filing original action

in Pennsylvania under the mistaken belief that the accident occurred in Pennsylvania, rather than

Delaware). Clearly, the court's decision is not a basis for Defendants to argue that the original action was dismissed through her own fault. See Cloud v. Amquip Corp, 2003 U.S. Dist. LEXIS 7589 (D. Del. 2003).

II.    **EVEN THOUGH PLAINTIFF HAS AN ABSOLUTE RIGHT TO BRING THIS ACTION SINCE SHE MEETS THE ENUMERATED REQUIREMENTS OF THE SAVINGS STATUTE, THE EQUITY ALSO WEIGHS IN FAVOR OF APPLYING THE STATUTE.**

As set forth above, (1) Plaintiff duly commenced her action in Pennsylvania prior to the expiration of the statute of limitations; and (2) the action was defeated for matter of form, and therefore Plaintiff is entitled to proceed with the case, which was filed within one year of the dismissal of action in Pennsylvania. Having met the two requirements of the Savings Statute, Plaintiff has an absolute right to bring this action. See Gosnell v. Whetsel, 198 A.2d 924, 927 (Del. Supr. 1964).

Additionally, however, this Court can apply the Savings Statute where it is equitable to do so and there is no prejudice to the Defendants. See Leavy v. Saunders, 319 A.2d 44, 47 (Del. Super. 1974); Giles v. Rodolico, 140 A.2d 263 (Del. 1958).

A.    **The equity weighs in favor of the Plaintiff.**

As set forth above, Plaintiff filed the action in Pennsylvania prior to the expiration of the statute of limitations, and based on factors establishing that Pennsylvania was the appropriate forum. It is therefore also equitable to extend the provisions of the Savings Statute to the Plaintiff. See Giles v. Rodolico, 140 A.2d 263 (Del. 1958). Defendants, however, argue that the Savings Statute should not be extended even when it is equitable to do so. In an attempt to support their position, Defendants argue that the Delaware Supreme Court's decision in Giles v. Rodolico, 140 A.2d 263 (Del. 1958) was flawed and "impermissibly enlarged the terms of the Savings Statute." (Brief at 16).

In Giles v. Rodolico, 140 A.2d 263 (Del. 1958), plaintiff's attorney issued a praecipe for

14

an alias writ 48 eight days after the original writ was returned non est inventus. See id. at 264.

The plaintiff's attorney, however, was required by that court's rules to issue the alias writ within

20 days of the non est. See id. The Delaware Superior Court, therefore, dismissed the action

since the failure to issue an alias writ within the prescribed time limit constituted a failure to

obtain jurisdiction over the defendant. See id. at 265. On appeal, sua sponte, the Delaware

Supreme Court addressed the inevitable re-filing of Plaintiff under the Savings Statute and

examined the Savings Statute. See id. at 267. The Court found that the purpose and effect of the

Savings Statute was stated in the early case of Bishop v. Wilds' Adm'r, 1 Har. 87:

> It may not be amiss to remark, that this section has in England
> received not a rigid or merely literal construction, but a liberal one;
> and that cases not within the words of the section ... have by an
> equitable construction of that section been held within it. The
> inclination of the courts in England has not been to circumscribe
> the operation of this section, but rather to enlarge its limits and to
> embrace within it those cases which equitably ought to be covered
> by it.

The Delaware Supreme Court stated that the above quoted language established a policy of

construction for that act that carries over to the Delaware's Savings Statute. See id. The court

therefore applied the Savings Statute to the case holding that "[t]he circumstances are such as to

make this case one 'which equitably ought to be covered' by § 8117." Id.

Defendants further argue that the decision in Giles v. Rodolico, 140 A.2d 263 (Del. 1958)

conflicts with Lockwood v. Levinson, 542 A.2d 357 (Del. Supr. 1988), which they say sets forth

the proper approach. (Brief at 16-17).

The decision in Lockwood, however, does not conflict with the one in Giles. Although

the Delaware Supreme Court chose not to apply the Savings Statute in Lockwood, the facts were

different than those in <u>Giles</u>. In <u>Lockwood</u> the summons was returned <u>mortus est</u> on August 26, 1985, but plaintiff's attorney took no action for sixteen months. <u>See id</u> at 357. Although plaintiff's attorney was entitled to issue an alias writ within twenty days of the return, he did not take any action until December 29, 1986. The court held that plaintiff's failure to take any further action to complete service of process for sixteen months cause the lapse in his original action, which could not thereafter be revised under the Savings Statute. <u>See id</u>. at 357.

There is nothing contradictory between the two decisions, other than the outcome, which could have been based on the facts of the case, <u>inter alia</u>, the difference in the attorney's delay - 48 days compared to 16 months. <u>Giles</u> is still the precedent in Delaware and permits this Court to apply an equitable remedy. This is the purpose of the Delaware Savings Statute, which should be applied in this case, especially in the absence of any prejudice to the Defendants.

**B.      The Defendants have not been prejudiced.**

Defendants argue that they have been prejudiced and therefore the Savings Statute should not be extended to Ms. Criswell. (Brief at 18). Their argument fails as a matter of law.

The Delaware Supreme Court has held that prompt notice to defendant of plaintiff's intention to litigate was sufficient to establish absence of prejudice. <u>See</u> <u>Gosnell v. Whetsel</u>, 198 A.2d 924, 927 (Del. Supr. 1964); <u>see also</u> <u>Quillen v. Knight</u>, 1999 WL 33116503, *2 (Del. Super. 1999)(stating "[t]here is also no prejudice to the defense because it received timely notice of the litigation when [Defendant] was personally served with the summons and complaint.").

In their Opening Brief, Defendants fail to provide this Court with the above decisions, which accurately set forth the law in Delaware. Instead, Defendants argue that the six month lapse of time between dismissal of the action in Pennsylvania and the re-filing in this Court

16

caused them prejudice.  The Defendants' sole support for their argument is <u>Middlebrook v. State</u>, 802 A.2d 268 (Del. Supr. 2002), which has no relationship or applicability to this case. <u>Middlebrook</u> was a criminal case where the defendant argued that the almost four year delay between indictment and trial violated his speedy trial rights under the United States Constitution and the Delaware Constitution.  <u>See</u> <u>id</u>. at 270.

    In this case, it is undisputed that Plaintiff served upon the Defendants a copy of the complaint on May 24, 2004.  Both Defendants were represented by White and Williams LLP, the same law firm that is defending this action here in Delaware before this Court, and which conducted active litigation until the case was dismissed, which was only six months prior to the re-filing in this Court.   <u>See</u> <u>Cloud v. Amquip Corp</u>, 2003 U.S. Dist. LEXIS 7589, *7-8 (D. Del. 2003)(stating that since defendant has been aware of the proceedings and there is no indication defendant has suffered harm or prejudice by the consecutive filings, the Delaware Savings Statute applies.). Defendants, as in <u>Cloud</u>, have not, and cannot, identify any alleged or actual prejudice that has occurred, and as such, <u>Cloud</u> mandates that Plaintiff's action must stand.

17

## CONCLUSION

For the reasons stated above, and the facts and authorities that support those reasons,

Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied.

Respectfully submitted,

**RICHARD R. WIER, JR., P.A.**

___/s/ Daniel W. Scialpi___
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
DScialpi@Wierlaw.com

**OF COUNSEL:**
Michael T. van der Veen, Esq.
Nelson Levin, Esq.
KATS, JAMISON, VAN DER VEEN & ASSOCIATES
25 Bustleton Pike
Feasterville, PA 19053
(215)396-9001

## CERTIFICATE OF SERVICE

I certify that on this 6th day of September, 2005, that I electronically filed the attached

Answering Brief with the Clerk of the Court using CM/ECF, which will send notification of such

filing to the following:

Natalie L. Palladino, Esq.
White and Williams LLP
824 N. Market St., Suite 902
Wilmington, DE 19899

**RICHARD R. WIER, JR., P.A.**

   /s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
DScialpi@Wierlaw.com

19