IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-CV-00321 GMS |
| | ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) | |
| CARE HEALTH SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

        Respectfully submitted,

        **WHITE AND WILLIAMS LLP**

        /s/ Natalie L. Palladino
        JOHN D. BALAGUER (#2537)
        NATALIE L. PALLADINO (#3878)
        824 North Market Street, Suite 902
        P.O. Box 709
        Wilmington, DE 19899-0709
        (302) 654-0424
        *Attorneys for Defendants,*
        *Lydia Adair McFadden and*
        *Christiana Care Health Services, Inc*

Date: September 13, 2005

## **TABLE OF CONTENTS**

**Page**

TABLE OF CITATIONS…………………………………………………………………..i

STATEMENT OF FACTS……………................………………………………….......1

ARGUMENTS…………………………………………………………………………….2

     I.      Plaintiff Did Not "Duly Commence" the Pennsylvania Action Prior to Running of the Statute of Limitations so the Savings Statute Does Not Apply……………....................................................................................2

     II.     Plaintiff's Pennsylvania Action Was Not Dismissed for a Matter of Form so the Savings Statute Does Not Apply.............................................................4

     III.    Plaintiff's Pennsylvania Action Was Not Dismissed Through No Fault of Her Own so the Savings Statute Does Not Apply.........................................5

CONCLUSION.............................................................................................................7

-i-

# TABLE OF CITATIONS

**Cases**                                                                                           **Page**

Ayers v. Jacobs & Crumplar, P.A., 1996 WL 769331 (Del. Super Ct.)…………………………6

Bros v. Wilkins, 134 A.2d 636, (Del. Super. Ct. 1957)…………………………………………6

Cloud v. Amquip Corp., 2003 U.S. Dist. LEXIS 7589 (D. Del. 2003)…………………………..5

Ellis v. Davis, 1998 WL 281053 (Del. Super Ct.)……………………………………………..2, 3, 5

Empire Financial Services, Inc. v. Bank of New York, 2001 WL 755936 (Del. Super Ct.)……..2

Giles v. Rodolico, 140 A.2d 263 (Del. 1958)……………………………………………………6

Howmet Corp. v. City of Wilmington, 285 A.2d at 423 (Del. Super Ct. 1971)………………..4, 5

Leavy v. Saunders, 319 A.2d 44 (Del. Super Ct. 1974)………………………………………..5

Quillen v. Knight, 1999 WL 33116503 (Del. Super Ct.)…………………….....………………..3, 6

Russell v. Olmedo, 275 A.2d 249 (Del. 1971)……………………………………………………3

Wilt v. Slack, 147 F.Supp. 700 (E.D.Pa. 1975)…………………………………………………..4


## STATUTES

42 Pa.C.S.A.§5322……………………………………………………….......................................2

10 Del.C. §8118……………………………………………………………………………………7

## **STATEMENT OF FACTS**

Defendants incorporate by reference as though fully set forth herein the Statement of Facts set forth in their Opening Brief In Support of Defendant's Motion to Dismiss filed on August 12, 2005.

## ARGUMENTS

**I.    Plaintiff Did Not "Duly Commence" the Pennsylvania Action Prior to Running of the Statute of Limitations so the Savings Statute Does Not Apply**

Plaintiff's answering brief alleges that the first action in Pennsylvania was "duly commenced" when her Complaint was filed and she initiated service on defendants, McFadden and Christiana Hospital (CCHS), through Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5322. See Plaintiff's Answering Brief at p. 8.  However, as defendants argued in their Preliminary Objections to Improper Personal Jurisdiction and Venue, and as the Court of Common Pleas of Philadelphia County agreed, the Pennsylvania long-arm statute could not confer personal jurisdiction over McFadden or CCHS because neither defendant met the requirements of the statute.  See Appendix to Defendants' Opening Brief at Tab 2, pp. A12-A47, and Tab 4, p. A92.  Venue was similarly improper under the applicable Pennsylvania statue. Id.   Therefore, the attempt to file suit against, and initiate service upon, defendants McFadden and Christina Hospital in Pennsylvania, was improper.

The main issue with respect to whether an action is "duly commenced" is not whether plaintiff commenced the action, but whether plaintiff *properly* commenced the action.  See Empire Financial Services, Inc. v. Bank of New York, 2001 WL 755936 at * 1 (Del. Super Ct.) (Appendix to Defendant's Opening Brief at Tab 9, pp. A111-A113) (citing Ellis v. Davis, 1998 WL 281053 (Del. Super. Ct.)) (Appendix to Defendants' Opening Brief at Tab 11, pp. A117-A121) (the Court has interpreted "duly" to mean "properly" or "upon a proper foundation, as distinguished from mere form.").  Since defendants McFadden and CCHS did not meet the requirements necessary to confer personal jurisdiction or venue upon them in the Court of

Common Pleas of Philadelphia County, plaintiff did not attempt to *properly* commence the first action against them.

Plaintiff attempts to distinguish Russell v. Olmedo, 275 A.2d 249 (Del. 1971), Quillen v. Knight, 1999 WL 33116503 (Del. Super. Ct.) and Ellis v. Davis, 1998 WL 281053 (Del. Super. Ct. 1998), on the grounds that the plaintiffs in those cases did not attempt to properly effectuate service. See Plaintiff's Answering Brief at p. 8-9. However, the same argument can be made in the case at hand. Plaintiff did not properly attempt to effectuate service upon McFadden and CCHS under Pennsylvania's long-arm statute or venue statue, because neither defendant met the requirements of those statutes.

Further, while the facts in Russell, Quillen and Ellis may be somewhat distinguishable from the current action, the determinative factor in the Court's decision not to apply the Saving's Statute in each case, as it should be in the present case, was the fact that the plaintiff failed to properly commence the action. The current action is analogous, for example, to Ellis v. Davis, wherein the Court held that plaintiff had not "duly commenced" an action, for purposes of taking advantage of the Savings Statue, when he filed a lawsuit against a person that he should have known was deceased. Ellis at *3. The Ellis Court noted that although plaintiff's counsel may not have known that the potential defendant had died, discussions with defendant's insurer prior to filing of the suit should have, at a minimum, created a substantial likelihood in his mind that the potential defendant was deceased. Id. at *5. Therefore, plaintiff's counsel had a duty to confirm or dispel that strong suspicion prior to filing suit. Id.

Similarly, in the instant case, the fact that both Criswell and McFadden were working in Delaware when the alleged accident occurred, and the property where they were working, Christiana Hospital, was owned by CCHS, a Delaware corporation, should have alerted plaintiff

to the fact that the Court of Common Pleas of Philadelphia may not have had jurisdiction or venue over the potential defendants. Plaintiff's counsel had a duty to confirm those suspicions prior to filing the first suit and plaintiff had a duty to attempt her suit in the most likely forum. See Howmet Corp. v. City of Wilmington, 285 A.2d 423 (Del. Super. Ct. 1971).

## II.     Plaintiff's Pennsylvania Action Was Not Dismissed for a Matter of Form so the Savings Statute Does Not Apply

The Delaware courts have determined that actions dismissed for lack of jurisdiction or venue may fall within the meaning of the Savings Statute, as actions that were "avoided or defeated for any matter of form", thus, affording plaintiffs the statute's restorative effect. See Howmet, 285 A.2d at 427; see also, Wilt v. Slack, 147 F.Supp. 700 (E.D.Pa. 1975) (interpreting Delaware's Savings Statute). However, cases that are dismissed for lack of jurisdiction or improper venue are not always afforded protection under the Savings Statute, as plaintiff appears to suggest. See Plaintiff's Answering Brief at p. 10. While one of the purposes of the Savings Statute is to avoid penalizing a plaintiff who *mistakenly* brings suit in the wrong court because she thought that tribunal had the power to bring her justice, the plaintiff has a duty to attempt her suit in the most likely forum. Howmet at 423 (citing B.U.L.Rev. 900, 903) (emphasis added).

In the instant case, plaintiff's counsel chose to initiate the first action in the Court of Common Pleas for Philadelphia County despite the fact that he knew or should have known that defendant McFadden lived in Maryland, the alleged accident took place at Christiana Hospital in Newark, Delaware, and that Christiana Hospital was owned or operated by Christiana Care Health Services, Inc., a Delaware corporation. While plaintiff's counsel suspected that CCHS may have done business in Philadelphia County, he should have recognized that the most likely forum under the circumstances was Delaware.

The instant case is clearly distinguishable from cases where the plaintiff was mistaken about a fact critical to the determination of the appropriate jurisdiction, for example, where plaintiff thought that an accident on I-95 occurred in Pennsylvania rather than Delaware. See Leavy v. Saunders, 319 A.2d 44 (Del. Super Ct. 1974) (granting plaintiff relief under the Savings Statue).

Further, this case may be distinguishable from Cloud v. Amquip Corp. 2003 U.S. Dist. LEXIS 7589 (D. Del. 2003) (Exhibit B to Plaintiff's Answering Brief) which plaintiff claims mandates that her action be allowed to stand. See Plaintiff's Answering Brief at p. 11. Defendant concedes that Cloud stands for the proposition that the Delaware Savings Statute may be applied to save actions that were initially filed in foreign jurisdictions. Defendants do not believe, however, that Cloud should be read so broadly as to suggest that *any* action that is dismissed in a foreign state for lack of personal jurisdiction over the defendant must be saved by Delaware's Savings Statute. Clearly, the facts surrounding the plaintiff's decision to file suit in a particular forum are relevant to a determination of whether plaintiff attempted suit in the most likely forum and whether she was justifiably mistaken in choosing the wrong forum. In Cloud, the facts surrounding the improper dismissal of the initial suit in Texas were not discussed, so it is not clear, despite plaintiff's assertion, that Cloud is "factually identical" to the instant case. Nor is it clear that Cloud is precedential in the instant case. See Plaintiff's Answering Brief at p. 11.

### III. Plaintiff's Pennsylvania Action Was Not Dismissed Through No Fault of Her Own so the Savings Statute Does Not Apply

Plaintiff argues that the Pennsylvania action was dismissed through no fault of her own because, based on plaintiff's counsel's investigation prior to and after filing of the suit, she

believed that the original complaint was filed in an appropriate forum. See Plaintiff's Answering Brief at p. 12. However, plaintiff had a duty to perform a thorough investigation into the facts *prior* to filing suit, see Ellis at *5, and to file her suit in the most likely forum, see Howmet at 423.

The Savings Statute seeks to mitigate against the harshness of the defense of the statute of limitations raised against a plaintiff who, *through no fault of his own*, finds his cause technically barred by the lapse of time. Quillen, 1999 WL 33116503 at * 2. (citing Giles, 140 A.2d 263(Del. 1958)) (emphasis added). The Savings Statute generally applies to defects caused by unavoidable accident or by the default or negligence of some third party. Ayers v. Jacobs & Crumplar, P.A., 1996 WL 769331 at *5 (Del. Super. Ct.) (Appendix to Defendant's Opening Brief at Tab 11, pp. A122-A125) (citing Giles at 267; Bros v. Wilkins, 134 A.2d 636, 638 (Del. Super. Ct. 1957)).

Plaintiff, with the assistance of her counsel, filed the first action in a forum of their choosing, despite several known facts that indicated it was not the most appropriate forum. Clearly, the most likely forum in this case was Delaware, the state where the alleged accident occurred, where plaintiff and defendant McFadden were working when the alleged accident occurred, and the state of incorporation of CCHS, the owner of the hospital where the alleged accident occurred. The dismissal of plaintiff's first action was not caused by some unavoidable accident or the fault of a third party.

## CONCLUSION

Plaintiff should not be afforded the restorative effect of Delaware's Savings Statute, 10 Del.C § 8118, because she cannot meet the enumerated requirements of the statute. Plaintiff cannot demonstrate that her first action was "duly commenced" or that dismissal of the first action for improper personal jurisdiction and venue caused the action to be avoided or defeated for a matter of form. Further, plaintiff cannot demonstrate that dismissal of the first action resulted from excusable negligence. For all of the forgoing reasons, defendants respectfully submit that plaintiff's claims against defendants should be dismissed, with prejudice.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*Natalie L. Palladino*
JOHN D. BALAGUER (#2537)
NATALIE L. PALLADINO (#3878)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
*Attorneys for Defendants,*
*Lydia Adair McFadden and*
*Christiana Care Health Services, Inc*

Date: September 13, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-CV-00321 GMS |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) |
| CARE HEALTH SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Natalie L. Palladino, Esquire do hereby certify that on this 13th day of September, 2005, two copies of the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** were served upon the following via E-file and U.S. Mail, postage pre-paid:

Richard R. Wier, Jr.
Daniel W. Scialpi
1220 Market Street, Suite 600
Wilmington, DE 19801

WHITE AND WILLIAMS LLP

*/s/ Natalie L. Palladino*
JOHN D. BALAGUER (#2537)
NATALIE L. PALLADINO (#3878)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
*Attorneys for Defendants,*
*Lydia Adair McFadden and*
*Christiana Care Health Services, Inc.*

Date: September 13, 2005