IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-321 (GMS) |
| | ) | |
| LYDIA ADAIR MCFADDEN and | ) | |
| CHRISTIANA CARE HEALTH | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

**I.      INTRODUCTION**

On May 23, 2005, Kimbra Criswell ("Criswell") filed this personal injury action against Lydia Adair McFadden ("McFadden") and Christiana Care Health Services, Inc. ("CCHS") (collectively, the "defendants"). The complaint alleges that McFadden and CCHS, her employer, were negligent, thereby causing Criswell's injuries. Presently before the court is the defendants' motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court will deny the motion.

**II.     BACKGROUND**

According to Criswell, on May 23, 2002, she was injured at Christiana Hospital ("Christiana"), which is owned by CCHS, in Newark, Delaware. (D.I. 4, at 3.) The complaint alleges that McFadden, an x-ray technician, negligently injured Criswell when she caused an x-ray machine to move forward and come into contact with Criswell's left leg and foot in the hallway of Christiana. (D.I. 1 ¶¶ 9, 12.)

On May 19, 2004, Criswell filed a complaint against the defendants in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging that McFadden and CCHS negligently caused

her injuries.  (D.I. 4, Appx. A at A1-A11.)  On June 12, 2004, the defendants filed preliminary objections to improper personal jurisdiction and venue.  (*Id.* at A12-A47.)  On July 1, 2004, Criswell filed a response to the defendants' preliminary objections, stating that she needed discovery regarding the jurisdiction and venue issues.  (*Id.* at A48-91.)  The court allowed limited discovery and argument on the issues.  (D.I. 4, at 4.)  On October 13, 2004, the court entered an Order granting the defendants' preliminary objections and dismissing the case.  (*Id.*, Ex. 4 at 92.)  Criswell did not appeal the order.

On May 23, 2005, Criswell filed her complaint in this court.  The complaint alleges that McFadden was negligent, careless, and reckless in the manner in which she moved the x-ray machine that struck Criswell.  (D.I. 1, at Count I.)  The complaint further alleges that CCHS was negligent, careless and reckless in hiring and training McFadden, in entrusting the x-ray machine to McFadden, in failing to provide a safe work environment, and in failing to properly and adequately maintain the x-ray machine.  (*Id.* at Count II.)  Lastly, the complaint alleges that CCHS is liable for McFadden's negligence.  (*Id.* at Count III.)  Criswell seeks compensation for lost wages, medical bills for past and future treatment, and other damages.  (*Id.* ¶ 33.)

### III.  STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993).  Thus, as in the case of a Rule 12(b)(1) motion, the court must accept the factual allegations of the complaint as true.  *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and

to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988). In performing this task, however, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). On the other hand, a court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**IV.   DISCUSSION**

The defendants contend that Criswell's claims are time barred by Delaware's two year statute of limitations for personal injury actions because she initiated this action three years from the date of her alleged injury.[1] (D.I. 4, at 5.) Criswell, on the other hand, asserts that the Delaware Savings Statute (the "Savings Statute"), Del. Code Ann. tit. 10 § 8118, preserves her claims. (D.I. 12, at 6.) The defendants, however, contend that the Savings Statute is inapplicable under the facts of this case. (D.I. 4, at 8.)

The Savings Statute, provides:

> If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which

---

[1] The applicable statute of limitations for a personal injury is two years. Del. Code Ann. tit. 10 § 8119 ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained. . . .")

3

>    vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action, or after the reversal of the judgment therein.

Del. Code Ann. tit. 10 § 8118(a). In order for the Savings Statute to apply, a plaintiff must meet two requirements: (1) the original action must have been duly commenced; and (2) (a) the writ was abated, or (b) the action was avoided or defeated for any matter of form. The court, therefore, must first determine whether Criswell's action, which was dismissed for lack of jurisdiction, was "duly commenced."

The defendants contend that Criswell did not duly commence her first action in Pennsylvania prior to the running of the two year statute of limitations. (D.I. 4, at 10.) Specifically, the defendants argue that Criswell had a duty to investigate their relationship to the forum in which she was intending to file her lawsuit. (*Id.*) The defendants further argue that Criswell's failure to investigate demonstrates that she did not diligently seek to bring them before the bar of justice. (*Id.*) The defendants rely on two unpublished Delaware opinions to support their position, (1) *Ellis v. Davis*, No. C.A. 97C-08-014-WTQ, 1998 WL 281053 (Del. Super. Ct. May 11, 1998), and (2) *Quillen v. Knight*, No. 98C-04-231-CHT, 1999 WL 33116503 (Del. Super. Ct. Nov. 10, 1999).

After having considered the parties arguments and relevant case law, the court disagrees with the defendants' position. The court also concludes that *Ellis* and *Quillen* are distinguishable, because the courts in those cases did not directly address whether an action dismissed for lack of jurisdiction was duly commenced. Rather, they specifically and primarily addressed whether an action dismissed for failure to effect service was duly commenced for purposes of the savings

statute.[2] The court further finds that *Howmet Corporation v. City of Wilmington*, 285 A.2d 423 (Del. Super. Ct. 1971) is more analogous to the present case than *Ellis* or *Quillen*. In *Howmet*, the plaintiff alleged that the defendant's negligence or breach of contract caused damage to its cargo at the Port of Wilmington. *Howmet*, 285 A.2d at 424. The plaintiff had previously filed an action in the United States District Court for the District of Delaware alleging substantially the same claim against the defendant. *Id.* The district court dismissed the plaintiff's action, however, because it lacked jurisdiction. The plaintiff argued that the Savings Statute preserved its claims in the superior court action. *Id.*

The first question that was presented to the court was whether an action dismissed for lack of jurisdiction was "duly commenced" within the meaning of the Savings Statute. *Id.* at 425. The court concluded that "the error in bringing the action in the Federal District Court for the District of Delaware, which lacked jurisdiction, did not prevent the action from being 'duly commenced'" within the meaning of the Savings Statute. *Id.* at 426. The court reached its conclusion after considering the remedial purpose of the statute. Quoting Judge Cardozo, the court stated:

> The (saving) statute is designed to insure to the diligent suitor the right to hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. . . . There is nothing in the reason of the rule that calls for a distinction between consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights. . . . A suitor who invokes in good faith the aid of the court of justice, and who initiates a

---

[2] The court notes that the first action in *Quillen* was dismissed not only for insufficient service of process, but also for lack of personal jurisdiction and improper venue. However, the *Quillen* court addressed only whether the Savings Statute preserved the plaintiff's claims when service was never effectuated in the first action. Thus, it is inapposite to the case at bar.

> proceeding by the service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum.

*Id.* at 425-26 (quoting *Gaines v. City of New York*, 215 N.Y. 533, 109 N.E. 594 (1915)).  The *Howmet* court noted, however, that the Savings Statute would not apply under circumstances where the first action was intentionally brought in the wrong court, or where the plaintiff's counsel was so careless or negligent as to preclude the plaintiff from taking advantage of it.  *Id.* at 426 (citations omitted).

Applying these principles to present case, the court concludes that Criswell duly commenced the Pennsylvania action within the meaning of the Savings Statute.  Under Delaware law, an action is "duly commenced" when a plaintiff diligently seeks to bring a defendant into court and subject her to its jurisdiction.  *Russell v. Olmedo*, 275 A.2d 249, 250 (Del. 1971).  Here, Criswell's Pennsylvania action gave timely notice to McFadden and CCHS that she was resorting to the courts to maintain her rights.  The record contains no evidence which demonstrates that McFadden and CCHS were improperly served.  As such, Criswell properly effected service of process on them.  Additionally, there is no indication that Criswell's Pennsylvania action was intentionally brought in the wrong court.  Finally, although the defendants seem to suggest that Criswell's counsel was careless or negligent in failing to investigate their relationship to Pennsylvania, the court concludes the record evidence demonstrates that Criswell's counsel filed the first lawsuit in Pennsylvania in good faith, based on what he believed were "multiple facts . . . that should have established that [CCHS] was associated with Jefferson [Health System, a corporation registered to do business in Pennsylvania,] and also independently did business in Pennsylvania." (D.I. 12, at 4; *Id.* Ex. A.) Accordingly, Criswell's error in bringing her action in the Pennsylvania Court of Common Pleas, does not prevent it from being "duly commenced" under the Savings Statute.

Having determined that Criswell's action was duly commenced, the court must now determine whether the writ was abated, or the action was avoided or defeated for any matter of form. For purposes of this motion, both parties agree that the writ was not abated in the Pennsylvania action. Thus, the only issue left for the court to determine is whether Criswell's Pennsylvania action was otherwise avoided or defeated for a matter of form. The defendants concede that "[t]he Delaware courts have determined [in several cases] that actions dismissed for lack of jurisdiction or venue *may* fall within the meaning of the [Savings] [S]tatute, as actions that were 'avoided or defeated for any matter of form.'" (D.I. 4, at 12.) Nonetheless, the defendants contend that the dismissal of Criswell's Pennsylvania action does not fall within the spirit of the Savings Statute because she failed to file suit in the most appropriate forum, despite her absence of mistake about the facts that were material in choosing the most appropriate forum (*i.e.* McFadden's residence and CCHS' state of incorporation). (*Id.* at 12-13.) The court is not persuaded.

The Delaware Superior Court in *Howmet* addressed whether an action dismissed for lack of jurisdiction is avoided or defeated for any matter of form, and concluded that the answer was yes. The court initially noted that the Savings Statute "has a remedial purpose and is *liberally construed* to enable controversies to be decided upon the merits of a dispute rather than upon procedural technicalities." *Howmet*, 285 A.2d at 427 (emphasis added) (citing *Gosnell v. Whetsel*, 198 A.2d 924, 927 (Del. Supr. 1964)). The court further stated:

> [q]uestions of jurisdictions [sic] may be very intricate and it is often difficult to determine the proper court in which to bring suit. To determine the jurisdictional question, it is sometimes necessary to attempt suit in the most likely forum. If the court finds that the plaintiff is mistaken, he should not be penalized as to the merits of his cause "simply because he sought the aid of the tribunal he considered had the power to afford him justice."

7

*Howmet*, 285 A.2d at 427 (citation omitted).  Thus, under *Howmet*'s rationale, Criswell's Pennsylvania action was dismissed as a matter of form.

Additionally, at least one court in this district has held that "the Delaware Savings Statute applies to actions initially brought in a foreign jurisdiction and dismissed for reasons other than on the merits of the claim." *Cloud v. Amquip Corp.*, No. Civ. A 02-1316-SLR, 2003 WL 21037653, at *2 (D. Del. Apr. 28, 2003).  In *Cloud*, the plaintiff initially filed a negligence suit in Texas. *Id.* at *1.  The court dismissed the first action because the plaintiff had failed to obtain personal jurisdiction over the defendant in Texas. *Id.* at *2.  The plaintiff then filed a negligence action in the District of Delaware. *Id.* at *1.  In ruling on the defendant's motion to dismiss, the court noted that the Delaware Supreme Court "has held that the purpose of the Delaware Savings Statute is 'to mitigate against the harshness of the defense of the statute of limitations raised against a plaintiff who, through no fault of his own, finds his cause technically barred by the lapse of time.'" *Id.* at *2 (quoting *Giles v. Rodolico*, 140 A.2d 263, 267 (Del. 1958)).  The court then determined that the defendant "has been aware of the proceedings and there is no indication [that the] defendant has suffered harm or prejudice by the consecutive filings." *Id.* at *2.  The court, therefore, denied the defendant's motion to dismiss.

The facts of the case at bar are similar to those in *Cloud*.  Here, Criswell filed her complaint in Pennsylvania, which the court dismissed for lack of personal jurisdiction.  Therefore, the dismissal of Criswell's Pennsylvania action resulted in her case being technically barred, through no fault of her own, by the lapse of time.[3]  As in *Cloud*, the court concludes that the defendants have

---

[3] As previously discussed, the court has concluded that Criswell brought her first action in Pennsylvania in good faith, based on her belief that the court had personal jurisdiction over the defendants.  Thus, she is not at fault for its dismissal.

been aware of the proceedings and, although they complain that they are prejudiced by the six month lapse of time between the dismissal of Criswell's Pennsylvania action and the filing of this action, the court does not find any harm or prejudice to the defendants by the consecutive filings.[4] Therefore, the court will deny the defendants' motion to dismiss.


Dated: February 23, 2006                        /s/ Gregory M. Sleet
                                                UNITED STATES DISTRICT JUDGE

---

[4] The defendants assert that they were not put on notice of their need to continue to defend against a lawsuit, arising from the alleged May 23, 2002 injury to Criswell, after the Pennsylvania action was dismissed. They further assert that the delays caused by Criswell have prejudiced their ability to defend the case. Absent from both the defendants' opening and reply briefs, remarkably, is any discussion of how they have been prejudiced by Criswell's actions. Further, the Delaware Supreme Court has held that a defendant is not prejudiced when given prompt notice of a plaintiff's intent to litigate. *Gosnell v. Whetsel*, 198 A.2d 924, 927 (Del. 1964). Here, the defendants had prompt notice of Criswell's intent to litigate, as they were properly served in the Pennsylvania action. Thus, the court finds that they have not been prejudiced.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-321 (GMS) |
| ) | |
| LYDIA ADAIR MCFADDEN and ) | |
| CHRISTIANA CARE HEALTH ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss (D.I. 3) is DENIED.


Dated: February 23, 2006                /s/ Gregory M. Sleet
                                        UNITED STATES DISTRICT JUDGE