## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 05-CV-00321 GMS |
| v. | ) |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO COMPLAINT

1. After reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

2. Admitted.

3. Admitted.

4. After reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

5. After reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

6. After reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

## JURISDICTION AND VENUE

7. After reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

8. After reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

## THE FACTS

9. Negligence and proximate cause are denied with respect to Answering Defendants. As to remaining allegations in this paragraph, after reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of these allegations.

10. After reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

11. Denied.

12. Denied.

13. Denied.

14. After reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT I
## PLAINTIFF v. DEFENDANT MCFADDEN

25. This paragraph does not require a response.

26(a)-(h). Denied.

27. Denied.

## COUNT II
## PLAINTIFF v. DEFENDANT CHRISTIANA

28. This paragraph does not require a response.

29(a)-(h). Denied.

30. Denied.

## COUNT III
## PLAINTIFF v. DEFENDANT CHRISTIANA

31. This paragraph does not require a response.

32. All allegations of negligence and/or carelessness are specifically denied and strict proof demanded at trial if relevant. Otherwise, this paragraph states a legal conclusion/argument to which no response is required.

33. Denied.

## FIRST AFFIRMATIVE DEFENSE

34. Plaintiff's claim may be barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

35. Plaintiff's claim may be barred and/or reduced by Plaintiff's own comparative fault/negligence.

- 4 -

**THIRD AFFIRMATIVE DEFENSE**

36.    Plaintiff's injuries, if any, were caused by a superseding/intervening cause.

**FOURTH AFFIRMATIVE DEFENSE**

37.    Plaintiff assumed the risk of the injuries and damages alleged.

**FIFTH AFFIRMATIVE DEFENSE**

38.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

39.    Plaintiff's damages, if any, pre-existed the alleged incident and/or are otherwise not causally related to the alleged incident.

**SEVENTH AFFIRMATIVE DEFENSE**

40    Plaintiff's injuries, if any, were caused by a condition not within the control of Answering Defendants and, as such, Answering Defendants are not responsible for plaintiff's injuries.

**EIGHTH AFFIRMATIVE DEFENSE**

41.    Plaintiff may have failed to mitigate her damages.

**NINTH AFFIRMATIVE DEFENSE**

42.    Plaintiff's claims are barred by the borrowed servant doctrine.

**TENTH AFFIRMATIVE DEFENSE**

43.    Plaintiff's claims are barred by the Worker's Compensation exclusivity provision, 19 Del. C. § 2304.

- 5 -

**WHEREFORE**, Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., demand that judgment be entered in their favor and against Plaintiff, plus attorney's fees, costs and any other additional relief that the Court deems just and appropriate.

        **WHITE AND WILLIAMS LLP**

        /s/ Deborah J. Massaro
        _____
        **JOHN D. BALAGUER (ID#2537)**
        **DEBORAH J. MASSARO (ID#4280)**
        824 North Market Street, Ste. 902
        P.O. Box 709
        Wilmington, DE 19899-0709
        (302) 654-0424
        *Attorneys for Defendants,*
        *Lydia Adair McFadden and*
        *Christiana Care Health Services, Inc.*

Dated: February 28, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 05-CV-00321 GMS |
| v. | ) |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I, Deborah J. Massaro, Esquire do hereby certify that on this 28th day of February, 2006, two copies of the foregoing **ANSWER TO COMPLAINT** were delivered via e-filing and/or regular U.S. First Class Mail, postage prepaid to the following named individual:

Richard R. Wier, Jr., Esquire
Law Offices of Richard R. Wier, Jr., P.A.
1220 Market Street, Suite 600
Wilmington, DE 19801

WHITE and WILLIAMS LLP

*/s/ Deborah J. Massaro*

**JOHN D. BALAGUER (#2537)**
**DEBORAH J. MASSARO (#4280)**
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 654-0424
*Attorneys for Defendants*,
*Lydia Adair McFadden and*
*Christiana Care Health Services, Inc.*