**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-CV-00321 GMS |
| | ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) | |
| CARE HEALTH SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**AMENDED ANSWER TO COMPLAINT ON
BEHALF OF DEFENDANTS LYDIA ADAIR MCFADDEN AND CHRISTIANA CARE
HEALTH SERVICES, INC.**

1.      After reasonable investigation, Answering Defendants have insufficient

knowledge or information to form a belief as to the truth of the allegations in this paragraph.

2.      Admitted.

3.      Admitted.

4.      After reasonable investigation, Answering Defendants have insufficient

knowledge or information to form a belief as to the truth of the allegations in this paragraph.

5.      After reasonable investigation, Answering Defendants have insufficient

knowledge or information to form a belief as to the truth of the allegations in this paragraph.

6.      After reasonable investigation, Answering Defendants have insufficient

knowledge or information to form a belief as to the truth of the allegations in this paragraph.

**JURISDICTION AND VENUE**

7.      After reasonable investigation, Answering Defendants have insufficient

knowledge or information to form a belief as to the truth of the allegations in this paragraph.

8.      After reasonable investigation, Answering Defendants have insufficient

knowledge or information to form a belief as to the truth of the allegations in this paragraph.

## THE FACTS

9.      Negligence and proximate cause are denied with respect to Answering

Defendants.  As to remaining allegations in this paragraph, after reasonable investigation,

Answering Defendants have insufficient knowledge or information to form a belief as to the truth

of these allegations.

10.      After reasonable investigation, Answering Defendants have insufficient

knowledge or information to form a belief as to the truth of the allegations in this paragraph.

11.      Denied.

12.      Denied.

13.      Denied.

14.      After reasonable investigation, Answering Defendants have insufficient

knowledge or information to form a belief as to the truth of the allegations in this paragraph.

15.      Denied.

16.      Denied.

17.      Denied.

18.      Denied.

19.      Denied.

20.      Denied.

21.      Denied.

22.      Denied.

23.      Denied.

24.      Denied.

## COUNT I
## PLAINTIFF v. DEFENDANT MCFADDEN

25.     This paragraph does not require a response.

26(a)-(h).  Denied.

27.     Denied.

## COUNT II
## PLAINTIFF v. DEFENDANT CHRISTIANA

28.     This paragraph does not require a response.

29(a)-(h).  Denied.

30.     Denied.

## COUNT III
## PLAINTIFF v. DEFENDANT CHRISTIANA

31.     This paragraph does not require a response.

32.     All allegations of negligence and/or carelessness are specifically denied and strict proof demanded at trial if relevant.  Otherwise, this paragraph states a legal conclusion/argument to which no response is required.

33.     Denied.

## FIRST AFFIRMATIVE DEFENSE

34.     Plaintiff's claim may be barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

35.     Plaintiff's claim may be barred and/or reduced by Plaintiff's own comparative fault/negligence.

## THIRD AFFIRMATIVE DEFENSE

36.    Plaintiff's injuries, if any, were caused by a superseding/intervening cause.

## FOURTH AFFIRMATIVE DEFENSE

37.    Plaintiff assumed the risk of the injuries and damages alleged.

## FIFTH AFFIRMATIVE DEFENSE

38.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

39.    Plaintiff's damages, if any, pre-existed the alleged incident and/or are otherwise not causally related to the alleged incident.

## SEVENTH AFFIRMATIVE DEFENSE

40    Plaintiff's injuries, if any, were caused by a condition not within the control of Answering Defendants and, as such, Answering Defendants are not responsible for plaintiff's injuries.

## EIGHTH AFFIRMATIVE DEFENSE

41.    Plaintiff may have failed to mitigate her damages.

## NINTH AFFIRMATIVE DEFENSE

42.    Plaintiff's claims are barred by the borrowed servant doctrine.

## TENTH AFFIRMATIVE DEFENSE

43.    Plaintiff's claims are barred by the Worker's Compensation exclusivity provision, 19 Del. C. § 2304.

## ELEVENTH AFFIRMATIVE DEFENSE

44.     <u>The imposition of punitive damages against the Defendants would violate their constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, the excessive Fines Clause of the Eighth Amendment to the Constitution of the United States, the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States, similar provisions in the Delaware Constitution, and/or the common law, statutes, public policy and court rules of the State of Delaware.</u>

**WHEREFORE**, Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., demand that judgment be entered in their favor and against Plaintiff, plus attorney's fees, costs and any other additional relief that the Court deems just and appropriate.

**WHITE AND WILLIAMS LLP**

**JOHN D. BALAGUER (ID#2537)**
**DEBORAH J. MASSARO (ID#4280)**
824 North Market Street, Ste. 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
*Attorneys for Defendants,*
*Lydia Adair McFadden and*
*Christiana Care Health Services, Inc.*

Dated: <u>April 10, 2006</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.  05-CV-00321 GMS |
| | ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) | |
| CARE HEALTH SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Deborah J. Massaro, Esquire, certify that on this 10th day of April, 2006 two copies of

the **AMENDED ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS LYDIA**

**ADAIR MCFADDEN AND CHRISTIANA CARE HEALTH SERVICES, INC.** were

delivered via e-filing and/or regular U.S. First Class Mail, postage prepaid to the following

named individual:

Richard R. Wier, Jr., Esquire
Law Offices of Richard R. Wier, Jr., P.A.
1220 Market Street, Suite 600
Wilmington, DE  19801

WHITE and WILLIAMS  LLP

**JOHN D. BALAGUER (#2537)**
**DEBORAH J. MASSARO (#4280**)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 467-4501
*Attorneys for Defendants,*
*Lydia Adair McFadden*
*and Christiana Care Health Services, Inc.*

- 6 -