IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-CV-00321 GMS |
| ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA ) | JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

WHITE AND WILLIAMS LLP

/s/ Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A.
McFadden and Christiana Care
Health Services, Inc.*

Date: January 3, 2007

WILDMS 139347v.1

Table of Contents

                                                                          Page

TABLE OF CITATIONS .................................................................................................. ii

ARGUMENT ...................................................................................................................... 1

    I. PLAINTIFF WAS A SPECIAL EMPLOYEE OF CCHS AND THUS SHE IS
       BARRED FROM BRINGING SUIT AGAINST DEFENDANTS BY THE
       WORKERS' COMPENSATION EXCLUSIVITY BAR ........................................... 1

        A. CCHS HIRED PLAINTIFF ............................................................................. 3

        B. CCHS HAD THE POWER TO FIRE PLAINTIFF .......................................... 3

        C. CCHS PAID PLAINTIFF ................................................................................ 3

        D. CCHS EXERCISED CONTROL OVER PLAINTIFF'S ACTIVITIES ............ 4

CONCLUSION .................................................................................................................... 7

## TABLE OF CITATIONS

### CASES

*Falconi v. Coombs & Coombs,* 902 A.2d 1094 (Del. 2006).................................................5

*Porter v. Pathfinder Services, Inc.,* 683 A.2d 40 (Del. 1996) .....................................2, 4, 5

### STATUTES

19 *Del. C.* § 2304 ........................................................................................................7

WILDMS 139347v.1

# ARGUMENT

Defendants rely primarily on their Opening Brief in Support of Their Motion for Summary Judgment, in reply to Plaintiff's Answering Brief. However, relevant portions of testimony from the deposition transcript of Dawn Shutak, which took place after Defendants' Opening Brief, will be highlighted in this Reply Brief.

## I. PLAINTIFF WAS A SPECIAL EMPLOYEE OF CCHS AND THUS SHE IS BARRED FROM BRINGING SUIT AGAINST DEFENDANTS BY THE WORKERS' COMPENSATION EXCLUSIVITY BAR

Plaintiff argues that because she was not an employee of Christiana Care Health Services, Inc. ("CCHS"), she is not barred from bringing suit against Defendants. To support this contention Plaintiff makes several conclusory statements in her Answer, without any citation to the record, or refuting the established record. For example, Plaintiff states that CCHS exercised no control over her activities at the hospital. However, as Defendants point out in their Opening Brief, Plaintiff's relationship with CCHS as a special employee is evidenced by the aspects of control described therein, such as the fact that CCHS supplied Plaintiff with all of the tools and equipment necessary to perform her job, established her schedule and had the right to hire and fire her. These areas of control establish that Plaintiff was a special employee of defendant CCHS. Dawn Shutak's testimony further supports the contention that CCHS had control of Plaintiff's activities. For example, CCHS determined Plaintiff's daily and weekly

1

schedules, and where she was to report in the hospital.[1] CCHS could call Plaintiff in to work if CCHS was short staffed.[2] CCHS could discipline Plaintiff, if necessary.[3]

Defendants do not dispute that Aureus Medical Group, ("Aureus"), was Plaintiff's general employer at the time of the injury at issue, but Defendants maintain that Plaintiff was also a special employee of CCHS. Plaintiff's status as a special employee is established by the level of control defendant CCHS had over Plaintiff. The fact that defendant CCHS supplied Plaintiff with x-ray equipment, determined her schedule and had the right to hire and fire her, unequivocally establish that Plaintiff was a special employee of defendant CCHS.

Plaintiff maintains that because Aureus was her general employer she could not have been a special employee of CCHS. However, one does not preclude the other. In *Porter v. Pathfinder Services, Inc.*, the Court held that the plaintiff was a special employee of the temporary employer, so as to be subject to the exclusive remedy provision of the Workers' Compensation Act.[4] The Court did not find that Mr. Porter's status as an employee of the temporary agency and a special employee of the temporary employer were mutually exclusive, but rather to the contrary that Mr. Porter was both an employee of the temporary agency and a special employee of the temporary employer at the same time.[5] Such is the instant case, and thusly Plaintiff's claims against Defendants are barred by the exclusivity provisions of Delaware's Worker's Compensation Statute.

---

[1] *See* B15 (D.S. Tr. at p. 12). The phrase D.S. Tr. refers to the deposition transcript of Dawn Shutak, *see* Appendix to Plaintiff's Answer to Defendants' Opening Brief in Support of Their Motion for Summary Judgment.

[2] B52 (D.S. Tr. at 49).

[3] B32, 36 (D.S. Tr. at 29, 33).

[4] *Porter v. Pathfinder Services, Inc.*, 683 A.2d 40, 42 (Del. 1996).

[5] *Id.*

2

### A. CCHS HIRED PLAINTIFF

Plaintiff attempts to assert that because she was hired by Aureus prior to being hired by CCHS, that she was therefore not hired by CCHS. Unfortunately for Plaintiff, this argument is completely contrary to the contract between CCHS and Aureus which states that defendant CCHS is solely responsible selecting healthcare professionals presented by Aureus.[6] Further, this is in direct contradiction to the Affidavit of Maryellen Hofmann propounded with Defendants' Opening Brief, the contents of which Plaintiff does not refute or deny in her Answering Brief.[7] Furthermore, Ms. Shutak's testimony reiterates the fact that Plaintiff was hired by CCHS, even though Ms. Shutak did not personally hire her.[8]

### B. CCHS HAD THE POWER TO FIRE PLAINTIFF

Plaintiff's argument that CCHS did not have the power to fire Plaintiff is again refuted by the contract between Aureus and defendant CCHS which states that if CCHS was unhappy with Plaintiff's performance, it had the authority to require Aureus to remove her.[9] Ms. Shutak also testified that CCHS could have fired Plaintiff, and Ms. Shutak gave an example of another special employee being dismissed for coming into work with alcohol on his breath.[10]

### C. CCHS PAID PLAINTIFF

Plaintiff relies on the fact that paychecks were issued to Plaintiff by Aureus to argue that Aureus paid Plaintiff. However, it is clear from the contract between Aureus

---

[6] *See* A90 (contract between Aureus and CCHS dated April 17, 2001, p.1, Provision of Healthcare Professionals, ¶ 3).

[7] *See* A95-96 (affidavit of Maryellen Hofmann).

[8] B21, B52 (D.S. Tr. at 18 and 49).

[9] A92 (contract p.3, Billing and Payment, ¶4, stating that Plaintiff could be removed, for cause).

[10] *See* B35 (D.S. Tr. at 32).

3

and CCHS that although Aureus was responsible for issuing Plaintiff's paycheck Ms. Criswell's hourly rate and expenses were billed to and paid for by CCHS.[11]

As pointed out in Defendants' Opening Brief, the facts in *Porter* are quite similar to those in the instant case and in *Porter*, despite plaintiff receiving his paycheck from the temporary agency, the Court found that that the Superior Court had correctly determined that plaintiff was a special employee of the temporary employer as a matter of law.[12]

### D. CCHS EXERCISED CONTROL OVER PLAINTIFF'S ACTIVITIES

Plaintiff argues that she was an independent contractor because she performed her work as an x-ray technician independently. Plaintiff seems to argue that because she knew how to operate the x-ray machinery on her own, that this somehow makes her an independent contractor. However, simply because no one at CCHS trained her initially, does not mean that she was an independent contractor. CCHS controlled when and where she would work, what type of tests she would perform on patients and owned all of the equipment that she used, right down to the x-ray bibs used for protection from radiation.[13] Plaintiff was supervised by defendant CCHS' employees.[14] As pointed out previously she was also required to comply with defendant CCHS' rules, regulations and policies.[15] Although Plaintiff, in conclusory fashion, contends that she was not

---

[11] A89 (contract proposal letter dated April 15, 2002); A91-92 (contract between Aureus and defendant CCHS, p.2, Legal, Payroll & Tax Obligations, ¶¶ 3-4)); *Id.* (contract at p.3, Insurance, ¶ 3).

[12] *Porter*, 683 A.2d at 42.

[13] A12 (K.C. Tr. at 12); A95-96 (affidavit of Maryellen Hofmann). *See also*, D.S. Tr. at p. 48.

[14] *See* A95-96 (affidavit of Maryellen Hofmann); A90 (contract at p.2, JCAHO Compliance at ¶ 3); A91 (contract at p.2, Direction and Supervision). *See also* B14-18 (D.S. Tr. at 11-15).

[15] A91 (contract, p.2, JCAHA Compliance, ¶ 3). *See also* B49 (D.S. Tr. at p. 46).

4

supervised by employees of defendant CCHS, the agreement between defendant CCHS and Aureus unambiguously establishes that all professionals employed by Aureus "shall, when rendering services, be under the direction and supervision of the Client and not Aureus."[16] Further, the contract states that defendant CCHS "shall be recognized as the on-site supervisor of professional performance and daily assignment responsibilities."[17] Defendant CCHS was also responsible for evaluating Plaintiff's performance.[18] Ms. Shutak testified that if there was a problem with Plaintiff's performance she could address it.[19] Defendant CCHS also set Plaintiff's schedule, and told her where to report.[20] In addition, defendant CCHS, like the defendant in the *Porter* case, had the discretion to hire or fire Plaintiff.[21] In addition, Plaintiff reported to CCHS' employee health department when she was injured.[22]

Importantly, Aureus' contract with defendant CCHS required Plaintiff to work under the direction of defendant CCHS employees, not Aureus. This control, which is given the most weight in the analysis, establishes that Plaintiff was defendant CCHS' special employee.

Finally, Plaintiff relies on *Falconi v. Coombs & Coombs* to support her contention that she was an independent contractor, however, a closer look at this case reveals that

---

[16] A91 (contract at p.2, Direction and Supervision).

[17] A91 (contract at p.2, JCAHO Compliance, ¶ 3). *See also* B49-50 (D.S. Tr. at p. 46-47).

[18] A91 (contract p.2, JCAHO Compliance, ¶¶ 6-7).

[19] *See* P32 & 36 (DS tr. at 29 & 33).

[20] A95-96 (affidavit of Maryellen Hofmann); A76-77 (K.C. Tr. at 76-77, wherein Plaintiff admits that Ms. Shutak told her where to report). *See also* B14-18 (D.S. Tr. at p. 11-15).

[21] A90 (contract at p.1, Provision of Healthcare Professionals, ¶ 3 (hiring)); A91 (contract, at p. 3, Billing and Payment, ¶ 4 (firing)).

[22] A23-24 (K.C. Tr. at 23-24); B42-43, 50 (D.S. Tr. at p. 39-40, 47).

WILDMS 139347v.1

the Supreme Court ultimately determined that the plaintiff, a worker's compensation claimant, was an employee, and not an independent contractor.[23] In *Falconi*, plaintiff, was brought into an automotive service business and the defendant believed that plaintiff was an independent contractor. Despite this belief, the Court determined that the plaintiff, was an employee and not an independent contractor.[24] The Court applied the Restatement (Second) of Agency test and found that plaintiff was an employee based on the employer's exercise of sufficient control over the plaintiff.[25] The Court considered the following factors dispositive: plaintiff was told when to work on each car, and was directed to purchase car parts; plaintiff was held out to the public as a person who to all appearances was an employee; plaintiff agreed to obey the employer's general rules; plaintiff had specific hours; plaintiff received a fixed payment rather than based on how many cars he fixed or how much work he accomplished. The employer also provided substantial instrumentalities; tools and a place to work. The Court ultimately found that totality of these factors indicate that plaintiff's relationship with the automotive service shop was that of an employee rather than an independent contractor.[26]

Similarly, Plaintiff in the instant case was told when and where to report in the hospital;[27] she was held out to the public as a person who to all appearances was an employee;[28] she agreed to obey the employer's general rules;[29] she had specific hours;[30]

---

[23] 902 A.2d 1094 (Del. 2006).

[24] *Id.* at 1101.

[25] *Id.*

[26] *Id.*

[27] A95-96 (affidavit of Maryellen Hofmann); A76-77 (K.C. Tr. at 76-77, wherein Plaintiff admits that Ms. Shutak told her where to report). *See also* B14-18 (D.S. Tr. at p. 11-15).

[28] B14-21 (D.S. Tr. at 11-18).

she received a fixed salary rather than based on how many patients she saw or how much work she accomplished.[31] CCHS also provided Ms. Criswell's substantial instrumentalities; such as x-ray equipment and a place to work.[32] Thus, the totality of the circumstances in this case support Defendants' position that Ms. Criswell was a special employee of CCHS, and her claims against Defendants are therefore barred by the exclusivity provisions of Delaware's Worker's Compensation Statute set forth in 19 *Del. C.* § 2304.

## CONCLUSION

Because Plaintiff was under defendant CCHS' control at the time of the incident, as evidenced by the fact that defendant CCHS provided the x-ray equipment used by Plaintiff, the facility for taking the x-rays, and defendant CCHS was responsible for setting Plaintiff's hours, her daily supervision, and had the right to terminate her services, Plaintiff was a special employee of defendant CCHS. Plaintiff arguments that Plaintiff was an employee of Aureus; hired by Aureus; could be fired by Aureus; was paid by Aureus and that CCHS did not control her activities are in direct contradiction to the uncontested record established in this case. Thus, Plaintiff is barred by the exclusivity provisions in Delaware's Worker's Compensation Statute from bringing suit against Defendants. The Court, therefore, should enter summary judgment in Defendants favor.

---

[29] A91 (contract, p.2, JCAHA Compliance, ¶ 3). *See also* B49 (D.S. Tr. at p. 46).
[30] B14-21 (D.S. Tr. at p. 11-18).
[31] A89 (Apr. 15, 2002 proposal letter).
[32] A12 (K.C. Tr. at 12); A95-96 (affidavit of Maryellen Hofmann).

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

/s/ Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: January 3, 2007

8

WILDMS 139347v.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL,<br><br>           Plaintiff,<br>v.<br><br>LYDIA ADAIR MCFADDEN and CHRISTIANA CARE HEALTH SERVICES, INC.,<br><br>           Defendants. | )<br>)<br>)<br>)  C.A. No. 05-CV-00321 GMS<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Deborah J. Massaro, Esquire, do hereby certify that on this 3rd day of January, 2007, two copies of **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** were served via electronic filing and delivered U.S. First Class Mail, postage prepaid upon the following:

Richard R. Wier, Jr., Esquire
Law Offices of Richard R. Wier, Jr., P.A.
Two Mill Road
Suite 200
Wilmington, DE  19806

Nelson Levin, Esquire
Kats, Jamison, Van Der Veen &
  Associates
25 Bustleton Pike
Feasterville, PA  17044

**WHITE AND WILLIAMS LLP**

/s/ Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date:   January 3, 2007

WILDMS 139347v.1