## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KIMBRA CRISWELL,          )
                               )
               Plaintiff,    )
   v.                        )   C.A. No.  05-CV-00321 GMS
                               )
LYDIA ADAIR MCFADDEN and CHRISTIANA )   JURY TRIAL DEMANDED
CARE HEALTH SERVICES, INC.,         )
                               )
              Defendants.   )

## DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM PRESENTING EXPERT TESTIMONY

**WHITE AND WILLIAMS LLP**

                  /s/  Deborah J. Massaro

JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A.*
*McFadden and Christiana Care*
*Health Services, Inc.*

Date: January 9, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-CV-00321 GMS |
| | ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) | JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM
PRESENTING EXPERT TESTIMONY**

Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., hereby respectfully request that the Court enter the attached order precluding Plaintiff from presenting expert testimony at trial. In support of its motion, Defendants state the following:

1.      This case is a personal injury action in which Plaintiff contends that she was injured on or about May 23, 2002, when defendant McFadden negligently pushed a portable x-ray machine into her. Plaintiff initially filed an action against Defendants in Pennsylvania. That suit was dismissed, and Plaintiff re-filed her suit in Delaware. On August 12, 2005, Defendants filed a Motion to Dismiss, contending that Plaintiff's claim was time-barred and that Delaware's Savings Statute, 10 *Del. C.* § 8118 did not apply to extend the Statute of Limitations. The Court denied Defendant's motion, and the parties moved forward with, and completed, discovery. Defendants have filed a Motion for Summary Judgment based on Plaintiff's status as a special employee of Defendant, Christiana Care Health Services, Inc., which status bars her claims pursuant to the exclusivity provisions of Delaware's Worker's Compensation Statute. That motion is

1

pending, however, no modifications to the Scheduling Order with respect to expert disclosures have been implemented or requested.

2.     Pursuant to the Scheduling Order, Plaintiff's expert report deadline was November 27, 2006, and rebuttal expert reports are due January 17, 2007.  *See* Exhibit A. Plaintiff failed to provide any expert report prior to her deadline.

3.     On December 20, 2006, Defendants advised Plaintiff that Defendants take the position that Plaintiff will be unable to prove damages at trial without expert testimony.  *See* Exhibit B.

4.     Plaintiff responded on December 27, 2006 by advising that Plaintiff reserves the right to call any of her treating physicians at trial as experts and identifying Royal T. Bunin as an economic expert, but providing no reports.  *See* Exhibit C.

5.     Plaintiff's letter of December 27, 2006, by no means provides sufficient information to allow Defendants to know the opinions of her proposed experts or the basis of those opinions.  Thus, despite the November 27, 2006 expert deadline, Plaintiff still has not provided any expert reports, or sought an extension of this deadline.

6.     Federal Rule of Civil Procedure 26(a)(2)(B)(C) in pertinent part states as follows:

> (B)Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

2

(C)These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

7.     Although Defendants' Motion for Summary Judgment is pending, the

Scheduling Order has not been modified with respect to expert disclosures.  Since

Plaintiff has not provided proper expert disclosures by the deadline established by the

Court, nor sought any extension of the established deadline in a timely manner, Plaintiff

should be precluded from presenting expert testimony at trial.


Respectfully submitted,

**WHITE AND WILLIAMS LLP**


_____/s/  Deborah J. Massaro_____
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: January 9, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KIMBRA CRISWELL,             )
                                 )
                  Plaintiff,    )
 v.                            )   C.A. No.  05-CV-00321 GMS
                                 )
LYDIA ADAIR MCFADDEN and CHRISTIANA  )   JURY TRIAL DEMANDED
CARE HEALTH SERVICES, INC.,        )
                                 )
               Defendants.   )

## CERTIFICATE OF SERVICE

I, Deborah J. Massaro, Esquire, do hereby certify that on this 9th day of January, 2007,  two copies of **DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM PRESENTING EXPERT TESTIMONY** were served via electronic filing and delivered U.S. First Class Mail, postage prepaid upon the following:

Richard R. Wier, Jr., Esquire
Law Offices of Richard R. Wier, Jr., P.A.
Two Mill Road
Suite 200
Wilmington, DE   19806

Nelson Levin, Esquire
Kats, Jamison, Van Der Veen &
  Associates
25 Bustleton Pike
Feasterville, PA   17044

**WHITE AND WILLIAMS LLP**

  /s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A.*
*McFadden and Christiana Care*
*Health Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KIMBRA CRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.  05-CV-00321 GMS |
| | ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) | JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

HAVING CONSIDERED Defendants', Lydia Adair McFadden and Christiana

Care Health Services, Inc., Motion to Preclude Plaintiff from Presenting Expert

Testimony and all responses thereto,

IT IS HEREBY ORDERED this _____ day of _____, 2007, that

Plaintiff shall not be permitted to present expert testimony at trial, and Defendants'

Motion is hereby GRANTED.

_____
THE HONORABLE GREGORY M. SLEET

WILDMS 139770v.1