IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL )<br>        Plaintiff )<br>v. )<br>   ) C.A. No. 05-CV-00321 GMS<br>LYDIA ADAIR MCFADDEN and )<br>CHRISTIANA CARE HEALTH )<br>SERVICES, INC. ) JURY TRIAL DEMANDED<br>        Defendants. ) | |

## FINAL PRE-TRIAL ORDER

(1)  This is an action for personal injury and the jurisdiction of the Court is involved under 28 U.S.C. §1332.  Jurisdiction is not disputed.

This matter having come before the Court at a Pre-trial Conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and Richard R. Wier, Jr., Esquire, Two Mill Road, Suite 200, Wilmington, DE 19806, (302 888-3222); and Nelson Levin, Esquire of Kats, Jamison, van der Veen & Associates, 25 Bustleton Pike, Feasterville, PA 17044, (215 396-9001) having appeared as counsel for Plaintiffs; John D. Balaguer, Esquire, and Deborah J. Massaro, Esquire of White and Williams, LLP, 824 North Market Street, Suite 902, Wilmington, Delaware (302 467-4501), having appeared as counsel for Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc. the following actions were taken:

The Defendants filed timely answers denying all liability.  On October 24, 2006, the Defendants filed a Motion for Summary Judgment.  Briefing on these Motions was completed on January 3, 2007.  The Motion is still pending.

(2)  (a)  Uncontested facts.

**PLAINTIFF**

On May 23, 2002 at around 9:30 a.m. Plaintiff Kimbra Criswell, an x-ray technician, was present in the hallway of the Operating Room on the second floor of Defendant Christiana Care Health Services, Inc. (hereinafter "CCHS") when Defendant McFadden caused a certain portable x-ray machine to be moved forward, causing said machine to come into contact with Plaintiff's left lower ankle, causing Plaintiff to suffer personal injuries. Defendant McFadden was an employee of Christiana Hospital. The incident resulted solely from the negligence and carelessness of Defendant and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff. As a direct and proximate result of the accident, Plaintiff suffered injuries to her left foot, knee and leg. Plaintiff has been obligated to receive and undergo medical attention and care for her injuries and to incur various expenses. Plaintiff has also suffered a cosmetic disfigurement. Plaintiff has suffered loss and impairment of her earning capacity. Plaintiff has incurred financial expenses and losses. Plaintiff has suffered physical pain, mental anguish, humiliation, inconveniences and loss of life's pleasures. It is anticipated that the parties will stipulate to a $220,252.47 Workers' Compensation lien.

**DEFENDANTS**

Defendants dispute the accuracy of the factual recitation contained in Plaintiff's Uncontested Facts Section.

Uncontested Facts

1. Plaintiff, Kimbra Criswell ("Ms. Criswell"), was at all relevant times working as a temporary x-ray technician at Christiana Hospital pursuant to the terms of a contract between Christiana Care Health Services, Inc. ("CCHS") and Aureus Medical Group ("Aureus").

- 3 -

2. Defendant, Lydia Adair McFadden ("Ms. McFadden"), was at all relevant times an employee of CCHS and working at Christiana Hospital as an x-ray technician.

3. On the morning of May 23, 2002, Ms. Criswell and Ms. McFadden received an urgent page from the operating room to report immediately to an operating room in order to obtain an intraoperative x-ray of a patient.

4. Ms. McFadden moved the portable x-ray machine, while Ms. Criswell walked in front of it.

5. Ms. Criswell left ankle was tapped by the right front side of the portable x-ray machine as they walked down the hallway to the operating room.

6. Lydia McFadden was a co-worker of Ms. Criswell's.

7. During her time at Christiana Hospital, Ms. Criswell reported to Dawn Shutak, lead technician.

8. Ms. Criswell received worker's compensation benefits paid for by CCHS pursuant to contract with Aureus Medical Group, Inc.

(b) Contested facts and law.

**PLAINTIFF**

It is anticipated that Plaintiff's injuries will be contested. Plaintiff's allegations of injuries are as follows: Permanent Achilles tendonitis, reflex sympathetic dystrophy of the lower extremity, left Achilles tendon partial rupture and left superficial branch of peritoneal nerve injury with classic signs of Class I, complex regional pain syndrome, 4th metatarsal stress fracture, permanent RSD with left knee pain with weight-bearing, especially squatting and kneeling, popping and catching of the left knee, left knee proximal tibia fibular subluxation and instability. It is anticipated that the need for future surgery of the Achilles tendonitis and left

knee will be contested.   Plaintiff's injuries prohibit her from working as an x-ray technician for more than 8 hours per day, three days a week.  It is anticipated that the vocational impact on her life will be contested.  It is anticipated that the severity of the impact to Plaintiff's leg will be contested.

It is anticipated that Plaintiff's past lost earnings will be contested.  According to Plaintiff's expert, total past lost earnings is $212,068.  It is anticipated that Plaintiff's future lost earnings will be contested.  According to Plaintiff's expert, present value of future lost earnings is $823,551 and present value of future lost fringe benefits is $323,243.

It is anticipated that Plaintiff's employment status at the time of the incident will be contested.  Plaintiff was not an employee of Defendant Christiana Hospital.  Plaintiff was an independent contractor.  Thus, she is not barred from bringing suit against Defendants.  Plaintiff was an employee of Aureus, a company which places x-ray technicians in hospitals.  Aureus hired Plaintiff, had the power to fire Plaintiff and paid the Plaintiff.  CCHS did not control Plaintiff's activities.  These facts are in dispute.  Defendant has filed a Summary Judgment motion alleging that Plaintiff was a special employee of CCHS and, thus, she is barred from bringing suit against Defendants by the Workers' Compensation exclusivity bar.

Plaintiff objects to jury instructions No. 16, Stipulation Regarding Medical Bills to Date; No. 20, Mitigation of Damages; No 21, Worker's Compensation; and No. 22, Comparative Negligence.

**DEFENDANTS**

Contested Issues of Fact are as follows:

1. Did Ms. McFadden act negligently in her maneuvering of the portable x-ray machine?

    2.      Was Ms. McFadden's negligence a proximate cause of Plaintiff's injuries?

    3.      Was Ms. Criswell contributorily negligent by walking in front of the portable x-ray machine, rather than to the side of the machine?

    4.      The extent of damages.

Contested Issues of Law are as follows:

    1.      Pursuant to pending Motion for Summary Judgment, are Plaintiff's claims barred by the Worker's Compensation Exclusivity Bar, since she was a special employee of CCHS?

    2.      Should Plaintiff's expert economist be permitted to testify since his report is not based on any medical record with regard to permanency, but rather only Plaintiff's interrogatories and deposition testimony?

    3.      Should Plaintiff's experts be precluded since their reports were submitted well past the deadline for Plaintiff's submissions established by the trial scheduling order?

    4.      Should Plaintiff's claim for future medical expenses be precluded because Plaintiff has failed to provide any evidence of the amount of these alleged expenses?

    5.      Should Plaintiff's expert orthopaedic surgeon be permitted to testify that Plaintiff "may benefit" from operative treatment of her knee or Achilles tendon when he does not testify that it is medically necessary to a reasonable degree of medical probability in Plaintiff's Rule 26 disclosure?

    6.      Should Plaintiff's expert orthopaedic surgeon be permitted to testify regarding Plaintiff's ability to work since that issue is not discussed in his Rule 26 expert disclosure.

    7.      Should Plaintiff be permitted to present the following documents which are not in evidence: photographs; Workers' Compensation Lien and past medical bills?

8. Defendants reserve the right to supplement this Pre-Trial Order pending the Court's decision on their Motion for Summary Judgment based on the Workers' Compensation Exclusivity Bar.

9. Defendants reserve the right to supplement this Pre-Trial Order pending the discovery deposition transcript of Sumit Dewanjee, M.D., to be taken on March 29, 2007.

10. Defendants reserve the right to reply to Plaintiff's response to Defendant's Motion in Limine to Preclude Presenting Supplemental Report of Medical Expert, as Plaintiff's expert Dr. Dewanjee was deposed on March 29, 2007, and Plaintiff is not responding until March 30, 2007.

(c)  (1)  Exhibits:

**PLAINTIFF**

Medical records of the following providers (A-M):

| | | |
|---|---|---|
| A | Advance Foot and Ankle Center/Raymond DiPretoro, DPM |
| B | Pro Physical Therapy |
| C | Vascular Consultants, P.A. |
| D | Christiana Care |
| E | Lawall Prosthetics Orthotics |
| F | John Hopkins Medicine |
| G | Orthopedic Specialists of SW Florida |
| H | Foot and Ankle Center/Andrew W. Belis, DPM |
| I | LMR Imaging |
| J | Valley Radiologists MRI |
| K | Sumit Dewanjee, M.D. |
| L | Endurance Rehabilitation |
| M | Prescriptions Objection – Unrelated to Incident/back pain |
| N | Report and CV of Sumit Dewanjee, M.D. **Defendants Object** - **Hearsay** |
| O | Report and CV of Royal Bunin, MBA **Defendants Object** - **Hearsay** |
| P | Photographs of portable x-ray machine attached to Plaintiff's deposition Objection no foundation |
| Q | Plaintiff's tax records – 1997, 1999, 2000, 2001, 2002, 2003, 2005 |

WILDMS 142670v.1

| | | |
|---|---|---|
| R | Photographs of Plaintiff's left foot and leg **Defendants Object - Not in evidence** | |
| S | Deposition transcript of Plaintiff Kimbra Criswell **Defendants Object - Rule 32** | |
| T | Deposition transcript of Dawn Shutak **Defendants Object – Rule 32** | |
| U | Proposal letter from Aureus to CCHS, April 15, 2002 | |
| V | Contract between Aureus and CCHS | |
| W | Chart summarizing Plaintiff's economic loss attached to ` Royal Bunin's report **Defendants Object - Hearsay** | |
| X | Photographs of Plaintiff's leg and foot **Defendants Object – Not previously entered into Evidence** | |
| Y | Cam Walker and MAFO brace – **Defendants Object - Not in evidence/Relevance** | |

**DEFENDANTS**

Objection by Defendants to the extent any of these records have not been previously produced and pending identification to Defendants prior to trial. Objection on the grounds of relevance to any medical bills for care unrelated to Plaintiff's allegations of negligence.

Defendants reserve the right to use any and all trial exhibits identified by Plaintiff in this Order.

In addition, Defendants reserve the right to use, refer to or rely upon any exhibit not expressly listed above for purposes of impeachment and/or rehabilitation.

Defendants also reserve the right to use any medical record properly identified for demonstrative purposes.

    A.    Kimbra Criswell Medical Records
        1.    Christiana Care Health Services Inc. Employee Health Records
        2.    Christiana Care ER Records – 5/16/02 – 11/23/02
        3.    Christiana Care Records – 8/5/02 – 8/15/02
        4.    Dr. Raymond A. DiPretoro – Advanced Foot and Ankle Center – 5/28/02 11/27/02
        5.    Pro Physical Therapy – 7/24/02 – 11/27/02
        6.    Dr. D. Bhaskar Rao – Vascular Consultants, P.A. – 8/5/02 - 9/3/02
        7.    Neurology Associates, P.A./ Dr. Lisa Leschek-Gilman – 8/23/02 – 11/21/02
        8.    Johns Hopkins Medicine (Dr. Grabow) – 10/18/02
        9.    Orthopedic Specialists of SW Florida – 12/30/02 – 7/20/04
        10.    Advanced Pain Management Services – 2/25/03
        11.    Foot and Ankle Center/

                Drs. John J. Adler/Andrew W. Belis – 5/29/03 – 10/25/04
12.    LMR Imaging – 11/7/03
13.    Dr. John C. Kagan – 11/21/03
14.    Sumit Dewanjee, M.D./Ortho Surg. – 5/2/05 – 1/29/07
15.    Valley Radiologists – MRI – 5/7/05
16.    Lawall Prosthetics/Orthotics, Inc. – 8/15/02 – 5/19/06
17.    Endurance Rehabilitation – Lauren Bounds, P.T. – 3/31/06 – 5/3/06

B.    Aureus Medical Group
18.    Contract Proposal Letter dated April 15, 2002 (redacted)
19.    Contract between Aureus and Christiana Care Health Service dated April 17, 2002 (redacted)

C.    Other
20.    Social Security Administration Itemized Statement of Earnings
21.    Tax Returns

(d)    List of Witnesses:

**PLAINTIFF**

    Kimbra Criswell
    1814 E. Bell Road
    Phoenix, AZ

    Lydia Adair McFadden
    C/o Christiana Hospital
    Newark, DE 19718

    Dawn Shutak
    C/o Christiana Hospital
    Newark, DE 19718

    Mary Ellen Hoffman
    **Defendants object**. **For medical reasons this witness may not be available. Defendants present Sharon Pietlock/Radiology Manager in her place.**
    C/o Christiana Hospital
    Newark, DE 19718

    Sumit Dewanjee, M.D.
    2601 E. Roosevelt Street
    Phoenix, AZ 85008

    Royal Bunin, M.B.A.
    300 E. Lancaster Avenue

        Wynnewood, PA 19096


        Raymond DiPretoro, DPM
        4735 Ogletown-Stanton Road
        Newark, DE 19713 (may be called)
        **Defendants object – not previously identified as a trial witness.**

### DEFENDANTS

Defendants plan to call the following witnesses:

1. Lydia McFadden
   c/o Risk Management Department
   Christiana Hospital
   P.O. Box 6001
   Newark, DE 19718-6001

2. Dawn C. Shutak
   c/o Risk Management Department
   Christiana Hospital
   P.O. Box 6001
   Newark, DE 19718-6001

3. Mary Ellen Hofmann/ Pending Health Issues
   c/o Risk Management Department
   Christiana Hospital
   P.O. Box 6001
   Newark, DE 19718-6001

4. Sharon Pietlock/Radiology Manager
   c/o Risk Management Department
   Christiana Hospital
   P.O. Box 6001
   Newark, DE 19718-6001

5. Daniel M. Feinberg, M.D. (expert – Neurology)
   Penn Neurological Institute at Pennsylvania Hospital
   330 South Ninth Street
   Philadelphia, PA  19107

6. Irene C. Mendelsohn, M.S., CRC (expert – Vocational Rehabilitation)
   1226 Woodbine Avenue
   Penn Valley, PA  19072-1243

7. James A. Stavros, CPA (expert – Forensic Accounting)
   Forensic Resolutions Inc.

WILDMS 142670v.1

    Forensic and Investigative Accounting Services
    17 Mechanic Street
    Haddonfield, NJ  08033

    Defendants reserve the right to call any witness properly identified by the Plaintiff in this pretrial order either in their case-in-chief or in rebuttal.

    (e)    Experts

**PLAINTIFF**

    It is stipulated that Sumit Dewanjee, M.D. is a Board Certified Orthopedic Surgeon who has been qualified by the Court to give an opinion as to Ms. Criswell's diagnosis, treatment and prognosis.  See attached *Curriculum Vitae*.  Objection by Defendants –see Motion in *Limine*

    It is stipulated that Royal Bunin, M.B.A., is an actuarial economic consultant who is qualified to give an opinion as to Ms. Criswell's past lost earnings, future lost earning capacity and lost fringe benefits as a result of this accident.  See attached *Curriculum Vitae*.  Objection by Defendants – see Motion in *Limine*

    **DEFENDANTS**

    1.    Daniel M. Feinberg, M.D. is a Clinical Assistant Professor of Neurology at Penn Neurological Institute at Pennsylvania Hospital and an Attending Neurologist at Pennsylvania Hospital.  He has been board certified in neurology since 1997 and is a member of the Diplomate of the American Board of Electrodiagnostic Medicine.  See attached *Curriculum Vitae*.  He is an expert in neurology.

    2.    Irene C. Mendelsohn, M.S., CRC, received her Masters of Science in Rehabilitation Counseling in 1977.  She has been a vocational counselor/consultant since 1992.  Prior to this she was a rehabilitation supervisor from 1985 to 1992.  See attached *Curriculum Vitae*.  She is an expert in vocational rehabilitation.

    3.    James A. Stavros, CPA, received a BS in business administration in 1984 and an MBS in 1988.  He is a licensed CPA in Pennsylvania.  He has been a Director of Forensic Resolutions, Inc., since 2004.  He was previously with an accounting firm, Kroll, from 1993 to 2004.  See attached *Curriculum Vitae*.  He is an economic expert.

    (f)    List of depositions

**PLAINTIFF**

    Kimbra Criswell, Dawn Shutak, Sumit Dewanjee, M.D. (Plaintiff's expert discovery deposition).

WILDMS 142670v.1

**DEFENDANTS**

No deposition transcripts will be read into evidence at trial.

(g) Special damages: past medical bills $68,858. Past lost earnings, $212.068. Present value of future lost earnings $823,551. Past lost fringe benefits $51,874. Present value of future lost fringe benefits $323,243. Outstanding Workers' Compensation lien $220,252.47; $151,394.18 in indemnity and $68,858 in medical bills.

(h) The parties have stipulated punitive damages will not be sought.

(i) Trial brief, jury instructions, verdict forms, and *voir dire*.

**PLAINTIFF**

Trial Brief

Nature of case: Plaintiff Kimbra Criswell, then age 23, was injured while working at Christiana Hospital on May 23, 2002. At that time, Lydia McFadden, a CCHS employee, negligently pushed a portable x-ray machine into the back of Plaintiff's left leg, causing serious injury. The evidence will establish that Plaintiff was assigned to work as an x-ray technician at Christiana Hospital by Aureus Medical Group. Plaintiff was an independent contractor. Plaintiff was not an employee of CCHS.

Theory of case – negligence: The evidence will establish that Plaintiff was present in the hallway of the Operating Room on the second floor of Defendant Christiana Hospital when suddenly and without warning, Defendant McFadden negligently caused the x-ray machine to be moved forward, running over Plaintiff's left ankle.

Plaintiff's theory of liability is that Defendant McFadden, an employee of Christiana Hospital, was negligent in failing to properly move the machine, moving the machine without proper lookout, failure to act with reasonable prudence and care of a reasonable person in the same or like circumstances. The evidence will establish that accident resulted solely from the negligence and carelessness of the Defendant and was due in no manner whatsoever to any act or

failure to act on the part of Plaintiff. Defendant CCHS, as an employee of Defendant McFadden, is vicariously liable for Plaintiff's damages.

Damages: As a direct result of Defendants' negligence, Plaintiff sustained injury to her left Achilles tendon and was diagnosed with permanent reflex sympathetic dystrophy of her left leg. She was ultimately also diagnosed with a left Achilles tendon rupture, Achilles tendonitis, left knee instability, branch of the peroteneal nerve injury and fourth metatarsal stress fracture, all as a result of the accident. According to Dr. Dewanjee, Plaintiff's treating physician, the reflex sympathetic dystrophy causes her left knee pain with weight-bearing, squatting and kneeling. She has undergone various medical interventions including physical therapy, leg brace and medication. Her left foot is sensitive to touch and she has difficulty with weight-bearing activities. Her foot becomes cold and purple in color 2-3 times per week. As a result of the injuries, she is unable to work full time as an x-ray technician and is limited to 4 hours per day.

As a result of the injuries, she has sustained a loss of past earnings and future earning capacity and lost fringe benefits. Plaintiff's expert economist will testify that total past lost earnings is $212.068, present value future lost earnings is $823,551 and fringe benefits is $323,243. Plaintiff has suffered permanent disfigurement, pain suffering and loss of life's pleasures, of which you will hear testimony.

Plaintiff's Jury instructions, verdict forms and special interrogatories are attached. As to questions, parties request the Court to ask prospective jurors – see attached. Plaintiff objects to No. 3, 4 and 5 of Verdict Sheet.

**DEFENDANTS**

See attached trial brief, jury instructions, verdict form and requested *voir dire*.

Defendants object to Plaintiff's *voir dire* Nos. 7, 9, 14, 20, 21 and 22.

      (g)      Proposed Findings of Fact and Conclusions of Law

N/A

      (k)      Settlement negotiations

To date, no settlement demand has been made. However, Defendants do not anticipate that any offer of settlement on their behalf will be forthcoming until their pending Motion for Summary Judgment is ruled on by the Court. The parties attempted diligently to schedule a mediation with Magistrate Judge Thynge, however, without a ruling on Defendants' Motion for Summary Judgment it was not possible to participate in a meaningful mediation.

      (l)      Plaintiff's expert discovery deposition is scheduled before the Pre-Trial Conference. Defendant's expert report will be propounded on April 5, 2007.

      (m)      Plaintiff has filed no Motions in Limine, but reserves the right to do so, if necessary, after receipt of Defendants' reports. Defendants have filed attached six motions in limine as follows: 1) To Preclude Plaintiff's Expert Economist from Presenting Testimony; 2) To Preclude Plaintiff's Medical Expert from Presenting Testimony Regarding Plaintiff's Ability to Work, Future Medical Expenses and Potential Operative Treatment; 3) To Preclude Plaintiff from Presenting Past Medical Bills Not In Evidence; 4) To Preclude Plaintiff from Presenting Photographs Not In Evidence; 5) To Preclude Plaintiff from Presenting Workers' Compensation Lien Not In Evidence; and 6) To Preclude Plaintiff from Presenting Supplemental Report of Medical Expert into Evidence or Relying Upon it at Trial.[1]

      (3)      This case is expected to take 4 days

      (4)      Jury trial

---

[1] Due to Plaintiff's late filing of a supplemental expert report, after the five motions in *limine* had been propounded by Defendants, this sixth motion in *limine* became necessary despite the Court's limit of five.

(5) Plaintiff requests six jurors, and Defendants request twelve jurors.

_____
**United States District Judge**

Date:   March 30, 2007

| **RICHARD R. WIER, JR., P.A.** | **WHITE and WILLIAMS LLP** |
|---|---|
| \_\_/s/  Richard R. Wier, Jr. _____ | _____ /s/  Deborah J. Massaro\_\_\_\_\_ |
| Richard R. Wier, Jr. (#716) | John D. Balaguer (#2537) |
| Two Mill Road, Suite 200 | Deborah J. Massaro (#4280) |
| Wilmington, DE   19806 | 824 North Market Street, Suite 902 |
| (302) 888-3222 | Wilmington, DE 19899 |
|  | (302)467-4501 |
|  | *Attorneys for Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc.* |

Of Counsel:
Michael T. van der Veen, Esq.
Nelson Levin, Esq.
KATS, JAMISON, VAN DER VEEN & ASSOCIATES
25 Bustleton Pike
Featerville, PA 19053
(215)396-9001
*Attorneys for Plaintiff*

- 14 -