IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL<br>      Plaintiff,<br><br>v.<br>LYDIA ADAIR MCFADDEN<br>and<br>CHRISTIANA CARE HEALTH<br>SERVICES, INC.,<br>      Defendants. | :<br>:<br>:<br>:<br>:   C.A. No. 05-00321 GMS<br>:   JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM PRESENTING SUPPLEMENTAL
REPORT OF MEDICAL EXPERT INTO EVIDENCE
OR RELYING UPON IT AT TRIAL**

Kats, Jamison, van der Veen & Associates

---

Nelson Levin, Esquire
25 Bustleton Pike
Feasterville, PA 19053

Of counsel:

---

Richard R. Wier, Jr., Esquire
(#716)
Two Mill Road, Suite 200
Wilmington, DE 19806

Date:  March 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL<br>    Plaintiff, | :<br>:<br>: |
| v.<br>LYDIA ADAIR MCFADDEN<br>  and<br>CHRISTIANA CARE HEALTH<br>SERVICES, INC.,<br>    Defendants. | :  C.A. No. 05-00321 GMS<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM PRESENTING SUPPLEMENTAL
REPORT OF MEDICAL EXPERT INTO EVIDENCE
OR RELYING UPON IT AT TRIAL**

Plaintiff Kimbra Criswell hereby respectfully requests that the Court enter the attached Order denying Defendants' Motion in Limine to Preclude Plaintiff From Presenting Supplemental Report Of Medical Expert Into Evidence Or Relying Upon It At Trial. Plaintiff replies as follows:

1. Admitted.

2. Admitted in part; denied in part. It is admitted that Dr. Sumit Dewanjee submitted an expert report on January 19, 2007. See Exhibit C. Dr. Dewanjee's two hour discovery deposition was taken on March 29, 2007. See Dr. Dewanjee's deposition transcript attached hereto as Exhibit A.

3. Admitted.

4. Denied. Dr. Sumit Dewanjee's supplemental report did not change his theory of injury. To the contrary, Dr. Dewanjee, in writing his report, relied upon his own treatment records of Plaintiff, as well as her treatment records for the past five years from other medical providers, **all of which have been exchanged in discovery**. See

medical records marked by Defendant as Exhibits 1-11 at Dr. Dewanjee's discovery deposition, attached hereto as Exhibit B. See Dewanjee at 15-16. These medical records indicate that Plaintiff has been diagnosed with partial Achilles tendon rupture, Achilles tendonitis, RSD and instability of the tibio-fibular joint. Dr. Dewanjee's supplemental report stated as such and mentions no new theory of injury. See medical records of Plaintiff's treating physicians, including Dr. Dewanjee's office notes, which is Exhibit 5 in Exhibit 1-11 of Dr. Dewanjee's discovery deposition attached hereto as Exhibit B, and Dr. Dewanjee's supplemental report as attached as Exhibit C.

5. Denied. Trial has been scheduled for April 23, 2007 and was not continued. The opinions expressed in Dr. Dewanjee's supplemental report is based upon his office notes and treatment records, which have been exchanged in discovery. No new theory of injury was offered by Dr. Dewanjee's reports or at his deposition, see Paragraph 6, infra. Defendants have not submitted their expert reports. Defense experts now have the opportunity to review not only Dr. Dewanjee's reports, but his deposition in formulating their rebuttal opinions.

6. Denied. Dr. Dewanjee has been and still is Plaintiff's treating physician since May 2005. In his office notes, he has recorded that Plaintiff be limited to working eight hours per day, three day per week. See Dewanjee deposition at p. 47-48, 82-83, attached hereto as Exhibit B. See also Dr. Dewanjee's office notes of September 28, 2006, January 29, 2007 and Work School Release form dated May 10, 2006, listed under Exhibit 5, which is attached hereto as Exhibit B. See Dr. Dewanjee's supplemental report attached hereto as Exhibit C. Accordingly, Dr. Dewanjee's supplemental report merely reflects information contained in his office notes. Regarding permanency of

Plaintiff's injuries, defense counsel had the opportunity to discover the basis of his opinions. Dr. Dewanjee testified to a reasonable degree of medical certainty that her RSD and Achilles tendonitis are permanent because after five years, the symptoms have not changed nor are going to change. See Dewanjee at 75, 86-88. Additionally, Dr. Dewanjee testified to a reasonable degree of medical probability Ms. Criswell is a candidate for future surgery and the cost of the surgery. See Dewanjee at 88-89. Most importantly, Defendants' experts are now able to review Dr. Dewanjee's deposition and reports in rebutting Plaintiff's expert's opinions. Accordingly, Defendants can claim no prejudice.

    7.    Admitted as stated.

    8.    Admitted as stated.

    9. – 10.    Denied. Defendants' reliance in Praxair v. ATMI, Inc., 445 F.Supp. 2d 460, 470 (D. Del. 2006) is misplaced. In Praxair, the Court struck the expert supplemental report because it contained new testing conclusions and theories and, most importantly, the opposing party had no opportunity to conduct rebuttal discovery for Summary Judgment motion. See Praxair at 470-471.

Here, Dr. Dewanjee's reports are based upon his own notes of Plaintiff's treatment and Plaintiff's treatment records from other providers, all of which were exchanged in discovery. See Exhibits A, B and C.

In fact, defense counsel prepared the Exhibit list attached hereto as Exhibit B, on which she questioned Dr. Dewanjee. There are no injuries or work restrictions contained in Dr. Dewanjee's reports that were not contained in these medical records. At his deposition, Dr. Dewanjee gave the basis for the opinions contained in his initial and

supplemental reports. See Paragraph 6, <u>supra</u>. Defendants have not provided their expert reports. Accordingly, Defendants' experts now have the opportunity to review Dr. Dewanjee's deposition transcript, as well as his reports, in formulating their rebuttal opinion. Thus, Defendants have not been prejudiced and, in all candor, now have the tactical benefit of their experts having the opportunity to review not just the reports, medical records and examination of the Plaintiff, but the deposition transcript of Dr. Dewanjee as well, before issuing their reports.

11. Denied. At his deposition, Dr. Dewanjee testified consistent with his reports. See deposition attached hereto as Exhibit A. It is anticipated he will do so at Trial.

**WHEREFORE**, Plaintiff Kimbra Criswell respectfully requests that this Honorable Court deny Defendant's Motion in Limine to Preclude Plaintiff From Presenting Supplemental Report Of Medical Expert Into Evidence Or Relying Upon It At Trial.

Respectfully submitted,

Kats, Jamison, van der Veen & Associates

Nelson Levin, Esquire
Of counsel: Richard R. Wier, Jr., Esquire