IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No.  05-CV-00321 GMS |
| ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA ) | |
| CARE HEALTH SERVICES, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**TRIAL BRIEF OF DEFENDANTS LYDIA ADAIR MCFADDEN AND
CHRISTIANA CARE HEALTH SERVICES, INC.**

**I.  NATURE OF THE CASE**

This is a personal injury case wherein Plaintiff, Kimbra Criswell, claims that her left ankle, foot and knee were injured on May 23, 2002, at Christiana Hospital when she walked in front of a portable x-ray machine, being pushed by her co-worker, Defendant, Lydia Adair McFadden.  The Plaintiff and Defendant McFadden were both working as x-ray technicians at Christiana Hospital at the time of the incident.  The Plaintiff was a temporary employee working pursuant to a contract between Defendant, CCHS, and Aureus Medical Group ("Aureus").  As a result of this incident, Plaintiff received worker's compensation benefits.  Plaintiff seeks compensatory damages, lost wages and medical bills.   This lawsuit was filed pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391(a).

Initially, Plaintiff filed suit against Defendants in Pennsylvania.  That suit was dismissed on jurisdictional grounds, and Plaintiff re-filed her suit in Delaware.  On or about August 12, 2005, Defendants filed a Motion to Dismiss, contending that Plaintiff's claim was time-barred

and that Delaware's Savings Statute, 10 *Del. C.* § 8118, did not apply to extend the Statute of Limitations. The Court denied Defendant's motion.

After Discovery was conducted, Defendants filed a Motion for Summary Judgment based on the workers' compensation exclusivity bar, maintaining that Ms. Criswell was a "special employee" of Defendant, Christiana Care Health Services, Inc. The motion is pending and briefing was complete on January 3, 2007.

## II. CONTESTED FACTS DEFENDANTS EXPECT THE EVIDENCE WILL ESTABLISH

On the morning of May 23, 2002, Ms. McFadden and Ms. Criswell were assigned to work in the operating room suite together when they were notified by pager to report immediately to an operating room to obtain an intraoperative x-ray. On the way to the operating room Ms. McFadden pushed the portable x-ray machine, while Ms. Criswell walked in front of the machine at the right-hand corner of the machine. According to Ms. Criswell, she had taken only one step when the machine impacted her left foot. Ms. McFadden will testify that they had walked a few steps before the mishap. The tap was so light that Ms. McFadden would not have realized that the machine had even touched Ms. Criswell, had Ms. Criswell not jumped up and grabbed her left foot. Ms. Criswell claims she fell to her knees after the impact, but Ms. McFadden did not see this occur. The impact left a reddened area, and a scrape on Ms. Criswell's left ankle.

## III. DEFENDANTS' THEORY OF DEFENSE BASED ON THOSE FACTS AND THE UNCONTESTED FACTS

Ms. McFadden's actions were not negligent. As part of their duties as x-ray technicians, the parties as co-employees had one goal and one purpose on the morning of May 23, 2002, and that was to reach the operating room in a timely and efficient manner in order to perform an intraoperative x-ray. Ms. McFadden will testify that the page notification means that a patient is

under anesthesia, awaiting an x-ray, and the response required is faster than a STAT order. Ms. McFadden's conduct on May 23, 2002 was reasonable and her maneuvering of the portable x-ray machine was careful. Ms. McFadden had to move quickly and efficiently, since a patient was in the operating room, under anesthesia. Ms. McFadden used the ordinary care that a reasonably prudent person would have under the circumstances.

The fact that Ms. Criswell walked directly in the front of the portable x-ray machine is evidence of contributory negligence. Ms. McFadden will testify that the incident occurred after they had walked several steps, thus Ms. Criswell had an opportunity to move away from the front of the machine and she did not.

Further, Ms. McFadden did not owe a duty to Ms. Criswell. Delaware Worker's Compensation Law provides that a person injured on the job by a co-worker must accept worker's compensation and may not file a liability claim against the person's employer or the co-worker.[1] Thus, there was no duty breached and no negligence occurred.

Ms. McFadden will testify that Ms. Criswell did not fall on her knees when the incident occurred. Thus, Plaintiff's allegation of a subsequent left knee injury is completely unrelated to the May 23, 2002 incident.

Defendants reserve the right to supplement this Trial Brief pending the Court's decision on their Motion for Summary Judgment based on the Workers' Compensation Exclusivity Bar.

### IV. DAMAGES

**Medicals**

Plaintiff alleges that after the ankle injury she developed Reflex Sympathetic Dystrophy ("RSD"), and that she also developed left knee pain as a result of this incident. She also alleges in her Complaint that a fourth metatarsal fracture which occurred in November of 2002 is related

---

[1] *Walker*, 1986 WL 3637 at *2 (citing *Groves v. Marvel*, 213 A.2d 853 (Del. 1965)).

- 3 -

to the incident, however Plaintiff's expert does not speak to that issue in Plaintiff's initial Rule 26 expert disclosure.  Plaintiff maintains that she is entitled to $68,858 in past medical bills and an unknown amount of future medical bills for physical therapy and medication.  The only previous medical bills in evidence total $25,593.50.  All previous medical bills have been paid by Workers' Compensation.  Plaintiff does not provide any figure for the future medical bills in her Rule 26 disclosure.

Plaintiff's medical expert is her treating orthopaedic surgeon from Arizona, Dr. Sumit Duwanjee, who did not see Ms. Criswell until May 2, 2005, almost three years after the incident. He opines that Ms. Criswell's left ankle and foot problems and left knee pain are related to the incident which occurred at Christiana Hospital on May 23, 2002.  The first diagnostic study of her left knee was an MRI taken in 2005, three years after the incident, which revealed only a small effusion of the proximal tibio-fibular joint.  Dr. Duwanjee diagnosed Ms. Criswell with Iliotibial friction band syndrome.  Dr. Duwanjee's office notes state that Ms. Criswell may return to work on light duty, not working over 30 hours weekly, as tolerated.   He gives no opinion in his report linking an alleged fourth metatarsal fracture sustained by Ms. Criswell in November of 2002 to the incident at Christiana Hospital, although this is alleged in the Complaint.  As far as future medicals, Dr. Duwanjee opines that Ms. Criswell will need physical therapy and medication for RSD, and that she may benefit from operative treatment of the left knee and/or Achilles tendon.

Plaintiff has also identified Dr. Raymond DiPretorio as a witness, however, he was never previously identified as a trial witness.

Defense expert, Dr. Daniel Feinberg, a specialist in RSD, will examine Ms. Criswell on March 29, 2007 and provide a rebuttal report on April 5, 2007.  Defendants reserve the right to supplement this Trial Brief at that time.

**Lost Wages**

Ms. Criswell began working as a temporary x-ray technician with Aureus in September 2000, and was assigned to work at Christiana Hospital from April 15, 2002 to July 13, 2002. After the May 23, 2002 incident she did not work again until September 2003, when she worked as a part-time nanny for 2 ½ months, and then as a part-time receptionist at a flooring company for 3 ½ months. She did not resume working again after this for over one year, when she began working with her current employer, Valley Radiologists, in April of 2005 as a part-time x-ray technician. She started working 20 hours per week, and by approximately early June 2006 she increased her hours to 24 hours per week. By August of 2006 her orthopaedist had released her to work 30 hours per week as tolerated.

Since the time of the incident Ms. Criswell has received worker's compensation benefits at the rate of $1,876.00 per month, and in November of 2004, she received a permanency settlement in the amount of $20,448.00 from her worker's compensation carrier.

Ms. Criswell alleges lost past wages and benefits in the amount of $263,942 and future lost wages in the amount of $1,146,794, totaling over $1.4 million in wage losses. This figure assumes that Ms. Criswell will continue to work only 24 hours a week, and it is based solely on Ms. Criswell's deposition testimony and interrogatory responses, as these are the only documents that Plaintiff's economist, Royal A. Bunin, MBA, cites throughout his entire six page report. Mr. Bunin uses a 20% figure for Ms. Criswell's fringe benefits. CCHS has filed a motion in *limine* to preclude his testimony.

Defendants' Vocational Consultant will examine Ms. Criswell on March 29, 2007, and reports from the Vocational Consultant and Forensic Accountant will be propounded April 5,

2007. Defendants reserve the right to supplement this Trial Brief in accordance with their findings and reports.

Finally, Plaintiff attempts to "double dip" by propounding, at the last minute, a workers' compensation lien in the amount of 220,252,47, or $151,394.18 in indemnity and $68,858 in past medical bills. The indemnity portion is nothing more than Plaintiff's past wage loss. A motion in *limine* has been filed simultaneously by Defendants regarding this issue.

## V.    DEFENDANTS' THEORY OF ANY ANTICIPATED MOTION FOR DIRECTED VERDICT.

In the event that the Court denies Defendants' pending Motion for Summary Judgment, which relies on the Workers' Compensation Exclusivity Bar delineated in 19 *Del. C.* § 2304, pointing out that Ms. Criswell was a "special employee" of Defendant, Christiana Care Health Services, Inc., by discussing that the required elements of control were met in this case, Defendants anticipate pursuing a motion for judgment as a matter of law on the issues raised therein. The theory of the motion is set forth at length in Defendants' moving papers.