## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KIMBRA CRISWELL,             )
                                         )
                Plaintiff,        )
       v.                    )   C.A. No.  05-CV-00321 GMS
                                           )
LYDIA ADAIR MCFADDEN and CHRISTIANA  )
CARE HEALTH SERVICES, INC.,        )   JURY TRIAL DEMANDED
                                         )
               Defendants.     )

## JURY INSTRUCTIONS

## DEFENDANTS', LYDIA MCFADDEN AND CHRISTIANA CARE
## HEALTH SERVICES, INC.'S PROPOSED JURY INSTRUCTIONS

Richard R. Wier, Jr., Esquire, of Law Offices of Richard R. Wier, Jr., P.A., Two Mill Road, Suite 200, Wilmington, DE  19806, for Plaintiff.

Nelson Levin, Esquire, of Kats, Jamison, van der Veen & Associates, 25 Bustleton Pike, Feasterville, PA  17044, for Plaintiff.

Deborah J. Massaro, Esquire, of White and Williams LLP, 824 N. Market Street, Suite 902, P.O. Box 709, Wilmington, Delaware 19899, for Defendants Lydia Adair McFadden and Christiana Care Health Services, Inc.

Dated:  April 26, 2007

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

EVIDENCE DEFINED ........................................................................................................3

BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE...........................................4

DIRECT AND CIRCUMSTANTIAL EVIDENCE ......................................................................5

CONSIDERATION OF EVIDENCE ........................................................................................6

STATEMENTS OF COUNSEL ...............................................................................................7

CREDIBILITY OF WITNESSES ............................................................................................8

EXPERT TESTIMONY ..........................................................................................................9

EXPERT MEDICAL OPINION MUST BE TO A REASONABLE PROBABILITY ...............10

NEGLIGENCE DEFINED ....................................................................................................11

NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE....................................................12

NEGLIGENCE IS NEVER PRESUMED ...............................................................................13

PROXIMATE CAUSE ..........................................................................................................14

PREEXISTING OR INDEPENDENT CONDITION ...............................................................15

STIPULATION REGARDING MEDICAL BILLS TO DATE.....................................................16

DAMAGES – PERSONAL INJURY......................................................................................17

EFFECT OF INSTRUCTIONS AS TO DAMAGES .................................................................19

MITIGATION OF DAMAGES – PERSONAL INJURY...........................................................20

WORKER'S COMPENSATION ...........................................................................................21

COMPARATIVE NEGLIGENCE – SPECIAL VERDICT FORM ...........................................22

DELIBERATION AND VERDICT ........................................................................................23

## <u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I

- 1 -

state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff has the burden of providing his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

WILDMS 142156v.1

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it way that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

WILDMS 142156v.1

## <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

WILDMS 142156v.1

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

WILDMS 142156v.1

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

- 8 -

## **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

## <u>EXPERT MEDICAL OPINION MUST BE TO A REASONABLE PROBABILITY</u>

You have heard medical experts being asked to give opinions based on a reasonable medical probability.  In Delaware, a medical expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable medical probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.

- 10 -

## **NEGLIGENCE DEFINED**

This case involves claims of negligence. Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

The mere fact that an accident occurred isn't enough to establish negligence.

WILDMS 142156v.1

## <u>NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE</u>

Each party has alleged that the other was negligent in various ways, but a party does not have to be negligent in all these ways to be liable.  You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

## <u>NEGLIGENCE IS NEVER PRESUMED</u>

Negligence is never presumed.  It must be proved by a preponderance of the evidence before Kimbra Criswell is entitled to recover.  No presumption that Lydia Adair McFadden and Christiana Care Health Services, Inc. were negligent arises from the mere fact that an accident occurred.

WILDMS 142156v.1

## **PROXIMATE CAUSE**

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed:  the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the injury.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  A proximate cause brings about, or helps to bring about, the injury, and it must have been necessary to the result.

There may be more than one proximate cause of an injury.

## **PREEXISTING OR INDEPENDENT CONDITION**

Kimbra Criswell is not entitled to recover any damages for pain and suffering, loss of income, or other alleged injuries, that are not caused by Lydia Adair McFadden and Christiana Care Health Services, Inc. Therefore, if you find that Kimbra Criswell had the injuries for which she claims here before the accident or apart from the accident, then I instruct you that for the portion of the injuries that you find were not caused by the accident, there can be no recovery by Kimbra Criswell.

- 15 -

## STIPULATION REGARDING MEDICAL BILLS TO DATE

The parties have agreed that the medical bills incurred to date by Kimbra Criswell following the accident at Christiana Hospital on May 23, 2002, amounted to $25,593.50. Counsel for Lydia Adair McFadden and Christiana Care Health Services, Inc. have not agreed, however, that those medical bills proximately resulted from the alleged negligence of Lydia Adair McFadden and Christiana Care Health Services, Inc. or were for reasonably necessary medical treatment. You may award Kimbra Criswell the amount of the medical bills, if you find that those bills reflecting the medical treatment of Kimbra Criswell proximately resulted from the negligence of Lydia Adair McFadden and Christiana Care Health Services, Inc. and were reasonable and necessary.

- 16 -

## DAMAGES - PERSONAL INJURY

If you do not find that Kimbra Criswell has sustained her burden of proof, the verdict must be for Lydia Adair McFadden and Christiana Care Health Services, Inc. If you do find that Kimbra Criswell is entitled to recover for damages proximately caused by the incident on May 23, 2002, you should consider the compensation to which she is entitled.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done. Certain guiding principles must be employed to reach a proper damages award. First, damages must be proved with reasonable probability and not left to speculation. Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists. While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard. They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for Kimbra Criswell, you should award to her the sum of money that in your judgment will fairly and reasonably compensate her for the following elements of damages that you find to exist by a preponderance of the evidence:

(1)     compensation for pain and suffering that she has suffered to date;

(2)     compensation for pain and suffering that it is reasonably probable that Kimbra Criswell will suffer in the future;

(3)     compensation for reasonable and necessary medical expenses incurred to date;

(4)     compensation for reasonable and necessary medical expenses that it is reasonably probable that Kimbra Criswell will incur in the future;

- 17 -

(5)     compensation for loss of earnings suffered to date; and

(6)     compensation for earnings that will probably be lost in the future.

In evaluating pain and suffering, you may consider its mental as well as its physical consequences.  You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

In evaluating impairment or disability, you may consider all the activities that Kimbra Criswell used to engage in, including those activities for work and pleasure, and you may consider to what extent these activities have been impaired because of the injury and to what extent they will continue to be impaired for the rest of her life expectancy.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury.  Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Kimbra Criswell fully and adequately.

WILDMS 142156v.1

## <u>EFFECT OF INSTRUCTIONS AS TO DAMAGES</u>

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

## <u>MITIGATION OF DAMAGES -- PERSONAL INJURY</u>

An injured party must exercise reasonable care to reduce the damages resulting from the injury.

If you find that Kimbra Criswell failed to undergo reasonable medical treatment to reduce her damages, or that she failed to follow reasonable medical advice, then any damages resulting from that failure are not the responsibility of Lydia Adair McFadden and Christiana Care Health Services, Inc. and should not be included in your award.

WILDMS 142156v.1

## <u>WORKER'S COMPENSATION</u>

You have heard testimony that all of Kimbra Criswell's medical bills and lost wages have been paid by worker's compensation. You should not consider the fact that the medical expenses and lost wages that she claims in this lawsuit have been paid through worker's compensation because Kimbra Criswell has a legal obligation to repay this compensation from any money that you might award in this case. On the other hand, if she does not recover in this case, there is no obligation for Kimbra Criswell to reimburse.

## <u>COMPARATIVE NEGLIGENCE - SPECIAL VERDICT FORM</u>

Lydia Adair McFadden and Christiana Care Health Services, Inc. allege that Kimbra Criswell's negligence proximately caused the accident.  Negligence is negligence no matter who commits it.  When the plaintiff is negligent, we call it contributory negligence.  Under Delaware law, a plaintiff's contributory negligence doesn't mean that the plaintiff can't recover damages from the defendant as long as the plaintiff's negligence was no greater than the defendant's negligence.  Instead of preventing a recovery, Delaware law reduces the plaintiff's recovery in proportion to the plaintiff's negligence.

If you find contributory negligence was a proximate cause of the injury, you must determine the degree of that negligence, expressed as a percentage, attributable to Kimbra Criswell.  Using 100% as the total combined negligence of the parties, you must determine what percentage of negligence is attributable to Kimbra Criswell.  I will furnish you with a special-verdict form for this purpose.  If you find that Kimbra Criswell' negligence is no more than half the total negligence, I will reduce the total amount of Kimbra Criswell's damages by the percentage of her contributory negligence.  If you find that Kimbra Criswell's negligence is more than half the total negligence, Kimbra Criswell may not recover any damages.

WILDMS 142156v.1

## <u>DELIBERATION AND VERDICT</u>

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or forth the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

- 23 -

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished. Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.