IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL<br>    Plaintiff, | :<br>:<br>: |
| v.<br>LYDIA ADAIR MCFADDEN<br>    and<br>CHRISTIANA CARE HEALTH<br>SERVICES, INC.,<br>    Defendants. | :  C.A. No. 05-00321 GMS<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE PLAINTIFF'S MEDICAL EXPERT FROM PRESENTING
TESTIMONY REGARDING PLAINTIFF'S ABILITY TO WORK, FUTURE
MEDICAL EXPENSES AND POTENTIAL OPERATIVE TREATMENT**

Kats, Jamison, van der Veen & Associates

_____

Nelson Levin, Esquire
25 Bustleton Pike
Feasterville, PA 19053


Of counsel:

_____

Richard R. Wier, Jr., Esquire
(#716)
Two Mill Road, Suite 200
Wilmington, DE 19806


Date: March 29, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL<br>  Plaintiff, | :<br>:<br>: |
| v.<br>LYDIA ADAIR MCFADDEN<br>  and<br>CHRISTIANA CARE HEALTH<br>SERVICES, INC.,<br>  Defendants. | :  C.A. No. 05-00321 GMS<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE PLAINTIFF'S MEDICAL EXPERT FROM PRESENTING
TESTIMONY REGARDING PLAINTIFF'S ABILITY TO WORK, FUTURE
MEDICAL EXPENSES AND POTENTIAL OPERATIVE TREATMENT**

Plaintiff Kimbra Criswell hereby respectfully requests that the Court enter the attached Order denying Defendants' Motion in Limine to Preclude Plaintiff's Medical Expert from Presenting Testimony Regarding Plaintiff's Ability to Work, Future Medical Expenses and Potential Operative Treatment. Plaintiff replies as follows:

1. Admitted.

2. Admitted in part; denied in part. It is admitted that Plaintiff's treating orthopedic surgeon, Dr. Sumit Dewanjee, submitted an expert report on January 19, 2007. Dr. Dewanjee submitted a supplemental expert report on March 26, 2007. It is admitted that Dr. Dewanjee's discovery deposition is scheduled for March 29, 2007. See Dr. Dewanjee's reports attached hereto as Exhibit A.

3. Denied. On March 29, 2007, Dr. Dewanjee will be deposed by counsel for Defendants, at which time, if asked, the doctor will state the basis of his opinion that Ms. Criswell may benefit from future surgery and the cost thereof. Additionally, it is

anticipated that Dr. Dewanjee will be questioned as to the necessity of the surgery and he will state his opinions to a reasonable degree of medical probability.

4.  Denied. See Dr. Dewanjee's supplemental expert report concluded to a reasonable degree of medical certainty that Plaintiff is unable to work full time. See Dr. Dewanjee's supplemental expert report attached hereto as part of Exhibit A.

5.  Admitted as stated.

6.  Admitted as stated.

7.  Admitted as stated. By way of further answer, it is anticipated that at his deposition, Dr. Dewanjee will be questioned as to the necessity of future medical care and the cost thereof. It is anticipated that Dr. Dewanjee will give his opinion to a reasonable degree of medical probability.

8.  See Plaintiff's response to Paragraph 7.

9.  See Plaintiff's response to Paragraph 7. By way of further answer, at his deposition, it is anticipated that Dr. Dewanjee will explain his opinion that in the future Ms. Criswell may benefit from operative treatment of her left knee, proximal tibial fibial subluxation or operative treatment of her Achilles tendonitis with synovectomy. It is anticipated that counsel for defense will question whether this future treatment is necessary within a reasonable degree of medical probability. Defendants' expert neurologist will have an opportunity to rebut Dr. Dewanjee's conclusions.

10.  Denied. See Dr. Dewanjee's supplemental report attached hereto as part of Exhibit A, which states that Plaintiff cannot work full time. On March 29, 2007, at his deposition, it is anticipated that defense counsel will inquire as to Dr. Dewanjee's opinions. Additionally, see supplemental report of Royal Bunin, MBA, which references

Dr. Dewanjee's report. Additionally, it is anticipated that Defendants' vocational expert will comment on Plaintiff's ability to work full time or part time.

11. Denied. It is anticipated that at Trial, Dr. Dewanjee will testify consistent with his reports. If he fails to do so, Defendant may make the appropriate Motion at Trial.

**WHEREFORE**, Plaintiff Kimbra Criswell respectfully requests that this Honorable Court deny Defendants' Motion in Limine to Preclude Plaintiff's Medical Expert from Presenting Testimony Regarding Plaintiff's Ability to Work, Future Medical Expenses and Potential Operative Treatment.

                Respectfully submitted,

                Kats, Jamison, van der Veen & Associates

                _____
                Nelson Levin, Esquire
                Of counsel: Richard R. Wier, Jr., Esquire



01/19/2007 FRI 12:57 FAX 602 254 8835 MEDPRO ORTHO ADMIN DEPT  ☒002/004



**MARICOPA INTEGRATED HEALTH SYSTEM**

Maricopa Medical Center
2601 E. Roosevelt St.
Phoenix, AZ 85008
(602) 344-5011

Comprehensive
Healthcare Center
2525 E. Roosevelt St.
Phoenix, AZ 85008
(602) 344-1015

Desert Vista Behavioral
Health Center
570 W. Brown Rd.
Mesa, AZ 85201
(480) 344-2000

Complete Comfort Care
2611 E. Pierce St.
Phoenix, AZ 85008
(602) 344-2700

Family Health Centers

Avondale
(623) 344-6800

Chandler
(480) 344-6100

El Mirage
(623) 344-6500

Glendale
(623) 344-6700

Guadalupe
(480) 344-6000

Maryvale
(602) 344-6900

McDowell
(602) 344-6550

Mesa
(480) 344-6200

Seventh Avenue
(602) 344-6600

South Central
(602) 344-6400

Sunnyslope
(602) 344-6300

Friday, January 19, 2007

Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Mr. Nelson Levin,

This is a narrative report on patient Kimbra Criswell whom I've assumed care for her work related injury sustained on May 23, 2002. Ms. Criswell's date of birth is 11/2/1978. She was according to history and provided documentation injured at Christiana Hospital while working as a traveling x-ray technician for Aureius Medical Corporation with complaints of posterior left ankle and hindfoot pain after a portable x-ray motorized machine rolled over the back of her ankle. She was noted to have a small superficial laceration when initial consult was performed by Raymond A. DiPretoro, Jr., DPM on 5/28/2002 who diagnosed her with "Achilles tenosynovitis, peroneus brevis tenosynovitis, likely due to ankle sprain, left ankle" and ordered MRI to r/o Achilles tendon injury verus peroneus brevis injury. MRI demonstrated Achilles "tendinopathy with likely injury to the insertional area of the left ankle." At this point she was treated with serial casting followed by physical therapy. She was diagnosed with reflex sympathetic dystrophy of the left lower extremity. Ms. Criswell was admitted to the hospital after which she was noted to have "sensory loss to the dermatomes of the left foot or ankle … weakness at the peroneal brevis" by Dr. DiPretoro, Jr, DPM. The Achilles injury was treated with non-operative serial casting followed by bracing as per

*Serving our community for over 125 years.*
*Proud to be affiliated with The University of Arizona College of Medicine and Mayo Graduate School of Medicine.*

her medical records. Over the course of above treatment the patient sustained a foot drop that resolved by 11/2002 according to the above physican's note dated 11/4/2002. The patient was evaluated by vascular sugery (Dr. D. B. Rao, MD) at Christiana Hospital with diagnosis of RSD as cause of skin color changes in her extremity following injury. Additional consultation included evaluation and treatment by Dr. T. Grabow at Johns Hopkins for neurology who diagnosed her with left Achilles tendon partial rupture and left superficial branch of peroneal nerve injury with "classic signs of class 1, complex regional pain syndrome" and recommended treatment with ultram and possible sympathetic nerve block. During the above period of time she was also diagnosed with 4th metatarsal stress fracture that was treated non-operatively in Florida by Dr. F. A. Reynolds, MD from Orthopedic Specialists of SW Florida.

This portion of the narrative focuses on my personal evaluation and treatment of Ms. Criswell after I assumed care for the above injury on 5/2/2005. At that time in addition to the prior complaints of ankle pain related to RSD the patient reported left knee pain with weight bearing, especially squatting and kneeling. Both popping and catching in the left knee were reported by the patient in the left knee with the above activities. On physical examination the patient had tenderness to palpation over her proximal tibio-fibular joint at the left knee and some palpable subluxation of proximal tibio-femoral joint and biceps femoris insertion with weight

bearing and knee flexion > 80 degrees. X-rays of the left knee at that time were unremarkable. MRI of the left knee was ordered to evaluate for above and demonstrated only "small effusion of the proximal tibio-fibular joint, otherwise negative." On 5/11/2005 she underwent corticosteroid and local injection of that area in the left knee with persistence of symptoms despite injection. She elected treatment with NSAIDS (celebrex) for the left knee pain. On 3/15/2006 she had a new complaint of left foot pain with physical examination consistent with 3rd and 4th metatarsal metatarsalgia which was treated with continued NSAIDS and orthotic and PT. More recently the patient stepped of a curb and reaggravated her left ankle RSD while twisting it. This was treated with continuation of her medications and PT and weight bearing modifications. Currently the patient is weight bearing as tolerated and RSD symptoms controlled with PT and medication. In the future Ms. Criswell may benefit from operative treatment of her left knee proximal tibio-fibular subluxation or operative treatment of her Achilles tendonitis with synovectomy. I believe that her Achilles and knee injuries are directly related to her initial injury at Chrisitiana Hospital with reasonable degree of medical certainty as she denies any prior injury to her left lower extremity and findings are consistent with mechanism of injury.

Respectfully,

Sumit Dewanjee, MD
Orthopaedic surgery

Monday, March 26, 2007

Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053
FAX (215) 396-8388

FX RX INC.
7301 E 3rd Ave #413
Scottsdale, AZ 85251
Fax (480) 272-7960

Mr. Nelson Levin,

    This is a supplementary report on patient Kimbra Criswell whom I've assumed care for injury sustained on May 23, 2002. At this point, Ms. Criswell's main functional limitation results from chronic reflex sympathetic dystrophy (RSD) of the left lower extremity caused by trauma to the left leg and ankle. Ms. Criswell has also sustained instability of the left knee proximal tibio-fibular joint caused by trauma to the left leg and ankle. The initial trauma of being struck by the portable x-ray machine in Ms. Criswell's left ankle resulted in partial Achilles tendon rupture and Achilles tendonititis complicated by causalgia (RSD associated with a definable nerve injury) following development of peroneal nerve palsy. RSD resulted from initial soft tissue trauma and later peroneal nerve palsy that caused sustained efferent sympathetic nerve activity perpetuated in a reflex arc. RSD can manifest in various signs and symptoms including hypersensitivity to pain, perception of normal touch as pain, changes in skin color and moisture, as well as joint stiffness with osteopenia (weakness of bone).

    To a reasonable degree of medical certainty, Ms. Criswell cannot work on her feet for more than 8 hours per day for 3 days per week. To a reasonable degree of medical

certainty, Ms. Criswell's injuries as described above are caused by trauma to the left leg and ankle sustained on May 23, 2002 and are permanent.

Respectfully,

Sumit Dewanjee, MD
Orthopaedic surgery

# BUNIN ASSOCIATES
### Actuarial-Economic Consultants

DAVID T. BUNIN, FSA

ROYAL A. BUNIN, MBA

THE WYNNEWOOD HOUSE, SUITE 109
300 EAST LANCASTER AVENUE
WYNNEWOOD, PA 19096

PHONE: (610) 642-4700

FAX: (610) 642-4787

E-Mail: BuninAssoc@aol.com

March 28, 2007

Nelson Levin, Esq.
Kats Jamison van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Re: Kimbra M. Criswell

Dear Mr. Levin:

This is an addendum to our report dated January 8, 2007 on Kimbra M. Criswell.

We have reviewed Dr. Dewanjee's reports. They substantiate the analysis contained in our January 8, 2007 report. Specifically, in Dr. Dewanjee's reports, he indicates that Ms. Criswell's Achilles tendon and knee injuries are directly related to her initial injury at Christiana Hospital. Dr. Dewanjee indicates Ms. Criswell's main functioning limitations resulting from RSD of the left lower extremity was caused by trauma to her left leg and ankle. Dr. Dewanjee stated to a reasonable degree of medical certainty that Ms. Criswell cannot work on her feet for more than 8 hours per day, 3 days per week, and her injuries are permanent. This is equivalent to working no more than 24 hours per week, as indicated in our report.

Dr. Dewanjee's conclusions are consistent with the prior information we reviewed. Accordingly, our conclusions remain the same.

Please let us know if you have any questions.

Sincerely,

Royal A. Bunin, MBA

David T. Bunin, FSA

RAB:DTB/nbc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL<br>      Plaintiff, : | |
| v. : | C.A. No. 05-00321 GMS |
| LYDIA ADAIR MCFADDEN : | JURY TRIAL DEMANDED |
| and :<br>CHRISTIANA CARE HEALTH :<br>SERVICES, INC., :<br>      Defendants. : | |

## ORDER

Having considered Defendants Lydia Adair McFadden and Christiana Care Health Services, Inc.'s Motion in Limine to Preclude Plaintiff's Medical Expert from Presenting Testimony Regarding Plaintiff's Ability to Work, Future Medical Expenses and Potential Operative Treatment and Plaintiff's response thereto, it is hereby ORDERED this _____ day of _____, 2007, that Defendants' Motion is DENIED.

_____
The Honorable Gregory M. Sleet

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KIMBRA CRISWELL<br>　　　　Plaintiff, | :<br>:<br>: | |
| v.<br>LYDIA ADAIR MCFADDEN<br>　　and<br>CHRISTIANA CARE HEALTH<br>SERVICES, INC.,<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-00321 GMS<br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Nelson Levin, Esquire, do hereby certify that on the 29th day of March, 2007, that two copies of Plaintiff's Reply to Defendants' Motion in Limine to Preclude Plaintiff's Medical Expert from Presenting Testimony Regarding Plaintiff's Ability to Work, Future Medical Expenses and Potential Operative Treatment were served via electronic filing and delivered via e-mail upon Deborah J. Massaro, Esquire, 824 No. Market Street, Suite 902, P.O. Box 709, Wilmington, Delaware 19899.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Nelson Levin, Esquire