IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KIMBRA CRISWELL | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-00321 GMS |
| LYDIA ADAIR MCFADDEN | : | JURY TRIAL DEMANDED |
| and | : | |
| CHRISTIANA CARE HEALTH | : | |
| SERVICES, INC., | : | |
| Defendants. | : | |


PLAINTIFF'S REPLY TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE PLAINTIFF'S EXPERT ECONOMIST
FROM PRESENTING EXPERT TESTIMONY


Kats, Jamison, van der Veen & Associates

_____
Nelson Levin, Esquire
25 Bustleton Pike
Feasterville, PA 19053


Of counsel:


_____
Richard R. Wier, Jr., Esquire
(#716)
Two Mill Road, Suite 200
Wilmington, DE 19806


Date:  March 29, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **KIMBRA CRISWELL** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 05-00321 GMS** |
| **LYDIA ADAIR MCFADDEN** | : | **JURY TRIAL DEMANDED** |
| **and** | : | |
| **CHRISTIANA CARE HEALTH** | : | |
| **SERVICES, INC.,** | : | |
| **Defendants.** | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE PLAINTIFF'S EXPERT ECONOMIST
FROM PRESENTING EXPERT TESTIMONY**

Plaintiff Kimbra Criswell hereby respectfully requests that the Court enter the attached Order denying Defendants' Motion in Limine to Preclude Plaintiff's Expert Economist from Presenting Expert Testimony. Plaintiff replies as follows:

1.      Admitted.

2.      Admitted as stated. By way of further answer, Plaintiff submitted Dr. Dewanjee's supplemental expert report, which indicates to a reasonable degree of medical certainty that Ms. Criswell cannot work on her feet for more than eight (8) hours per day more than three (3) days per week. To a reasonable degree of medical certainty, Ms. Criswell's injuries, as described above, were caused by trauma to the left leg and ankle sustained on May 23, 2002 and are permanent. See Dr. Dewanjee's supplemental report attached hereto as Exhibit A. Mr. Bunin, Plaintiff's economist, submitted a supplemental report relying on Dr. Dewanjee's conclusions. See Exhibit B.

3.      Admitted. See also Paragraph 2, supra.

4.     Denied.  Plaintiff's economist, Royal Bunin, MBA, relied upon Plaintiff's answer to Interrogatories, deposition testimony and tax records.  From these materials, Mr. Bunin stated that Ms. Criswell was permanently limited to working eight (8) hours per day, three (3) days per week, 24 hours per week.   See Bunin report attached hereto as part of Exhibit B.   Regarding the permanency of her condition, Mr. Bunin relied upon what Ms. Criswell was told by her physicians.  Plaintiff's answers to Interrogatories and her deposition accurately reflect Ms. Criswell's medical condition, as reported by the Plaintiff and her treating physician, Dr. Sumit Dewanjee.  Mr. Bunin also relied upon Dr. Dewanjee's supplemental medical report, which states Plaintiff's injuries are permanent and she cannot work more than 8 hours per day 3 days per week.  See Mr. Bunin's supplemental report attached hereto as part of Exhibit B.  Accordingly, there is medical basis for Mr. Bunin's opinions.

5.     Admitted as stated.

6.     Admitted as stated.

7.     Admitted as stated.

8.     Admitted as stated.

9.     Denied.   Mr. Bunin based his opinion on the accurate, detailed medical information contained in Plaintiff's Interrogatories and depositions.  Additionally, Mr. Bunin reviewed Dr. Dewanjee's medical reports, which support the opinion that Ms. Criswell has sustained a permanent disability and can only work 24 hours per week.  See Dr. Bunin's supplemental report attached hereto as Exhibit B.  See Dr. Dewanjee's supplemental report attached hereto as Exhibit A, as well as Dr. Dewanjee's office note of September 28, 2006, reading "recommended work is tolerated part time, 8 hours a day,

3 days a week." Accordingly, Dr. Dewanjee's office notes and reports indicate that Plaintiff is unable to work full time. Mr. Bunin properly relied upon Plaintiff's testimony, detailed answers to Interrogatories, tax returns and Dr. Dewanjee's medical reports in formulating his calculation. See Mr. Bunin's supplemental report attached hereto as Exhibit B.

10.    Denied. See Plaintiff's response 1-9, <u>supra</u>.

11.    Denied. See Plaintiff's response to Paragraphs 1-10, <u>supra</u>.

**WHEREFORE**, Plaintiff Kimbra Criswell respectfully requests that this Honorable Court deny Defendant's Motion in Limine to Preclude Plaintiff's Expert Economist from Presenting Expert Testimony.

Respectfully submitted,

Kats, Jamison, van der Veen & Associates

_____
Nelson Levin, Esquire
Of counsel:  Richard R. Wier, Jr., Esquire



Monday, March 26, 2007

Kats, Jamison, van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053
FAX (215) 396-8388

FX RX INC.
7301 E 3rd Ave #413
Scottsdale, AZ 85251
Fax (480) 272-7960

Mr. Nelson Levin,

This is a supplementary report on patient Kimbra Criswell whom I've assumed care for injury sustained on May 23, 2002. At this point, Ms. Criswell's main functional limitation results from chronic reflex sympathetic dystrophy (RSD) of the left lower extremity caused by trauma to the left leg and ankle. Ms. Criswell has also sustained instability of the left knee proximal tibio-fibular joint caused by trauma to the left leg and ankle. The initial trauma of being struck by the portable x-ray machine in Ms. Criswell's left ankle resulted in partial Achilles tendon rupture and Achilles tendonititis complicated by causalgia (RSD associated with a definable nerve injury) following development of peroneal nerve palsy. RSD resulted from initial soft tissue trauma and later peroneal nerve palsy that caused sustained efferent sympathetic nerve activity perpetuated in a reflex arc. RSD can manifest in various signs and symptoms including hypersensitivity to pain, perception of normal touch as pain, changes in skin color and moisture, as well as joint stiffness with osteopenia (weakness of bone).

To a reasonable degree of medical certainty, Ms. Criswell cannot work on her feet for more than 8 hours per day for 3 days per week. To a reasonable degree of medical

certainty, Ms. Criswell's injuries as described above are caused by trauma to the left leg

and ankle sustained on May 23, 2002 and are permanent.

Respectfully,

Sumit Dewanjee, MD
Orthopaedic surgery



Thursday, September 28, 2006

Criswell, Kimbra
DOB 11/02/1978

HPI:  Kimbra returns for L ankle pain after a recent injury on 9/25/2006.  Patient was at Valley Radiology working as a radiology technician when she stepped backward onto someone's foot and "rolled ankle in."  She believes she may have reaggravated her RSD because of this.  Kimbra was able to continue working, but with a limp due to pain.  Went to Banner Occupational Health Services where x-rays of the L foot and ankle were taken and interpreted as negative for fracture/dislocation of the left foot.  She was diagnosed with "left a  nkle injury/strain" and released to weight bear as tolerated in a cam walker. Kimbra continues to take Celebrex and Nortriptyline for her RSD.  The cam walker allows her to ambulate with less symptoms than without it.


PE
L ankle
Skin intact
+edema
Non TTP medially
TTP over lateral CF and PTF ligaments
Near full AROM L ankle
Minimal effusion
Sensation unchanged from previous visit
Peroneal strength 4/5 pain limited
PTT strength 4/5 pain limited


x-rays:  outside films as above


a/p:  patient with lateral ankle ligamentous sprain superimposed on underlying chronic RSD of L lower extremity.  Recommend continue WBAT in cam walker and NSAIDS/RICE when not working.  Recommend work as tolerated part-time 8 hours/day x 3 days/week.  Recommend continue PT for RSD and new lateral ankle ligamentous sprain 2x/week x 8 weeks.

Sumit Dewanjee, MD
Orthopaedic surgery

# BUNIN ASSOCIATES
## Actuarial-Economic Consultants

DAVID T. BUNIN, FSA
ROYAL A. BUNIN, MBA

THE WYNNEWOOD HOUSE, SUITE 109
300 EAST LANCASTER AVENUE
WYNNEWOOD, PA 19096

PHONE: (610) 642-4700
FAX: (610) 642-4787
E-Mail: BuninAssoc@aol.com

## ACTUARIAL-ECONOMIC REPORT

Loss of Earning Capacity and Fringe Benefits

of

## Kimbra M. Criswell

Prepared by:

Royal A. Bunin, M.B.A.

David T. Bunin, F.S.A.

Prepared for:

Nelson Levin, Esq.
**Kats Jamison**
**van der Veen & Associates**
25 Bustleton Pike
Feasterville, PA 19053

January 8, 2007

Kimbra M. Criswell

## BACKGROUND

Kimbra M. Criswell was born on November 2, 1978 and is, therefore, 28.2 years of age.

Ms. Criswell sustained permanent disabilities in a work related accident on May 23, 2002. At that time, she was functioning as a traveling x-ray technician for Aureus Medical. Answers to Interrogatories and her Deposition Testimony indicate she was paid at the rate of $25.00 per hour and was working 40 hours per week. This is equivalent to annual earnings of $52,000 per year. Ms. Criswell began her employment with Aureus in September 2000, and was unable to continue working for them following the May 23, 2002 injury. Tax records indicate she earned a total of $41,492 in 2000, and $48,208 in 2001, her last full year of employment with Aureus.

According to Answers to Interrogatories and her Deposition Testimony, Ms. Criswell's injuries include, *inter alia*, RSD, Achilles tear, IT band/knee pain, etc. She has undergone various medical interventions including physical therapy, utilization of a leg brace, and medication. Her left foot is sensitive to touch and she has difficulty with weight bearing activities. Her foot becomes and cold and purple in color 2 to 3 times per week (which is a decrease from her earlier episodes of 2 to 3 times per day). As the result of her injuries and her work restrictions which, according to her Deposition Testimony, was limited to 4 hours per day, Ms. Criswell was out of work until she obtained part-time employment as a nanny in September 2003. She worked until November 2003, when she then obtained employment as a receptionist for Floor Depot, earning $6 per hour. She remained so employed until March 2004, and was out of work until April 2005. Beginning in April 2005, Ms. Criswell began working for her current employer, Valley Radiologists, functioning as an x-ray technician. According to her Deposition Testimony, approximately 5 to 6 weeks prior to the date of the Deposition, she increased her hours from 4 hours per day, 5 days per week (20 hours per week) to 8 hours per day, 3 days per week (24 hours per week). She is earning at the rate of $23.00 per hour. This is equivalent to annual earnings of $28,704 per year, based upon working 24 hours per week. This is in contrast to her full-time employment in her former position at Aureus Medical. Ms. Criswell indicated in her Deposition Testimony that she does not have fringe benefits in her current employment, and did have fringe benefits while working at Aureus. These benefits included contributions to her 401(k) deferred compensation plan, health insurance, fully furnished and paid housing, phone, cable, vehicle allowance, etc.

-1-

Kimbra M. Criswell

## BACKGROUND
(continued)

The economic value of the lost earnings and earning capacity will be based upon Ms. Criswell's diminished capacity to work full-time. This is further substantiated by comments she made in her Deposition Testimony stating that her treating physicians indicated she will not be able to return to full-time employment in her chosen profession as an x-ray technician. Accordingly, the lost earnings and earning capacity will be based upon her diminished work capacity. In addition, calculations will be presented representing the economic value of the loss of fringe benefits that Ms. Criswell has sustained, since she does not receive benefits in her current position.

## LIFE EXPECTANCY

As indicated previously, Ms. Criswell is currently 28.2 years of age. The life expectancy as of the current date is 53.1 additional years, based upon the 2003 U.S. Life Tables, 2000 U.S. Life Tables, prepared by the U.S. Department of Health and Human Services.

Adding the life expectancy of 53.1 years to the current age of 28.2 years results in an expected life span of 81.3 years.

## WORK-LIFE EXPECTANCY

The work-life expectancy as of the current date is 38.8 years, based upon retirement at the age of 67, the age at which an individual with Ms. Criswell's date of birth would become eligible to begin receiving full Social Security retirement benefits.

Kimbra M. Criswell

## PAST LOST EARNINGS

The past lost earnings are measured from the date of injury through the current date, utilizing an appropriate measure of the lost earnings for that period.

As indicated in the Background section of this report, Ms. Criswell was working full-time, 40 hours per week, at the rate of $25 per hour at the time of her injury. At the time of the injury, Ms. Criswell was employed at Aureus Medical, earning at the rate of $25 per hour. This is equivalent to annualized earnings at the rate of $52,000 per year. Her tax returns indicate that she earned $41,492 in 2000 and $42,208 in 2001.

A conservative allowance is made for increases in the rate of earnings at the rate of 3.5% per year. This 3.5% per year represents a reasonable rate of increase based upon the gross rate and real rate of workers' earnings in the U.S. labor market for the past several years according to (1) Table B-50: *"Changes in productivity and related data, Business Sector, 1959-2004,"* as published by the U.S. Department of Labor, Bureau of Labor Statistics, and printed in the February, 2005 Economic Report to the President, and (2) Productivity & Costs, (Source: USDL 05-344, March 3, 2005), published by the U.S. Department of Labor, Bureau of Labor Statistics.

After allowing for such increases in earnings, the current projected rate of earnings for Ms. Criswell's former position as a full-time x-ray technician, would be in the amount of $60,282 per year.

Following the injury, Ms. Criswell worked as a part-time nanny for several months in 2003, and then initiated employment as a receptionist, both jobs paying at the rate of $6 per hour. She continued her job as a receptionist until March 2004. She was out of work until April 2005 when she obtained her current position as an x-ray technician with Valley Radiologists. She increased her hours approximately 6 weeks prior to her Deposition Testimony (June 1, 2006) from 20 hours per week to 24 hours per week. She indicated she was earning at the rate of $23 per hour at that time, which is equivalent to annual earnings of $28,704 per year, working 24 hours per week. After allowing for increases through the current date at the rate of 3% per year, on the basis described above, the projected rate of earnings in Ms. Criswell's current position would be $29,565 per year. Accordingly, the current annual loss of earnings and earning capacity would be $30,717 per year ($60,282 less $29,565).

Based on the above, the total past lost earnings, measured from the date of injury through the current date, would be in the amount of $212,068.

Kimbra M. Criswell

## FUTURE LOST EARNING CAPACITY

The future lost earning capacity is measured from the current date throughout the duration of the work-life expectancy period, based upon the current projected annual loss of earning capacity in the amount of $30,717 per year. As indicated previously, the current projected rate of earnings for Ms. Criswell's former position as a full-time x-ray technician would be $60,282 per year. The projected rate of earnings in her current position, working 24 hours per week, would be in the amount of $29,565 per year, thereby resulting in a loss of earning capacity of $30,717 per year.

The future lost earning capacity is calculated making appropriate allowances for future increases in earnings due to inflation and productivity. It is also necessary to reduce such earnings to present value, that is, to determine the amount of money which, when invested currently, would provide for the future lost earnings.

The calculation of the present value of the earnings which have been increased (by inflation and productivity) can be approximated by a net interest basis, in which the net interest rate is the difference between the interest rate and the sum of the inflation and productivity rates. In some situations, increases in earnings due to price and wage inflation, and productivity, would produce an offset with the appropriate after-tax, risk-free rate of interest.

The above method is appropriate even if there are future changes in rates of inflation, productivity and interest. Generally, however, the difference between the interest rate less the growth rates (productivity and inflation) tends to be constant and generally equal to approximately 2% per year except in those situations where growth and interest rates produce an offset.

On this basis, the present value of the future lost earning capacity would be in the amount of $823,551.

-4-

Kimbra M. Criswell

## LOST FRINGE BENEFITS

In addition to the lost earnings, there would also be an economic value of the lost fringe benefits.

Ms. Criswell does not receive fringe benefits in her current employment. She did receive fringe benefits in her previous employment as a full-time x-ray technician which included, among other things, furnished housing, car allowance, health coverage, 401(k) deferred compensation plan, etc.

The average value of employee fringe benefits in the U.S. labor market ranges between 20% and 30% of gross earnings, according to Table No.646: "Employer Costs for Employee Compensation Per Hour Worked: 2003", as contained in the 2003 Statistical Abstract of the United States (source: U.S. Bureau of Labor Statistics, USDL 03-297), and data contained in the National Compensation Survey, (NCS), published by the U.S. Department of Labor, Bureau of Labor Statistics. According to the statistics contained in the data cited above, health coverage would be approximately 10% of earnings. On this basis, the lost fringe benefits will be conservatively measured as 20% of the lost earnings from her full-time position with Aureus Medical.

On this basis, the past lost fringe benefits would be in the amount of $51,874.

The present value of the future lost fringe benefits, measured from the current date throughout the duration of the work-life expectancy period, and utilizing the net interest rate method, would be in the amount of $323,243.

-5-

Kimbra M. Criswell

## SUMMARY

Past Lost Earnings (net)....................... $  212,068

Present Value of
Future Lost Earnings (net)....................     823,551

Past Lost Fringe Benefits ....................      51,874

Present Value of
Future Lost Fringe Benefits ..................     323,243

TOTAL ...............................   $1,410,736

Note:  All opinions expressed in this report are held to a
reasonable degree of actuarial and economic certainty.

-6-

# BUNIN ASSOCIATES
## Actuarial-Economic Consultants

DAVID T. BUNIN, FSA

ROYAL A. BUNIN, MBA

THE WYNNEWOOD HOUSE, SUITE 109
300 EAST LANCASTER AVENUE
WYNNEWOOD, PA 19096

PHONE: (610) 642-4700

FAX: (610) 642-4787

E-Mail: BuninAssoc@aol.com

March 28, 2007

Nelson Levin, Esq.
Kats Jamison van der Veen & Associates
25 Bustleton Pike
Feasterville, PA 19053

Re: Kimbra M. Criswell

Dear Mr. Levin:

This is an addendum to our report dated January 8, 2007 on Kimbra
M. Criswell.

We have reviewed Dr. Dewanjee's reports. They substantiate the
analysis contained in our January 8, 2007 report. Specifically, in Dr.
Dewanjee's reports, he indicates that Ms. Criswell's Achilles tendon
and knee injuries are directly related to her initial injury at
Christiana Hospital. Dr. Dewanjee indicates Ms. Criswell's main
functioning limitations resulting from RSD of the left lower extremity
was caused by trauma to her left leg and ankle. Dr. Dewanjee stated to
a reasonable degree of medical certainty that Ms. Criswell cannot work
on her feet for more than 8 hours per day, 3 days per week, and her
injuries are permanent. This is equivalent to working no more than 24
hours per week, as indicated in our report.

Dr. Dewanjee's conclusions are consistent with the prior
information we reviewed. Accordingly, our conclusions remain the same.

Please let us know if you have any questions.

Sincerely,

Royal A. Bunin, MBA

David T. Bunin, FSA

RAB:DTB/nbc

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **KIMBRA CRISWELL** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 05-00321 GMS** |
| **LYDIA ADAIR MCFADDEN** | : | **JURY TRIAL DEMANDED** |
| **and** | : | |
| **CHRISTIANA CARE HEALTH** | : | |
| **SERVICES, INC.,** | : | |
| **Defendants.** | : | |

## O R D E R

Having considered Defendants Lydia Adair McFadden and Christiana Care

Health Services, Inc.'s Motion in Limine to Preclude Plaintiff's Expert Economist from

Presenting Expert Testimony and Plaintiff's response thereto, it is hereby ORDERED this

_____ day of _____, 2007, that Defendants' Motion is

DENIED.

_____
The Honorable Gregory M. Sleet

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KIMBRA CRISWELL** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 05-00321 GMS** |
| **LYDIA ADAIR MCFADDEN** | : | **JURY TRIAL DEMANDED** |
| **and** | : | |
| **CHRISTIANA CARE HEALTH** | : | |
| **SERVICES, INC.,** | : | |
| **Defendants.** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Nelson Levin, Esquire, do hereby certify that on the 29th day of March, 2007,
that two copies of Plaintiff's Reply to Defendants' Motion in Limine to Preclude
Plaintiff's Expert Economist from Presenting Expert Testimony were served via
electronic filing and delivered via e-mail upon Deborah J. Massaro, Esquire, 824 No.
Market Street, Suite 902, P.O. Box 709, Wilmington, Delaware 19899.


_____
Nelson Levin, Esquire