IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No.  05-CV-00321 GMS |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA CARE HEALTH SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF'S MEDICAL EXPERT FROM PRESENTING TESTIMONY REGARDING PLAINTIFF'S ABILITY TO WORK, FUTURE  MEDICAL EXPENSES AND POTENTIAL OPERATIVE TREATMENT**

WHITE AND WILLIAMS LLP

　　　/s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: March 30, 2007

WILDMS 142366v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-CV-00321 GMS |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) |
| CARE HEALTH SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF'S MEDICAL EXPERT FROM PRESENTING TESTIMONY REGARDING PLAINTIFF'S ABILITY TO WORK, FUTURE MEDICAL EXPENSES AND POTENTIAL OPERATIVE TREATMENT**

Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., hereby respectfully request that the Court enter the attached order precluding Plaintiff's medical expert, Sumit Dewanjee, M.D., from presenting testimony at trial regarding Plaintiff's ability to work, future medical expenses and operative treatment. In support of their motion, Defendants state the following:

1. This case is a personal injury action in which Plaintiff alleges that she sustained injuries to her left ankle, foot and knee which occurred during a work related incident on May 23, 2002 at Christiana Hospital.[1] Plaintiff seeks compensatory damages, lost wages and medical bills.

2. Despite the Scheduling Order which required that Plaintiff's expert reports be submitted by November 27, 2006, Plaintiff submitted a medical expert report[2]

---

[1] Pending before the Court is Defendants' Motion for Summary Judgment based on the workers' compensation exclusivity bar. See Dkt. No. 35.

[2] A97-99 (Expert report of Sumit Dewanjee, M.D. dated January 19, 2007).

1

prepared by her treating orthopaedic surgeon, Dr. Sumit Dewanjee on January 19, 2007.[3]

Dr. Dewanjee's discovery deposition is scheduled for March 29, 2007.[4]

      3.    Plaintiff should not be permitted to submit the opinions of her medical expert pertaining to future medical expenses and potential operative treatment because his opinions are non-specific and not given to a reasonable degree of medical probability.

      4.    Moreover, Plaintiff should not be permitted to present testimony that she is unable to work full-time, as Dr. Dewanjee does not present any opinion regarding this issue in his report dated January 19, 2007.

      5.    Federal Rule of Civil Procedure 26(a)(2)(B)(C), states in pertinent part follows:

> (B)Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain <u>a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions;</u> any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C)These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

---

[3] Defendants filed a Motion to Preclude Plaintiff from Presenting Expert Testimony on January 9, 2007.  See Dkt. No. 47.  This was withdrawn in exchange for examination of the Plaintiff. See Dkt. No. 55.

[4] Defense counsel requested dates for Dr. Dewanjee's deposition beginning January 24, 2007, both verbally and in writing, however, the first time dates were provided to Defendants were in early March.

[emphasis added]

6. Expert testimony is admissible if the expert's scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence.[5] D.R.E. 702 "imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . Is not only relevant, but reliable.'"[6] the court's gatekeeping function extends to the reliability of both the methodology employed and the ultimate conclusion.[7] Expert testimony must be based on the methods and procedures of science, rather than subjective belief or speculation.[8]

7. Expert opinions cannot be based upon speculation or conjecture.[9] An expert's testimony that something is "possible" is the equivalent of no evidence at all.[10] An expert's conclusions must based upon a reasonable a certainty that a fact is true or untrue."[11]

8. In his report Dr. Dewanjee states that Plaintiff's symptoms are controlled with physical therapy and medication, but he does not indicate how long this treatment will be necessary, nor does he provide a specific figure for future medical expenses.[12]

---

[5] D.R.E. 702; *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 521 (Del. 1999).

[6] *M.G. Bancorporation*, 737 A.2d at 521 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). Factors which a judge may consider in exercising his gatekeeping function include: testing, peer review, error rates, and "acceptability" in the relevant scientific community. *M.G. Bancorporation*, 737 A.2d at 521-22 (citing *Kumho Tire Co., Ltd. v. Carmichael*, 119 S.Ct. 1167, 1171 (1999)).

[7] *See M.G. Bancorporation*, 737 A.2d at 522 (indicating that an appeals court looks for an abuse of discretion with respect to both the reliability of the expert's methodology and the reliability of the expert's ultimate conclusion).

[8] *In re TMI Litigation*, 193 F.3d 613, 669 (3d Cir. 1999), amended by 199 F.3d 158 (3d Cir. 2000).

[9] *Oxendine v. State of Delaware*, 528 A.2d 870, 873 (Del. 1987).

[10] *Id*.

[11] *Id*.

[12] A99 (Expert report of Sumit Dewanjee, M.D. dated January 19, 2007).

Thus, without expert testimony on this issue, Plaintiff must be precluded from presenting testimony regarding future medical expenses.

9. Further, Dr. Dewanjee should not be permitted to testify regarding potential operative treatment because his opinion regarding the treatment is not offered within a reasonable degree of medical probability. Dr. Dewanjee states that, "[in] the future Ms. Criswell <u>may benefit</u> from operative treatment of her left knee proximal tibio-fibular subluxation or operative treatment of her Achilles tendonitis with synovectomy."[13] He does not recommend surgery, but only states that the Plaintiff may benefit from these procedures. This possibility is not enough to show that the surgeries are necessary within a reasonable degree of medical probability.

10. Finally, Plaintiff has submitted the expert report of an economist, Royal A. Bunin, MBA, which is the subject of a consecutively filed motion in *limine*. Bunin's report is based on the premise that Plaintiff cannot work full-time through the age of retirement. He bases his opinion solely on Plaintiff's deposition and interrogatory responses, not any medical report. Moreover, Dr. Dewanjee's report, which was submitted after Bunin's report, does not state that Plaintiff may not work full-time. Dr. Dewanjee does not discuss Plaintiff's ability to work, full-time or part-time, in his initial expert trial report, and is therefore precluded from presenting testimony regarding such at trial.

11. To the extent that Plaintiff argues that Dr. Dewanjee's opinion will be changed or clarified at his deposition, this argument must fail. Dr. Dewanjee's opinion must be limited to what was stated in his report.[14] As noted in the case law of this jurisdiction,

---

[13] A99 (Expert report of Sumit Dewanjee, M.D. dated January 19, 2007). [emphasis added].

[14] *See Mellin v. Pfeifer*, 1986 WL 15424 (Del. Super. Ct.) (Exh. 1) (denying Plaintiff's motion for reargument of the Court's order limiting the testimony of Plaintiff's medical expert to the opinions set forth in his prior written report); *Bach v. Dicenzo*, 2005 WL 1245641 *4-5 (Ohio

the testimony of expert witnesses is limited to the information contained in their expert reports.[15]

**WHEREFORE**, for the reasons stated herein, Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., respectfully request that this Honorable Court enter an order precluding Plaintiff's medical expert from presenting testimony at trial regarding Plaintiff's ability to work; her future medical expenses and her potential operative treatment.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

   /s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date:  March 30, 2007

---

App. 8 Dist.) (Exh. 2) (affirming the trial court's order limiting expert testimony to the contents of reports submitted).

[15] *See Moore No. Amer., Inc. v. Poser Business Forms, Inc.,* 2001 WL 253117 at *7 (D.Del. Mar. 8, 2001)(Exh. 3) (where the court eliminated the defense of enablement and granted plaintiff's motion for summary judgment because defendant's expert reports/statements contained nothing on that issue); *Arthrocare Corp. v. Smith & Nephew, Inc.,* 2003 WL 1905636, at *1 (D.Del. April 14, 2003) (Exh. 4) (where the court excluded certain expert *testimony* of plaintiff because "experts are limited by their reports").

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-CV-00321 GMS |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) |
| CARE HEALTH SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I, Deborah J. Massaro, Esquire, do hereby certify that on this 30th day of March, 2007, two copies of **DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF'S MEDICAL EXPERT FROM PRESENTING TESTIMONY REGARDING PLAINTIFF'S ABILITY TO WORK, FUTURE MEDICAL EXPENSES AND POTENTIAL OPERATIVE TREATMENT** were served via electronic filing and delivered U.S. First Class Mail, postage prepaid upon the following:

Richard R. Wier, Jr., Esquire  
Law Offices of Richard R. Wier, Jr., P.A.  
Two Mill Road  
Suite 200  
Wilmington, DE   19806  

Nelson Levin, Esquire  
Kats, Jamison, Van Der Veen & Associates  
25 Bustleton Pike  
Feasterville, PA   17044  

**WHITE AND WILLIAMS LLP**

   /s/  Deborah J. Massaro          
JOHN D. BALAGUER (#2537)  
DEBORAH J. MASSARO (#4280)  
824 N. Market Street, Suite 902  
P.O. Box 709  
Wilmington, DE 19899-0709  
302-467-4526  
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

WILDMS 142366v.1