# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.  05-CV-00321 GMS |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) |
| CARE HEALTH SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
|           Defendants. | ) |

## DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM PRESENTING WORKERS' COMPENSATION LIEN NOT IN EVIDENCE

**WHITE AND WILLIAMS LLP**

      /s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: March 30, 2007

WILDMS 142461v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KIMBRA CRISWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-CV-00321 GMS |
| v. ) | |
| ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA ) | JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM PRESENTING WORKERS' COMPENSATION LIEN NOT IN EVIDENCE**

Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., hereby respectfully request that the Court enter the attached order precluding Plaintiff from presenting an alleged $220,252.47 Workers' Compensation lien not previously presented in evidence. In support of their motion, Defendants state the following:

1. This case is a personal injury action in which Plaintiff alleges that she sustained injuries to her left ankle, foot and knee which occurred during a work related incident on May 23, 2002 at Christiana Hospital.[1] Plaintiff seeks compensatory damages, lost wages and medical bills.

2. Through the course of Discovery, Plaintiff provided medical records and bills to Defendants. These records reflect total past medical bills in the amount of $25,593.50, and all have been paid by Plaintiff's workers' compensation carrier.

3. Through the course of Discovery, Plaintiff did not produce a workers' compensation lien. Now, on the eve of trial, Plaintiff states, without having produced

---

[1] Pending before the Court is Defendants' Motion for Summary Judgment based on the workers' compensation exclusivity bar. See Dkt. No. 35.

1

any evidence, that there is a $220,252.47 Workers' Compensation lien: $151,394.18 in indemnity and $68,858 in past medical bills.[2]

4. Pursuant to the Court's Trial Scheduling Order the Discovery Cut-Off date was October 11, 2006.

5. As indicated above and in a motion in *limine* simultaneously filed by Defendants, the only past medical bills in evidence total $25,593.50.

6. Plaintiff's description of the $151,394.18 as an indemnity claim is not totally clear, but it seems to certainly refer to Plaintiff's past wage loss claim, as she has been receiving $1,876 monthly from her workers' compensation carrier. She also alleges a past wage loss claim of $212,068 and a past benefits lost claim of $51,874 through her economic expert.

7. This double dipping should not be permitted by the Court. Plaintiff is attempting to bring her past wage loss claim into evidence in two different directions. Most importantly, she has never produced the workers' compensation lien.

8. Plaintiff's last minute strategy of alleging that there is a $220,252.47 workers' compensation lien, well after the discovery deadline, on the eve of trial, which was not previously introduced into evidence, nor has it been produced to date, makes it impossible for Defendants to prepare their defense since they have not even seen the documents Plaintiff indicates that she intends to rely upon at trial.

9. Pursuant to Federal Rule of Evidence 403, the Court may exclude evidence, even relevant evidence, if its probative value is substantially outweighed by the danger of unfair prejudice to the opposing party. With respect to the admissibility of

---

[2] Clearly the figures do not add up exactly, but this is how Plaintiff presented the figures in the Pretrial Order.

2

WILDMS 142461v.1

evidence under Rule 403, "a trial judge is given broad discretion in weighing the probative value of evidence against its potential prejudicial effect."[3]

10.    Thus, plaintiff should not be permitted to present the workers' compensation lien at trial since it is not in evidence.

**WHEREFORE**, Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., respectfully request that this Honorable Court enter an order precluding Plaintiff from presenting the alleged Workers' Compensation lien in the amount of $220,252.47.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

    /s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: March 30, 2007

---

[3] *U.S. v. Guerrero,* 803 F.2d 783, 785 (3d Cir.1986).

3

WILDMS 142461v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.  05-CV-00321 GMS |
| v. | ) |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA CARE HEALTH SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I, Deborah J. Massaro, Esquire, do hereby certify that on this 30th day of March, 2007,  two copies of **DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM PRESENTING WORKERS' COMPENSATION LIEN NOT IN EVIDENCE** were served via electronic filing and delivered U.S. First Class Mail, postage prepaid upon the following:

Richard R. Wier, Jr., Esquire
Law Offices of Richard R. Wier, Jr., P.A.
Two Mill Road
Suite 200
Wilmington, DE   19806

Nelson Levin, Esquire
Kats, Jamison, Van Der Veen &
   Associates
25 Bustleton Pike
Feasterville, PA   17044

**WHITE AND WILLIAMS LLP**

  /s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

WILDMS 142461v.1