## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-CV-00321 GMS |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) |
| CARE HEALTH SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM PRESENTING SUPPLEMENTAL REPORT OF MEDICAL EXPERT INTO EVIDENCE OR RELYING UPON IT AT TRIAL

**WHITE AND WILLIAMS LLP**

/s/ Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: March 30, 2007

WILDMS 142563v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-CV-00321 GMS |
| ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA ) | JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM PRESENTING SUPPLEMENTAL REPORT OF MEDICAL EXPERT INTO EVIDENCE OR RELYING UPON IT AT TRIAL**

Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., hereby respectfully request that the Court enter the attached order precluding Plaintiff from presenting her medical expert, Sumit Dewanjee, M.D.'s, supplemental report dated March 26, 2007 into evidence or referring to it at trial. In support of their motion, Defendants state the following:

1. This case is a personal injury action in which Plaintiff alleges that she sustained injuries to her left ankle, foot and knee which occurred during a work related incident on May 23, 2002 at Christiana Hospital.[1] Plaintiff seeks compensatory damages, lost wages and medical bills.

2. Despite the Scheduling Order which required that Plaintiff's expert reports be submitted by November 27, 2006, Plaintiff submitted a medical expert report[2]

---

[1] Pending before the Court is Defendants' Motion for Summary Judgment based on the workers' compensation exclusivity bar. See Dkt. No. 35.

[2] A97-99 (Expert report of Sumit Dewanjee, M.D. dated January 19, 2007).

1

prepared by her treating orthopaedic surgeon, Dr. Sumit Dewanjee on January 19, 2007.[3] Immediately following submission of this report, Defense counsel requested Dr. Dewanjee's discovery deposition. Despite verbal and written requests, his deposition was not scheduled until March 29, 2007.[4]

      3.      On March 16, 2007, counsel attended a teleconference with the Honorable Gregory M. Sleet, at which time, at Your Honor's request, Defense counsel revealed the subject matter of their proposed Motions in *Limine*.[5]

      4.      On March 27, 2007, two days before Dr. Dewanjee's discovery deposition and after Defense counsel had disclosed their proposed Motions in *Limine,* Plaintiff submitted a supplemental report prepared by Dr. Dewanjee addressing the issues brought up by Defense counsel at the teleconference, and changing his opinion of the theory of injury.[6]

---

[3] Defendants filed a Motion to Preclude Plaintiff from Presenting Expert Testimony on January 9, 2007. See Dkt. No. 47. This was withdrawn in exchange for examination of the Plaintiff. See Dkt. No. 55.

[4] See A113-A115 (Letters from Defense counsel to Plaintiff's counsel dated February 20 and 27, 2007).

[5] This included reference to a motion which precludes Plaintiff's expert from testifying regarding Plaintiff's ability to work or her future medical expenses because these topics were not addressed in Plaintiff's initial Rule 26 disclosure.

[6] A116-A117 (Supplemental report of Sumit Dewanjee, M.D. dated March 26, 2007).

5.    Plaintiff should not be permitted to submit these supplemental opinions of her medical expert, less than one month before trial, because Plaintiff was late in her initial expert disclosure, and Plaintiff's late submission has had the domino effect of delaying all deadlines in this case and thus her actions should not be rewarded by this Court. Furthermore, Plaintiff has had the medical records in her possession before the expert deadlines were established. This report changes the theory of plaintiff's claim but does not state why, and does not state any basis for his change in opinion.

6.    Moreover, Plaintiff should not be permitted to present testimony that she has a permanent condition or is unable to work full-time, as Dr. Dewanjee does not present any opinion regarding these issues in his initial report dated January 19, 2007.

7.    Federal Rule of Civil Procedure 26(a)(2)(B)(C), states in pertinent part follows:

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain <u>a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions;</u> any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C) <u>These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).</u> [emphasis added]

3

8. Expert testimony is admissible if the expert's scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence.[7] D.R.E. 702 "imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . Is not only relevant, but reliable.'"[8] the court's gatekeeping function extends to the reliability of both the methodology employed and the ultimate conclusion.[9]

9. This Court, in *Praxair v. ATMI, Inc.*, granted a motion to strike defendant's supplemental expert report, filed on the morning of the expert's discovery deposition.[10] The Court pointed out that the scheduling order at bar did not allow for supplemental reports and that the supplemental report contained new theories not contained in the original report.[11]

10. In the same way, the scheduling order in the present case does not allow for supplemental reports and Plaintiff's supplemental report contains new theories of injury.

11. To the extent that Plaintiff argues that Dr. Dewanjee's opinion will be changed or clarified at his deposition, this argument must fail. Dr. Dewanjee's opinion must be limited to what was stated in his report.[12] As noted in the case law of this jurisdiction,

---

[7] D.R.E. 702; *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 521 (Del. 1999).

[8] *M.G. Bancorporation*, 737 A.2d at 521 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). Factors which a judge may consider in exercising his gatekeeping function include: testing, peer review, error rates, and "acceptability" in the relevant scientific community. *M.G. Bancorporation*, 737 A.2d at 521-22 (citing *Kumho Tire Co., Ltd. v. Carmichael*, 119 S.Ct. 1167, 1171 (1999)).

[9] *See M.G. Bancorporation*, 737 A.2d at 522 (indicating that an appeals court looks for an abuse of discretion with respect to both the reliability of the expert's methodology and the reliability of the expert's ultimate conclusion).

[10] 445 F. Supp. 2d 460, 470 (D.Del. 2006).

[11] *Id.*

[12] *See Mellin v. Pfeifer*, 1986 WL 15424 (Del. Super. Ct.) (Exh. 1) (denying Plaintiff's motion for reargument of the Court's order limiting the testimony of Plaintiff's medical expert to the opinions set forth in his prior written report); *Bach v. Dicenzo*, 2005 WL 1245641 *4-5 (Ohio App. 8 Dist.) (Exh. 2) (affirming the trial court's order limiting expert testimony to the contents of reports submitted).

the testimony of expert witnesses is limited to the information contained in their expert reports.[13]

**WHEREFORE**, for the reasons stated herein, Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., respectfully request that this Honorable Court enter an order precluding Plaintiff's medical expert from presenting testimony at trial regarding issues in his supplemental report dated March 26, 2007, which include Plaintiff's ability to work, permanency of her condition and a new theory of injury.

          Respectfully submitted,

          **WHITE AND WILLIAMS LLP**

          /s/ Deborah J. Massaro
          JOHN D. BALAGUER (#2537)
          DEBORAH J. MASSARO (#4280)
          824 N. Market Street, Suite 902
          Wilmington, DE 19899-0709
          302-467-4526
          *Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: March 30, 2007

---

[13] *See Moore No. Amer., Inc. v. Poser Business Forms, Inc.,* 2001 WL 253117 at *7 (D.Del. Mar. 8, 2001)(Exh. 3) (where the court eliminated the defense of enablement and granted plaintiff's motion for summary judgment because defendant's expert reports/statements contained nothing on that issue); *Arthrocare Corp. v. Smith & Nephew, Inc.,* 2003 WL 1905636, at *1 (D.Del. April 14, 2003) (Exh. 4) (where the court excluded certain expert *testimony* of plaintiff because "experts are limited by their reports").

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-CV-00321 GMS |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I, Deborah J. Massaro, Esquire, do hereby certify that on this 30th day of March, 2007, two copies of **DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM PRESENTING SUPPLEMENTAL REPORT OF MEDICAL EXPERT INTO EVIDENCE OR RELYING UPON IT AT TRIAL** were served via electronic filing and delivered U.S. First Class Mail, postage prepaid upon the following:

Richard R. Wier, Jr., Esquire
Law Offices of Richard R. Wier, Jr., P.A.
Two Mill Road
Suite 200
Wilmington, DE  19806

Nelson Levin, Esquire
Kats, Jamison, Van Der Veen &
    Associates
25 Bustleton Pike
Feasterville, PA  17044

**WHITE AND WILLIAMS LLP**

  /s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

WILDMS 142563v.1