IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-CV-00321 GMS |
| | ) |
| LYDIA ADAIR MCFADDEN and CHRISTIANA | ) |
| CARE HEALTH SERVICES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN *LIMINE*
TO PRECLUDE PLAINTIFF FROM PRESENTING SUPPLEMENTAL REPORT
OF MEDICAL EXPERT INTO EVIDENCE OR RELYING UPON IT AT TRIAL**

**WHITE AND WILLIAMS LLP**

       /s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: March 30, 2007

WILDMS 142691v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-CV-00321 GMS |
| v. ) | |
| ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA ) | JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN *LIMINE*
TO PRECLUDE PLAINTIFF FROM PRESENTING SUPPLEMENTAL REPORT
OF MEDICAL EXPERT INTO EVIDENCE OR RELYING UPON IT AT TRIAL**

Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., rely upon and hereby incorporate by reference their opening brief respectfully requesting that this Court preclude Plaintiff from presenting her medical expert, Sumit Dewanjee, M.D.'s, supplemental report dated March 26, 2007 into evidence or referring to it at trial. In further support of their motion, Defendants state the following:

1. Plaintiff's supplemental report submitted March 27, 2007, dated March 26, 2007, focuses on Reflex Sympathetic Dystrophy as Plaintiff's main functional limitation, while Plaintiff's initial disclosure attributes Achilles and knee injuries to the work related incident at Christiana Hospital.[1] Plaintiff's supplemental report also adds the assertions that Plaintiff cannot work on her feet for more than eight hours per day for three days a week, and that her injuries are permanent.[2]

---

[1] *See* A97-99 (Expert report of Sumit Dewanjee, M.D. dated January 19, 2007); A116-A117 (Supplemental report of Sumit Dewanjee, M.D. dated March 26, 2007) attached to Opening Brief.

[2] *See* A116-A117 (Supplemental report of Sumit Dewanjee, M.D. dated March 26, 2007) attached to Opening Brief.

1

WILDMS 142691v.1

2. By Plaintiff's own admission, her expert's opinion relies on medical records that were in his possession at the time of the initial report, and therefore should have been included as a *complete* disclosure within the expert deadline and were not.

3. More importantly, the purpose of supplementation of disclosures described in Federal Rule of Civil Procedure 26(e)(1) is not so that Plaintiff can hone her theory or present information that should have been included in her initial disclosure, but rather to prevent a party from being unfairly surprised by the presentation of new evidence at trial.[3] Failure to comply with the disclosures required by Rule 26 may result in the exclusion of evidence pursuant to Rule 37, which provides that unless the failure to disclose is harmless, a party who fails to disclose without substantial justification is not permitted to use the undisclosed evidence at trial. Plaintiff's supplemental disclosure should be excluded under Rule 37, due to the tardiness of disclosure with no substantial justification, and because Defendants are prejudiced by the late disclosure of the report. Defendants rebuttal report is due April 5, 2007, and there is not time to properly respond to the assertions in Plaintiff's supplemental report.

4. Next, Plaintiff's claim that Defendants' reliance on *Praxair, Inc. v. ATMI, Inc.* is misplaced is simply wrong.[4] Plaintiff is correct that the supplemental report in *Praxair* robbed the opposing party of conducting rebuttal discovery, but he is incorrect in stating that it does not apply to the instant case. Importantly, the *Praxair* Court found that the burden should not be shifted to the objecting party to have to study and analyze the supplemental expert report overnight to redeem the opposing party's flawed discovery strategies.[5]

---

[3] *Astrazeneca AB v. Mutual Pharmaceutical Co.*, 278 F.Supp.2d 491, 510 (E.D.Pa.2003).
[4] 445 F. Supp. 2d 460 (D.Del. 2006).
[5] *Id*. at 470-471.

2

5. In the instant case, Defendants have a supplemental report from Plaintiff, less than a month before trial, which alters Plaintiff's theory of the case, thus warranting preclusion. Just as in *Praxair*, Defendants in this case are prejudiced by this last minute supplemental disclosure, especially given that Plaintiff had the information and simply did not reveal Dr. Dewanjee's entire opinion until now, and Plaintiff's own delay in submitting his initial expert reports has caused the set back in Defendants' rebuttal reports. Defendants have been waiting for a <u>complete</u> Rule 26 disclosure from Plaintiff since her deadline of November 27, 2006. Plaintiff should not be permitted to supplement an already late submission with another late submission, less than a month before trial.

**WHEREFORE**, for the reasons stated herein, Defendants, Lydia Adair McFadden and Christiana Care Health Services, Inc., respectfully request that this Honorable Court enter an order precluding Plaintiff's medical expert from presenting testimony at trial regarding issues in his supplemental report dated March 26, 2007, which include Plaintiff's ability to work, permanency of her condition and a new theory of injury.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

   /s/ Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

Date: March 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBRA CRISWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.  05-CV-00321 GMS |
| v. ) | |
| ) | |
| LYDIA ADAIR MCFADDEN and CHRISTIANA ) | JURY TRIAL DEMANDED |
| CARE HEALTH SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, Deborah J. Massaro, Esquire, do hereby certify that on this 30th day of March, 2007, two copies of **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM PRESENTING SUPPLEMENTAL REPORT OF MEDICAL EXPERT INTO EVIDENCE OR RELYING UPON IT AT TRIAL** were served via electronic filing and delivered U.S. First Class Mail, postage prepaid upon the following:

Richard R. Wier, Jr., Esquire
Law Offices of Richard R. Wier, Jr., P.A.
Two Mill Road
Suite 200
Wilmington, DE   19806

Nelson Levin, Esquire
Kats, Jamison, Van Der Veen &
  Associates
25 Bustleton Pike
Feasterville, PA   17044

**WHITE AND WILLIAMS LLP**

  /s/  Deborah J. Massaro
JOHN D. BALAGUER (#2537)
DEBORAH J. MASSARO (#4280)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4526
*Attorneys for defendants Lydia A. McFadden and Christiana Care Health Services, Inc.*

WILDMS 142691v.1